## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PAULA WALLRICH, DANIELLE JONES, GRANT GRINNELL, JEFFREY BURTON, RHONDA MCCALLUM, PROVIDENCIA VILLEGAS, AND 49,980 OTHER INDIVIDUALS**[1], <br><br> *Petitioners,* <br><br> *v.* <br><br> **SAMSUNG ELECTRONICS AMERICA, INC.**; and **SAMSUNG ELECTRONICS CO., LTD.** (d/b/a Samsung Electronics America, Inc.), <br><br> *Respondent.* | **VERIFIED PETITION TO COMPEL ARBITRATION** <br><br> Civil Action No. 1:22-cv-05506 |

Petitioners file this Verified Petition for an Order compelling Respondents to arbitration as follows:

## NATURE OF THE PETITION

1.      Petitioners are 49,986 Samsung Galaxy device users who are attempting to arbitrate individual claims against Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (d/b/a Samsung Electronics America, Inc.") (collectively "Samsung" or "Respondent") for generating, collecting, and storing their biometric data in violation of Illinois' Biometric Information Privacy Act ("BIPA") (*hereinafter* "Petitioners").

2.      By opening the product packaging or using the product (even if not the purchaser), every user of a Samsung Galaxy device agreed to Samsung's In-box Terms and Conditions, Samsung's End User License Agreement, Samsung's online Terms & Conditions, and an additional Terms and Conditions agreement with Samsung Electronics & Co., LTD (the parent

---

[1] Annexed hereto as Exhibit A is a true and correct copy of the 49,980 Individual Petitioners.

company) when creating a user account. Each of these agreements contain a binding legal agreement requiring mandatory individual arbitration and a class action waiver ("Mutual Arbitration Provision"). Annexed hereto as Exhibit B is a true and correct copy of the in-box Terms & Conditions provided by Samsung in *G.T., by and through next friend LILIANA T. HANLON, et al. v. Samsung Electronics America, Inc.,* No. 21-cv-04976 (N.D.Ill. Oct. 29, 2021), ECF No. 17. Annexed hereto as Exhibit C is a true and correct copy of the EULA provided by Samsung in *G.T.* Annexed hereto as Exhibit D is a true and correct copy of the Terms and Conditions users agree to with Samsung Electronics Co., LTD. Annexed hereto as Exhibit E is a true and correct copy of the Terms and Conditions containing the arbitration provision that currently appears on Samsung's website.

3.      The Mutual Arbitration Provision requires that the parties arbitrate all disputes between the user and Samsung. The provision also requires that arbitration be administered by the American Arbitration Association ("AAA") under AAA's Commercial Arbitration Rules applicable to consumer disputes ("Consumer Rules"). Those Rules, in turn, authorize AAA to require that each party pay filing fees before AAA will empanel an arbitrator and proceed with the parties' arbitration. Samsung's arbitration provision expressly requires that Samsung pay a portion of the fees and costs necessary to commence arbitration. Annexed hereto as Exhibit F is a true and correct copy of AAA's Consumer Rules, which includes the Multiple Case Filing Fee Schedule.

4.      Starting on March 21, 2022, prior to commencing arbitrations, counsel for Petitioners sent notice letters to Samsung notifying Samsung of individual Illinois users who intended to pursue claims against it for violating BIPA. To date, Counsel for Petitioners has noticed Samsung of 70,470 such users. Annexed hereto as Exhibit G is a true and correct copy of one of the notice letters Petitioners sent to Samsung.

5.      On April 18, 2022, Samsung's in-house counsel contacted Petitioners' counsel and thereafter entered into a tolling agreement to preserve Petitioners' claims while Samsung investigated the allegations against it.

6.      On May 18, 2022, Samsung's outside counsel at O'Melveny & Meyers contacted Petitioners' counsel to convey that it had been retained by Samsung to represent it with respect to Petitioners' claims.

7.      In mid-June, the parties agreed to go to mediation and thereafter engaged in a mediation on August 30, 2022, before the Hon. James F. Holderman (Ret.) of JAMS.  The mediation was unsuccessful.

8.      Following the mediation, counsel for Petitioners indicated it would file 50,000 individual arbitration cases before AAA the following week.

9.      Samsung's counsel responded by sending a letter denying that it violates BIPA and attaching a Staff Engineer's Affidavit purporting to detail how certain features of Samsung's products work.  Annexed hereto as Exhibit H is a true and correct copy of the letter and accompanying Staff Engineer Affidavit.

10.      Counsel for Petitioners responded in writing pointing out that (1) the Staff Engineer's Affidavit actually admits that Samsung collects biometric information; (2) Samsung's letter ignores several other ways that Samsung collects biometric information (as set out in the notice letters); and (3) Samsung misstated the facts and overlooked the applicable case law. Annexed hereto as Exhibit I is a true and correct copy of the letter Petitioners' counsel sent to Samsung's counsel.

11.      On September 7, 2022, the 49,986 Petitioners filed their individual claims before AAA.  Annexed hereto as Exhibit J is a representative sample of the demand.

12. On September 16, 2022, AAA confirmed that Petitioners' demands had met the requirements under AAA's Consumer Rules to proceed with arbitration and scheduled an administrative call to discuss logistics. Annexed hereto as Exhibit K is the confirmation email from AAA.

13. On September 27, 2022, AAA issued an invoice to Petitioners' counsel for all the individual arbitrations in the total amount of $2,525,000.00. On that same date, Petitioners' counsel paid AAA on behalf of the Petitioners the full amount of the invoice by wire transfer. Annexed hereto as Exhibit L is a true and correct copy of AAA's invoice. Annexed hereto as Exhibit M is a true and correct copy of the payment confirmation email sent to AAA.

14. Thereafter, later on September 27, 2022, counsel for Samsung advised AAA that it would not pay its Business Filing Fees in connection with the Petitioners 49,986 filed demands,[2] although it claimed to be "committed to its consumer arbitration program" and to "value[] the role that the AAA plays in ensuring the fair adjudication of legitimate disputes between parties." Samsung conveyed that the only way it would participate in the arbitrations is if the individual consumers paid Samsung's share of the filing fees. Annexed hereto as Exhibit N is a true and correct copy of Samsung's letter.

15. On September 28, 2022, Petitioners' counsel responded to Samsung's letter to the AAA declining to pay Samsung's share of the filing fees. Annexed hereto as Exhibit O is a true and correct copy of Petitioners' letter responding to Samsung's letter to the AAA.

16. On September 29, 2022, upon receipt of the above letters, AAA sent an email cancelling the administrative conference call to discuss logistics for moving the arbitrations

---

[2] Samsung told the AAA it would pay the filing fee for the fourteen Illinois users who are now living in California. Samsung cited CA Code of Civil Procedure §§ 1281 *et seq.* which provides for sanctions if Samsung did not pay its fees.

forward. Annexed hereto as Exhibit P is a true and correct copy of AAA's email cancelling the call.

17. Samsung's refusal to honor its contract and pay its share of the filing fees deprived Petitioners the ability to proceed with their arbitrations under the very terms that Samsung itself selected and imposed.

18. Federal courts have rejected similar attempts to evade arbitral fees and seek to resolve arbitral fee disputes in court instead of in arbitration. *See, e.g.*, *Adams v. Postmates, Inc.*, 414 F. Supp. 3d 1246 (N.D. Cal. 2019), *aff'd*, 823 F. App'x 535 (9th Cir. 2020).

19. This Court should put an end to Samsung's gamesmanship. As Judge Alsup aptly noted in a similar and instructive case, "The irony, in this case, is that the [customers] wish to enforce the very [restrictive arbitration] provisions forced on them by seeking, even if by the thousands, individual arbitrations, the remnant of procedural rights left to them. [But Samsung], faced with having to actually honor its side of the bargain, now blanches at the cost of the filing fees it agreed to pay in the arbitration clause …. This hypocrisy [should] not be blessed[.]" *Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062, 1067-68 (N.D. Cal. 2020).

20. Petitioners have filed this Petition to require Samsung to abide by the arbitration agreement it drafted.

## PARTIES

21. Petitioners are Samsung Galaxy device users who have had their biometric data surreptitiously collected in violation of Illinois' Biometric Information Privacy Act. Details for each Petitioner are listed in Exhibit A.

22. Respondent Samsung Electronics America, Inc., the designer, manufacturer, and vendor of Samsung smartphones, tablets, and apps, is a corporation existing under the law of the

5

State of New York and is headquartered at 85 Challenger Rd., Ridgefield Park, New Jersey 07660. Defendant Samsung regularly conducts business in this District and throughout the United States. Samsung Electronics America, Inc. is a wholly owned subsidiary of Samsung Electronics Co., Ltd.

23.     Samsung Electronics Co., Ltd. (f/k/a Samsung Electronic Industries), a South Korean multinational electronics corporation headquartered in the Yeongtong District of Suwon, was incorporated under the laws of the Republic of Korea in 1969 and lists its shares on the Korea Stock Exchange.  Samsung Electronics Co., Ltd. is the parent company to Samsung Electronics America, Inc.

## JURISDICTION AND VENUE

24.     This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331 and 1367 because the underlying controversy involves claims arising under federal law.

25.     This Court has personal jurisdiction over Defendants because each of them regularly conducts business in Illinois and a substantial part of the harm, events, and conduct giving rise to Petitioners' claims occurred in Illinois.

26.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because many of the Petitioners live in this District and the arbitrations were venued to take place in this District.

## BACKGROUND

27.     Samsung has nearly a 30% market share of the smartphone market in the United States, and a 17.6% market share of the tablet market. Since 2009, Samsung has sold over 2 billion "Samsung Galaxy" (formerly stylized as "Samsung GALAXY") smartphone devices and more than 50 million "Galaxy Tab" devices (collectively "Samsung Devices") within the last two years. The Samsung Galaxy product line includes the popular Galaxy S, Galaxy Note, Galaxy Z, Galaxy

A (Alpha), and Galaxy M (Millennial) series. Samsung is the designer, manufacturer, and vendor of Samsung smartphones, tablets, and apps.

28.     Petitioners are purchasers of Samsung's Devices who have taken photographs of themselves using their Samsung Device, including photographs of their faces and other physical attributes, while residing in the State of Illinois and, as a result, had their biometric data surreptitiously collected in violation of Illinois law.

29.     Samsung entered into an agreement with each Petitioner requiring that Samsung and the Petitioner individually arbitrate any claim arising from the performance of the product, including a claim that Samsung's technology surreptitiously generates and collects Petitioners' biometric data in violation of Illinois law. See, e.g., Exs. B-E (Mutual Arbitration Agreement). The agreement further requires that the arbitration be administered by AAA under the Consumer Rules. *Id.*

30.     Under the AAA Consumer Rules, "[w]hen parties have provided for the AAA's rules or AAA administration as part of their consumer agreement, they shall be deemed to have agreed that the application of the AAA's rules and AAA administration of the consumer arbitration shall be an essential term of their consumer agreement." Ex. F, Rule 1.

31.     Where no arbitrator is yet available, or where a rule does not involve the "arbitrator's powers and duties," Consumer Rule 53 states that the rules "shall be interpreted and applied by the AAA." *Id.*

32.     Consumer Rule 6 further authorizes AAA to "require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee[.]" *Id.*

33.     The Consumer Rules also state that AAA's Multiple Consumer Case Filing Fee Schedule applies where, as here, twenty-five (25) or more similar claims for arbitration are filed against the same party and counsel for the parties is consistent across all cases.   AAA Administrative Fees at 35.   And the Multiple Consumer Case Filing Fee states that "[t]he business's share of the filing fees is due as soon as the AAA confirms in writing that the individual filing meets the filing requirements, even if the matter is settled or withdrawn." *Id.* at 34.

34.     On August 26, 2019, in accordance with Samsung's terms of service, counsel for Petitioners served an individual demand for arbitration on Samsung and AAA on behalf of each Petitioner.  *See* Ex. J.  Each Petitioner promptly satisfied his or her filing-fee obligation.  *See* Ex. M.

35.     Before AAA could invoice Samsung, Samsung abruptly told AAA that it would "not be paying the Business Filing Fees in connection with the Demands." *See* Ex. N.

36.     This is directly opposite of Samsung's prior actions.  When class actions have been filed in federal court, Samsung has enforced its broad arbitration agreement to preclude users from pursuing their claims in court.  *See, e.g., Vasadi v. Samsung Elecs. Am., Inc.*, No. 21-cv-10238-WJM-AME, 2021 WL 5578736, at *1 (D.N.J. Nov. 29, 2021) (granting Samsung's motion to compel arbitration as to all named consumer plaintiffs who did not opt-out of agreement); *Velasquez-Reyes v. Samsung Elecs. Am., Inc*., No. 16-cv-1953 DMG (KKX), 2020 WL 6528422, at *5 (C.D. Cal. Oct. 20, 2020) (same); *Schmidt, et al. v. Samsung Elecs. Am., Inc.,* No. 16-cv-1725 JCC, 2017 U.S. Dist. LEXIS 80768 (W.D. Wash. May 25, 2017), and *G.T., by and through next friend LILIANA T. HANLON, et al. v. Samsung Elecs. Am., Inc.,* No. 21-cv-04976 (N.D.Ill. Oct. 29, 2021), ECF No. 17.  Annexed hereto as Exhibit Q is a true and correct copy the order compelling arbitration in *Vasadi, et al. v. Samsung Electronics America, Inc.*, No. 21-cv-10238

(D.N.J. July 12, 2021), ECF No. 16. Annexed hereto as Exhibit R is a true and correct copy the order compelling arbitration in *Schmidt. v. Samsung Electronics America, Inc*., No. 16-cv-1725 JCC, 2017 U.S. Dist. LEXIS 80768 (W.D. Wash. May 25, 2017). Annexed hereto as Exhibit S is Samsung's motion to compel arbitration in *G.T., by and through next friend LILIANA T. HANLON, et al. v. Samsung Electronics America, Inc*., No. 21-cv-04976 (N.D.Ill. Oct. 29, 2021), ECF No. 17. Annexed hereto as Exhibit T is a true and correct copy the order compelling arbitration in *Velasquez-Reyes v. Samsung Electronics America, Inc*., No. 16-cv-1953 DMG (KKX), 2020 WL 6528422, at *5 (C.D. Cal. Oct. 20, 2020).

37.     In all the above cited cases, Samsung's motion to compel arbitration was granted except in *G.T., et al. v. Samsung*. In that case, the motion to compel arbitration was pending at the time Petitioners filed their claims with AAA. On September 26, 2022, one day before it told AAA it would refuse to honor its contract with Petitioners by not paying its fees, Samsung withdrew its motion to compel.

**COUNT I**
**9 U.S. Code § 4 - Failure to Arbitrate Under Agreement**

38.     Petitioners repeat and re-allege the allegations of Paragraph 1 through 37 as if fully set forth herein.

39.     Each Petitioner and Samsung entered into a valid agreement requiring them to arbitrate all claims related to the sale, condition, or performance of the Samsung product, including that related to the surreptitious collection of biometric data in violation of Illinois law, before AAA.

40.     Samsung breached that agreement because it preemptively refused to comply with AAA's administrative determinations regarding the filing fees it must pay under the agreement— fees AAA requires before it will empanel arbitrators and begin Petitioners' arbitrations.

41.     Until Samsung complies with AAA's administrative determinations, Petitioners' arbitrations cannot proceed.

42.     The Federal Arbitration Act, 9 U.S.C. § 4, provides that "[a] party aggrieved by the alleged failure, neglect or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration **proceed in the manner provided for in such agreement**." (emphasis added).

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioners respectfully request that this Court enter an order granting the following relief:

43.     Requiring that Samsung arbitrate each Petitioner's claims under the Mutual Arbitration Provision, pursuant to 9 U.S.C. § 4, which includes paying the arbitration fees and costs AAA determines are necessary to empanel arbitrators and proceed with arbitrations;

44.     Petitioners' reasonable attorneys' fees, costs, and expenses; and

45.     Granting such other relief as the Court deems just and proper.

Dated: October 7, 2022                                              Respectfully submitted,

                                                                    */s/ Mark R. Miller_____*
                                                                    Mark R. Miller
                                                                    WALLACE MILLER
                                                                    150 N. Wacker Drive, Suite 1100
                                                                    Chicago, IL 60606
                                                                    T. (312) 261-6193
                                                                    F. (312) 275-8174
                                                                    E. mrm@wallacemiller.com

                                                                    *Local Counsel for Petitioners*

                                                                    Jonathan Gardner
                                                                    Melissa H. Nafash
                                                                    Jonathan Waisnor
                                                                    Shannon K. Tully
                                                                    LABATON SUCHAROW LLP

140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jgardner@labaton.com
mnafash@labaton.com
jwaisnor@labaton.com
stully@labaton.com

*Counsel for Petitioners*