# EXHIBIT N



O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823

T: +1 415 984 8700
F: +1 415 984 8701
omm.com

File Number:

September 27, 2022

**Randall W. Edwards**
D: +1 415 984 8716
redwards@omm.com

**VIA ELECTRONIC MAIL**

American Arbitration Association
120 Broadway
21st Floor
New York, NY 10271
MultiCaseFiling@adr.org

Re:   *Samsung – Mass Arbitration Claims Filed September 7, 2022*

Ladies and Gentlemen:

I write on behalf of Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung"). On September 7, 2022, Labaton Sucharow ("Labaton") submitted 50,000 identical demands for arbitration ("Demands") to the American Arbitration Association ("AAA"), naming different individuals as the claimants. Each Demand purports to assert claims against Samsung for alleged violations of the Illinois Biometric Information Privacy Act ("BIPA").

Samsung is committed to its consumer arbitration program and values the role that the AAA plays in ensuring the fair adjudication of legitimate disputes between parties. Consumers and Samsung have mutually benefitted from the AAA's administration of individual disputes pursuant to Samsung's Arbitration Agreement. Regrettably, Labaton's filing of the Demands is an attempt to abuse Samsung's consumer-friendly arbitration program and weaponize the AAA's Multiple Case Filing fee schedule and rules by filing patently frivolous claims despite having repeatedly been told, and shown through evidence, that the claims have no basis.

Samsung's sampling of the Claimant data and Demands submitted to AAA has raised serious concerns about the accuracy and integrity of the representations to Samsung and AAA. Claimants' counsel has filed Demands purportedly on behalf of living Illinois residents who have owned a Samsung Galaxy device, are parties to arbitration agreements with Samsung and properly before AAA, and are legally able to pursue a claim. The filing of the Demands represents that they determined after appropriate pre-filing diligence that (1) the Claimants have properly authorized the filings; (2) the Claimants are parties to an arbitration agreement with Samsung; (3) the Claimants are residents of Illinois; (4) the Claimants can legally pursue a claim; (5) the Claimants own or owned the product at issue; and (6) the information contained in the Demands is accurate.

However, based on our review of Samsung's own records for that sampling, Samsung has reason to believe that a substantial number of the Demands are facially defective and do not involve proper

Claimants. Specifically, based on its sampling, Samsung is in possession of information suggesting Claimants' counsel has filed Demands on behalf of:

1. Claimants who are deceased;

2. Claimants with fictitious personal information;

3. Claimants who are not Illinois residents;

4. Claimants who are in bankruptcy;

5. Claimants who Samsung has no record of ever being a customer or owning any of the devices at issue, let alone being a party to an arbitration agreement with Samsung;

6. Claimants who submitted duplicate Demands;

7. Claimants who submitted multiple Demands related to the same device under different names;

8. Claimants who also purport to be represented by entirely different counsel on the same threatened claim against Samsung;

9. Claimants who have a history of criminal fraud-related offenses; and

10. Claimants who are serial claimants and litigants.

Samsung's preliminary review and analysis is ongoing, and Samsung expects that further deficiencies with the Claimants will be identified. AAA might also observe, when searching its database, that many of the Claimants have been recycled from one mass arbitration to another.

In addition, Labaton has disclaimed interest in and ignored key underlying facts on the merits, which itself reinforces that these purported claims have an improper purpose. And while the Demands should never have been filed, Labaton also has made clear it has no interest in a streamlining process (bellwethering or otherwise) to manage this collection of identical claims and ensure resolution of them in a timely and cost-effective manner. Their actions (and inactions) are inconsistent with the spirit of arbitration, and frustrate the purpose of Samsung's consumer arbitration program. They also disregard the AAA's Supplementary Rules for Multiple Case Filings, which provide: "Parties are encouraged to agree to additional processes that make the resolution of Multiple Case Filings more efficient." Labaton also has provided no specificity about the claimants in the Demands, which do not even indicate when or which device any Claimant allegedly purchased, let alone any Samsung Device IDs (*e.g.*, IMEI), Samsung Cloud Account User ID, or Samsung Account User ID. The simultaneous filing of mass identical Demands also is, in effect, contrary to the Arbitration Agreement's prohibition on claims being "combined or consolidated with a dispute involving any other person's or entity's product or claim." Finally, the Demands involve artful pleading regarding the amount of damages sought, inconsistent with public-facing representations to the Claimants, in a transparent effort to try to avoid the application of AAA R-9 ("Small Claims Options for the Parties").



After careful consideration, we write to inform the AAA that (assuming the intake requirements are deemed satisfied), to protect the integrity of the process and to vindicate its rights, Samsung will not be paying the Business Filing Fees in connection with the Demands.[1] Samsung is providing notice of its decision at this early stage to ensure that the AAA's resources are conserved. If the Claimants elect to waive arbitration by not paying (directly or through their counsel) all of the AAA filing fees pursuant to their option under AAA Supplementary Rule for Multiple Case Filings 10(d), consistent with AAA R-1(d), Samsung expects that the AAA will decline to administer and "either party may choose to submit its dispute to the appropriate court for resolution." Should the Claimants pay the arbitration fees, Samsung will participate and defend itself vigorously against these meritless claims

To be clear, this letter relates only to the Demands. It is without prejudice to Samsung's rights with respect to any other individual and pending or future demands for arbitration.

Samsung appreciates the AAA's attention to these important matters.

Sincerely,

*Randall E. Edwards* (signature)

Randall W. Edwards
Partner
of O'MELVENY & MYERS LLP

cc: Melissa Nafash, Jonathan Gardner, and Shannon Tully, counsel for claimants
    Michael McTigue & Meredith Slawe, Skadden, Arps, Slate, Meagher & Flom LLP,
      co-counsel for Samsung

---

[1] Samsung will pay Business Filing Fees associated with Demands filed by Claimants who are residents of California. Although the Demands all allege that that Claimants resided in Illinois, the spreadsheet provided by Claimants' counsel suggests that 14 Claimants have California addresses: William Adams, Camelia Arroyo, James Bellamy, Amron Castillo, Alicia Martha Frausto, Martha Gerald, Melissa Green, Heidi Haneline, Lovely Kahmren, Carolyn Laplaunt, Cedric Nocon, Jessica Predom, Caroline Selick, and Ethan Turnbull. To the extent those or other Claimants are California residents, Samsung will pay the Business Filing Fees associated with those Demands, consistent with the timing obligations in California Code of Civil Procedure §§ 1281 *et seq.* and appropriate invoicing from AAA. While California Code of Civil Procedure §§ 1281 *et seq.* is preempted by the Federal Arbitration Act, Samsung will nevertheless make these payments under a full reservation of its right to recoup them in connection with any arbitration proceeding.