# EXHIBIT 1

1

<pre>
 1                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3   PAULA WALLRICH, et al.,          )
                                      )
 4               Plaintiffs,          )
                                      )
 5               v.                   )  No. 22 CV 05506
                                      )
 6   SAMSUNG ELECTRONICS AMERICA,     )
     INC., et al.,                    )  Chicago, Illinois
 7                                    )  October 19, 2022
                 Defendants.          )  9:18 a.m.
 8
                     TRANSCRIPT OF TELEPHONIC PROCEEDINGS
 9           BEFORE THE HONORABLE HARRY D. LEINENWEBER

10   APPEARANCES TELEPHONICALLY:
     For the Plaintiffs:          LABATON SUCHAROW, LLP
11                                BY:  MS. MELISSA H. NAFASH
                                  140 Broadway
12                                New York, New York 10005
                                  (212) 907-0861
13
     For the Samsung entities:    O'MELVENY & MYERS
14                                BY:  MR. RANDALL EDWARDS
                                  Two Embarcadero Center, Suite 2800
15                                San Francisco, California 94111
                                  (415) 984-8700
16
                                  SKADDEN ARPS SLATE MEAGHER &
17                                FLOM, LLP
                                  BY:  MR. MICHAEL W. McTIGUE, JR.
18                                One Manhattan West
                                  New York, New York 10001
19                                (212) 735-3529

20                                DONOHUE BROWN MATHEWSON & SMYTH, LLC
                                  BY:  MR. MARK H. BOYLE
21                                131 South Dearborn Street
                                  Suite 1600
22                                Chicago, Illinois 60603
                                  (312) 422-0900
23   Court Reporter:              Judith A. Walsh, CSR, RDR, F/CRR
                                  Official Court Reporter
24                                219 South Dearborn Street, Room 2118
                                  Chicago, Illinois 60604
25                                (312) 702-8865
                                  judith_walsh@ilnd.uscourts.gov
</pre>

2

1    (Proceedings heard telephonically:)

2         THE CLERK:   22 C 5506, Wallrich versus Samsung.

3         MR. BOYLE:   Good morning, your Honor.   This is Mark

4    Boyle on behalf of Samsung Electronics America, Inc., and

5    Samsung Electronics Company, Limited, the respondents in the

6    case.

7         MR. EDWARDS:   Good morning, your Honor.   Randall

8    Edwards from O'Melveny & Meyers also representing both Samsung

9    entities.   And on the line is also Michael McTigue of Skadden

10   Arps who has filed a pro hac vice application in this matter

11   representing Samsung as well.

12        MS. NAFASH:   Good morning, your Honor.   This is

13   Melissa Nafash on behalf of petitioners.

14        THE COURT:   Okay.   This is a motion to compel

15   arbitration.   Does Samsung acknowledge that they need to

16   arbitrate?

17        MR. EDWARDS:   Your Honor, this is Randall Edwards.

18   We have both procedural and substantive objections to the

19   motion and to the petition.   I think it will be a highly

20   contested motion, and so what we're hoping to do today is to

21   identify an appropriate briefing schedule for the motion.

22        THE COURT:   What --

23        MR. EDWARDS:   What we --

24        THE COURT:   Excuse me.   Go ahead.

25        MR. EDWARDS:   Oh, I'm sorry.   So, your Honor, we on

1   behalf of both entities signed waivers of service earlier this

2   week that petitioners had provided to us.  Samsung Electronics

3   Company is a non-U.S. entity, and so had we not signed the

4   waiver of service, they would have to have been served under

5   the Hague Convention which would have taken a long time.

6           Under the waivers of service, that would have

7   provided 60 days for Samsung Electronics America and 90 days

8   for Samsung Electronics Company to respond to a complaint.  We

9   believe that the appropriate thing to do is to align the

10  response to this motion.  And we would request that that be

11  set for our opposition 90 days from the date of service, which

12  would be -- or 90 days from the date of filing, which would be

13  January 5th.

14          MS. NAFASH:  Your Honor, may I be heard on that?

15          THE COURT:  Yes.

16          MS. NAFASH:  Okay.  Under the Federal Arbitration

17  Act, 9 USC 4, a party agrees by the failure to arbitrate

18  pursuant to an agreement can file a petition and motion to

19  compel arbitration.  The statute requires only five days'

20  notice in writing to the defaulting party.  While service is

21  made in the manner prescribed by the federal rules, the

22  summons or waiver thereof is simply -- the result is

23  different.  An application made under the FAA is treated as a

24  motion.  Therefore, the summons or the waiver is simply to

25  provide the requisite notice.

1      This is an ongoing litigation.  For the past seven

2  months, the parties have been in litigation through notice

3  letters, mediation, negotiations, and the filing of

4  arbitrations before the American Arbitration Association.

5      As your Honor may be aware, in addition to the filing

6  of the waiver, petitioners' counsel included several email

7  transmissions demonstrating that on October 7th, the same date

8  of the filing of the petition and motion to compel

9  arbitration, petitioners' counsel provided Samsung's counsel

10  with a copy of the petition and the motion along with the

11  requested waiver of service of process.  That was 12 days

12  prior to this hearing which is seven days more than is

13  required under the FAA.

14      Further, Samsung's counsel responded on October 13th

15  agreeing to sign the waiver although also asking for an

16  extension, which we declined, and that was six days prior to

17  this hearing.  Therefore, under either analysis, Samsung has

18  been provided with notice more than five days prior to the

19  hearing on this application.

20          MR. EDWARDS:  Your Honor, may I --

21          THE COURT:  What is --

22          MR. EDWARDS:  May I respond?

23          THE COURT:  Let me ask a question.  It seems to me

24  that the parties are on opposite sides where they normally

25  would be expected to be.  It would seem to me that it would be

1    Samsung who would be seeking to require arbitration as opposed

2    to a class action, and it would be the claimants who would be

3    seeking to file a class action and avoid arbitration.

4              Why is -- are your positions reversed from what I

5    would normally anticipate the parties to take?  Maybe you can

6    tell me that.

7              MS. NAFASH:  Sure.  So interestingly, there is also a

8    pending class action that was filed against Samsung in, I

9    believe it was, late 2020 or early 2021.  And in that case,

10   Samsung filed a motion to compel the case to arbitration as it

11   has in several cases over the past five or six years.

12             When claimants in -- that we represent in our case

13   pursued claims against Samsung in arbitration and it faced

14   having to pay extensive fees to arbitrate the claims

15   individually and, of course, faced the threat of the amount of

16   damages in this case, it sought to avoid its arbitration

17   provision, and it refused to pay the fees as well as telling

18   the court in the pending class action that it was withdrawing

19   its motion to compel arbitration.

20             THE COURT:  I mean, normally claimants would prefer

21   to have a class action as opposed to arbitration.  I mean,

22   that's what I'm puzzled by, I guess.  Maybe Samsung can

23   explain --

24             MR. EDWARDS:  Thank you.

25             THE COURT:  -- this.

6

1      MR. EDWARDS:  Yes.  Thank you, your Honor.  Randall

2  Edwards again.

3      So the claimants or the petitioners in this case have

4  purported to file 50,000 individual arbitrations with AAA.

5  AAA has not -- actually it sent a letter to them on October

6  12th confirming that it had not yet been accepted by AAA.

7  Samsung does not believe that the 50,000 individual

8  arbitrations -- which petitioners have been very clear they do

9  not intend to provide any streamlining or efficiencies -- are

10  an appropriate use of the arbitration process.  They're not

11  consistent with the arbitration agreement.

12      There are some threshold procedural and substantive

13  issues with the motion to compel arbitration as well which we

14  think need to be completely briefed to be decided but to be

15  clear, Samsung did not refuse to participate in the

16  arbitration.  Samsung informed both AAA and the petitioners

17  that they had an objection to paying the fees the way the fees

18  were sought in the case and that under the AAA rules,

19  petitioners had a choice either to advance those fees

20  themselves, and if they are found not to file a frivolous

21  claim, which will be disputed, could seek to recover them at

22  the end or they could pursue a case in court.

23      They did neither of those things, and so there are

24  some significant procedural and substantive problems with the

25  approach that petitioners have taken.

1        So we believe that the appropriate thing to do here

2   is to set a briefing schedule to allow all of the issues to be

3   presented to your Honor with the appropriate authorities that

4   we can, you know, further elaborate but at the end of the day,

5   it's quite clear that AAA is the entity, not the Court, that

6   could make any decisions about the --

7        (Music playing in the background.)

8           THE COURT:  Are we back on now?

9           THE CLERK:  Yes.  I'm not sure what that was.

10          THE COURT:  All right.  Are the parties still here on

11  the Samsung case?

12          MR. EDWARDS:  Yes, your Honor.  Randall Edwards is.

13          MS. NAFASH:  We are.

14          THE COURT:  What happened -- I was told there was a

15  class action filed somewhere by the petitioners here.

16          MR. EDWARDS:  So, your Honor --

17          MS. NAFASH:  Not by petitioners, your Honor.

18          MR. EDWARDS:  Your Honor, there are actually two

19  pending class actions in the Northern District of Illinois,

20  one of which was referred to by counsel for petitioners.

21  Neither of those were filed by petitioner, although there are

22  overlapping purported classes.

23          MS. NAFASH:  And, your Honor, just to clarify,

24  Samsung has a valid and enforceable arbitration provision in

25  its agreements with all of its customers.  We are,

1  petitioners' counsel, exercising their right under the

2  agreement to pursue their cases in individual arbitration.

3          Samsung unequivocally told AAA, and I quote, "Samsung

4  will not be paying the business filing fees in connection with

5  the demand" --

6          THE COURT:  Well --

7          MS. NAFASH:  -- which is a breach of the contract.

8          THE COURT:  There are two class actions in this

9  court.

10          MR. EDWARDS:  So, your Honor -- this is Randall

11  Edwards again for Samsung.  I think what this demonstrates is

12  that there are some pretty significant disputes, and there

13  will be some procedural and substantive arguments that need to

14  be fully fleshed out and presented.  And so from our

15  perspective, the appropriate step is to set a briefing

16  schedule that allows the -- Samsung to present its authorities

17  and arguments on that.

18          And with respect to the timing, we don't think that

19  we should be punished for being cooperative in signing the

20  waivers of service, that certainly no motion could have been

21  ruled on before the parties were actually served.  And so we

22  think that the 90-day period that mirrors what Samsung

23  Electronics Company would have received under that waiver of

24  service is the appropriate response date for the motion.

25          MS. NAFASH:  Respectfully, your Honor, we disagree.

9

1    This is not complex or complicated.  It's very simple.

2    Samsung has a valid and enforceable agreement to arbitrate.

3    Petitioners filed their claims before the American Arbitration

4    Association.  Samsung refused to pay its fees.  Samsung's

5    arbitration provision delegates all decisions to the

6    arbitrator.

7            Therefore, the only decision for this court is

8    whether or not there is an enforceable agreement to arbitrate

9    just like in the *McClellan* case.  In *McClellan v. Postmates*

10   which was also pending in the Northern District of Illinois,

11   Postmates refused to pay its filing fee arguing that the

12   demands were improperly filed.  The Northern District of

13   Illinois granted the petitioners' motion and required

14   Postmates to arbitrate because the agreement delegated

15   exclusive authority to the arbitrator.

16           Here, Samsung's agreement does the same and it says,

17   I quote, "The arbitrator shall decide all issues of

18   interpretation and application of the agreement."  Therefore,

19   the only question is whether or not there is a valid and

20   enforceable agreement to arbitrate which Samsung has told this

21   court over and over again that there is, in fact, an

22   enforceable agreement to arbitrate and to compel them to

23   arbitrate in accordance with their agreement.

24           THE COURT:  Let me ask you this.  Are there actual

25   49,988, I guess -- there's eight individual petitioners and

1    then there's 49,980 other individuals.  Have all 49,988 filed

2    applications for arbitration?

3          MS. NAFASH:  Yes, your Honor.  We filed on behalf of

4    50,000 claimants.  Samsung refused to pay the fees for 49,986.

5    The 14 claimants for whom they've agreed are now living in

6    California, and Samsung is concerned about a California

7    statute that would provide for sanctions if they don't pay the

8    fees.

9          AAA determined that we had met the filing requirement

10   and on September 16th, sent an email stating that we had met

11   the requirements and scheduling a call to discuss the

12   logistics for moving forward.

13         THE COURT:  What are --

14         MS. NAFASH:  Thereafter, AAA issued an invoice to

15   petitioners' counsel in the amount of $2,525,000 which we paid

16   on the day it was invoiced.  And thereafter, Samsung sent a

17   letter to AAA telling AAA preemptively that it would not be

18   paying its fees.

19         MR. EDWARDS:  And, your Honor, I'm sorry, just

20   quickly to respond to that on behalf of Samsung.  Randall

21   Edwards again.

22         That's actually -- we disagree with much of what was

23   said.  In fact, on October 12th, in a letter that petitioners

24   have not provided to the Court but we would in our opposition,

25   AAA said that in reviewing the claimants' filing, they had

1   identified that there were inaccurate and incomplete

2   information.

3        We have serious questions about whether all of those

4   petitioners are real people and have real arbitration

5   agreements in addition to everything else, but AAA has not yet

6   confirmed the filings met all of the requirements.  But again,

7   what I would say is that I'm happy to discuss the merits now.

8   I believe that we have multiple strong arguments.

9        But I think for purposes of today's hearing, the

10  appropriate thing to do is to set a briefing schedule so that

11  we can get this all in front of you in writing and both sides

12  can have an opportunity to provide their perspectives as to

13  the motion.  We will explain exactly why the motion should be

14  denied.

15       THE COURT:  All right.  Let me ask this.  Assuming

16  I'm going to require briefing, do the petitioners wish to

17  stand on the brief that they filed, or do you -- the motion to

18  compel which is in the form of a brief, or do you want to --

19  would you be intending to file something in addition?

20       MS. NAFASH:  We would request a reply, your Honor.

21       THE COURT:  In other words, you're willing to stand

22  on this as your opening brief, so to speak.

23       MS. NAFASH:  That's correct.

24       THE COURT:  All right.  I don't see why we need 90

25  days.  I'll give you 45 days to file your response, and then

1 | 14 days to reply.

2 |         MR. EDWARDS:  Thank you, your Honor.

3 |         MS. NAFASH:  Your Honor, thank you.

4 |         THE COURT:  All right.

5 |         THE CLERK:  The first brief to be filed by December

6 | 5th.  Reply, December 19th.

7 |         THE COURT:  All right.  Let's have a status in

8 | January.

9 |         THE CLERK:  January 25th at 9:00 o'clock a.m.

10 |         THE COURT:  Thank you.

11 |         MR. EDWARDS:  Your Honor, I apologize.  Randall

12 | Edwards.  I'm actually returning to the country on the 25th.

13 | If it were possible to do it any time --

14 |         THE COURT:  All right.

15 |         MR. EDWARDS:  -- shortly thereafter, I'd really

16 | appreciate it.

17 |         THE COURT:  A week later, Mel.

18 |         THE CLERK:  January 31st at 9:00 o'clock a.m.

19 |         THE COURT:  Thank you.

20 |         MR. EDWARDS:  Thank you, your Honor.

21 |     (Proceedings adjourned at 9:36 a.m.)

22 |

23 |

24 |

25 |

1    C E R T I F I C A T E

2         I, Judith A. Walsh, do hereby certify that the

3    foregoing is a complete, true, and accurate transcript of the

4    proceedings had in the above-entitled case before the

5    Honorable HARRY D. LEINENWEBER, one of the judges of said

6    court, at Chicago, Illinois, on October 19, 2022.

7

8    /s/ *Judith A. Walsh, CSR, RDR, F/CRR*_____    October 31, 2022

9    Official Court Reporter

10   United States District Court

11   Northern District of Illinois

12   Eastern Division

13

14

15

16

17

18

19

20

21

22

23

24

25