EXHIBIT 15



O'Melveny & Myers LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823

T: +1 415 984 8700
F: +1 415 984 8701
omm.com

File Number:

November 8, 2022

**Randall W. Edwards**
D: +1 415 984 8716
redwards@omm.com

**VIA ELECTRONIC MAIL**

Victoria Chandler
American Arbitration Association
120 Broadway
21st Floor
New York, NY 10271
MultiCaseFiling@adr.org

Re:     ***Samsung – Mass Arbitration Claims Filed Sept. 7, 2022; Case No. 01-22-0003-9924***

Ms. Chandler:

I write in response to your October 31, 2022 letter to the parties, in which you state that the "AAA has made the administrative determination that claimants have now met the AAA's administrative filing requirements on each of the 50,000 cases filed."  Please note that your letter references "Samsung Electronics USA, Inc.," which is not a proper entity and was not named in connection with any of these arbitration demands.  I am responding on behalf of Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (together, "Samsung").  While Samsung maintains that the 50,000 claimants ("Claimants") did not, in fact, satisfy the AAA's administrative filing requirements, that issue need not be addressed in this letter.

The AAA makes clear that it "makes every effort to ensure the integrity of alternative dispute resolution processes."  To that end, Samsung notified the AAA on September 27, 2022, that "[a]fter careful consideration . . . (assuming the intake requirements are deemed satisfied), to protect the integrity of the process and to vindicate its rights, Samsung will not be paying the business filing fees in connection with the demands," except as to filing fees in connection with any demands filed by California Claimants.  Samsung explained that it was providing notice to the AAA at that early stage "to ensure that the AAA's resources are conserved."  Further, Samsung invoked the AAA Rules and procedures and stated that "if the Claimants elect to waive arbitration by not paying (directly or through their counsel) all of the AAA filing fees pursuant to their option under AAA Supplementary Rule for Multiple Case Filings 10(d), consistent with AAA R-1(d), Samsung expects that the AAA will decline to administer and 'either party may choose to submit its dispute to the appropriate court for resolution.'"  *See* AAA Supplementary Rule for Multiple Case Filings, MC-10(d) ("If administrative fees . . . have not been paid in full, the AAA may notify the parties in order that one party may advance the required payment within the time specified by the AAA."); AAA Consumer Rules, R-1(d) ("Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.").  Samsung



stated that "[s]hould the Claimants pay the arbitration fees, Samsung will participate and defend itself vigorously against these meritless claims."

One day later, Claimants' counsel—presumably after conferring with each of the 50,000 Claimants on whose behalf they purport to bring individual claims (including deceased Claimants)—expressly declined to pay any fees (even though they would be subject to reimbursement if the claims were not frivolous or brought for an improper purpose). Thus, by affirmatively electing on behalf of each of the Claimants not to advance the filing fees, Claimants' counsel voluntarily waived each of the Claimants' arbitration rights (to the extent such rights existed). Samsung acknowledges Claimants' counsel's choice to waive arbitration, and their implied representation to the AAA that they have the authority to do so on behalf of each of the Claimants.

Samsung reaffirms its position. Pursuant to the AAA Rules and procedures, Samsung respectfully declines to pay filing fees in connection with the non-California Claimants' demands for arbitration. These demands are frivolous and have been brought in arbitration for an improper purpose.

Please provide a list of the California Claimants and an invoice reflecting the business filing fees in connection with those claims so that Samsung can make prompt payment. In addition, Samsung requests that the AAA send its standard notice to Claimants' counsel that sets forth their option, consistent with the AAA Rules and procedures, to advance the filing fees in connection with non-California Claimants' claims to move those claims forward or to choose to have the matters administratively closed. As the AAA is aware, Claimants' counsel had previously requested that the AAA administratively terminate all of these matters so they could proceed in court.

Sincerely,

Randall W. Edwards
Partner
of O'MELVENY & MYERS LLP

 cc: Melissa Nafash, Jonathan Gardner, and Shannon Tully, counsel for Claimants
     Michael McTigue & Meredith Slawe, Skadden, Arps, Slate, Meagher & Flom LLP,
        co-counsel for Samsung