EXHIBIT 17

# Labaton Sucharow

**Jonathan Gardner**
Partner

212 907 0839 direct
212 907 0700 main
212 883 7063 fax
jgardner@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

November 17, 2022

**VIA ELECTRONIC MAIL**
Victoria Chandler
Director of ADR Operations
American Arbitration Association
120 Broadway, 21st Floor
New York, NY 10271
MultiCaseFiling@adr.org

   Re: Individual Claimants -vs- Samsung Electronics USA, Inc., Case No. 01-22-0003-9924

Dear Ms. Chandler:

I write in response to the recent correspondence between AAA and Samsung, dated October 31st, November 8th, and November 14th. In its October 31st letter, AAA confirmed Claimants had met all their filing requirements and attached an invoice for Samsung's business filing fee for all 50,000 claimants. On November 8th, Samsung replied that it refused to pay for the 49,986 non-California residents and asked AAA to send a revised invoice for only the 14 Californians. AAA acquiesced and on November 14th sent Samsung a revised invoice for the business filing fee for only 14 of the 50,000 claimants on file.

As AAA is aware, Samsung's responsibility is to pay the fees for all 50,000 claimants. Samsung is also aware of its obligation but acknowledges it only when there is a California statute that would sanction it for not paying its fees. Claimants, therefore, filed a Motion to Compel Arbitration in Illinois' Federal Court to compel Samsung to arbitrate consistent with its contract, which includes paying its fees for all the cases.

In the meantime, Samsung is attempting to unilaterally institute a bellwether process by asking AAA to move only 14 cases through arbitration, thereby litigating only .0002% of the cases. Claimants do not agree to a bellwether process. Samsung cannot be permitted to dictate the course of this litigation through such obvious gamesmanship.

Claimants respectfully request that AAA not engage further with Samsung's improper conduct and stay these matters until Claimants' Motion to Compel has been decided.

Sincerely yours,

Jonathan Gardner