## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PAULA WALLRICH, DANIELLE JONES, GRANT GRINNELL, JEFFREY BURTON, RHONDA MCCALLUM, PROVIDENCIA VILLEGAS, AND 49,986 OTHER INDIVIDUALS,** | Civil Action No. 1:22-CV-05506 |
| *Petitioners,* | Hon. Harry D. Leinenweber |
| *v.* | |
| **SAMSUNG ELECTRONICS AMERICA, INC.;** and **SAMSUNG ELECTRONICS CO., LTD.** (d/b/a Samsung Electronics America, Inc.), | |
| *Respondent.* | |

## REPLY BRIEF IN SUPPORT OF MOTION TO COMPEL ARBITRATION

### I. Introduction

The old adage remains true: if the facts are not on your side and the law is not on your side, then pound the table. Samsung's tactic here is to take a sledgehammer to the table and set the pieces on fire. It is remarkable the lengths Samsung has gone to avoid facing its liability, but its tantrum must stop here. At bottom, Samsung's brief is long on rhetoric and aggression toward Petitioners' counsel – a tactic we will not employ – and absent any compelling factual or legal basis to avoid its contractual obligation to Petitioners.

Petitioners'[1] motion is simple. Petitioners seek very basic relief from this Court: to compel Samsung to arbitrate under the Arbitration Agreement that Samsung wrote into its terms of service.

---

[1] Petitioners are Samsung Galaxy device users. As a result of opening the Galaxy device product packaging, using the device, or accessing Samsung's online platform, each Petitioner agreed to Samsung's various Terms & Conditions including the End User License Agreement (*collectively* "T&C"). Samsung previously argued this very point in its Motions to Compel Arbitration in similar matters. *See Vasadi v. Samsung Elecs. Am., Inc.,* No. 2:21-cv-10238 (D.N.J. July 12, 2021) ECF No. 16; *Velasquez-Reyes v. Samsung Elecs. Am., Inc.,* No. 16-cv-1953 DMG (KKX), 2020 WL 6528422, at *5 (C.D. Cal. Oct. 20,

Footnote continued on next page

This relief is routinely granted when Samsung (or virtually any other corporate defendant with a mandatory arbitration clause in its terms of service) asks for it. However, now when faced with tens of thousands of users pursuing individual arbitration, Samsung is desperately trying to avoid its contractual obligations.

In short, Samsung breached its contract to Petitioners when it refused to pay its share of the arbitration filing fees. Its offer to "participate and defend" against ongoing arbitrations if Petitioners paid Samsung's portion of the arbitration filing fees is a disingenuous and empty offer. While Samsung can more than afford its fees, which are less than 1% of its 2021 net income, it knows such a cost is prohibitive for Petitioners. Courts routinely reject this tactic as inconsistent with FAA policy and rule that the failure of a corporate defendant to pay its filing fees is a breach of the arbitration agreement. Moreover, these fees are a result of the business decision Samsung made when it incorporated AAA rules into its contract. AAA rules have not changed over the past decade, except to *reduce* fees in a multiple case filing scenario such as this one; that is, Samsung's fees are now less than they would have been when Samsung initially adopted AAA rules. As a New York appeals court recently reaffirmed: "While [the company] is trying to avoid paying the arbitration fees associated with 31,000 nearly identical cases, it made the business decision to preclude class, collective, or representative claims in its arbitration agreement with its consumers, and AAA's fees are directly attributable to that decision." *Uber Techs. Inc. v. Am. Arb. Ass'n,* 204 A.D.3d 506, 510 (App. Div. 2022).

Samsung attempts to avoid an order compelling it to arbitrate by making three (3) meritless arguments: (i) Petitioners failed to produce an affidavit or proof of their arbitration agreement with

---

2020) (same); *Schmidt v. Samsung Elecs. Am., Inc.,* Case No. C16-1725-JCC, 2017 U.S. Dist. LEXIS 80768 (W.D. Wash. May 25, 2017) (same); and *G.T. v. Samsung Elecs. Am., Inc.*, 1:21-cv-04976 (N.D. Ill. Oct. 29, 2021), ECF No. 17 (same).

Samsung, (ii) Petitioners forfeited their right to arbitration by refusing to pay Samsung's portion of the arbitration filing fees, and (iii) Petitioners have an adequate remedy at law because they can be absent class members in the pending putative class action. None of these arguments prevail.

First, in accordance with the applicable AAA rules and procedures ("hereinafter "AAA Rules"), each Petitioner provided a copy of Samsung's arbitration provision to AAA and represented that it covered their claims. AAA deemed Petitioners to have met all filing requirements. Samsung now seeks to upend the role delegated to AAA by arguing that each Petitioner must produce an affidavit or other evidentiary proof of their agreement with Samsung before the court should compel Samsung to proceed with arbitration. That is simply not required by any AAA rule or legal principle. Moreover, any objection that a Petitioner(s) is not covered by an arbitration agreement is for the arbitrator to decide.

Second, Petitioners are not required to pay Samsung's arbitration fees or forfeit their right to arbitration. To hold otherwise would allow any corporate defendant to pick and choose between arbitration and court as it saw fit. Samsung attempts to weaponize AAA's rule, that one party may choose to advance the required payment if fees or expenses have not been paid in full, but that rule is not meant to be used by a company *with an ability to pay*. Such an irrational interpretation is violative of consumer rights and inconsistent with the FAA. The relevant case law is clear: (i) forcing additional fees upon a consumer violates a consumers' rights by making access to the forum impracticable, (ii) a party cannot manipulate its way back into court by withholding payments its capable of making, and (iii) the FAA bars the district court from providing relief to a party who chooses not to pay and simultaneously grants authority to the court to compel arbitration. As another court stated: "[Samsung], faced with having to actually honor its side of the bargain, now blanches at the cost of the filing fees it agreed to pay in the arbitration clause. No doubt,

[Samsung] never expected that so many would actually seek arbitration. Instead, in irony upon irony, [Samsung] now wishes to resort to a class-wide lawsuit, the very device it denied to the [consumer], to avoid its duty to arbitrate. This hypocrisy will not be blessed, at least by this order." *Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062, 1068 (N.D. Cal. 2020).

Finally, forcing Petitioners to be absent class members (notably, a class has not even been certified in the pending putative class action case) is not an adequate remedy at law because Petitioners are entitled to the forum they agreed to when entering into the contract with Samsung, and courts have an interest in enforcing the forum a party selects. Courts also have an interest in forbidding companies from playing fast and loose with the law like Samsung is doing here. Only days before telling AAA it refused to pay its fees, Samsung withdrew its motion to compel arbitration in the very putative class action it now seeks to push Petitioners into. Samsung does not get to choose the forum it prefers. Moreover, taking away the promise of arbitration's speedier resolution of disputes is in direct contradiction of the Congressional intent behind the FAA.

Petitioners' Motion to Compel Arbitration must be granted.

## II. Samsung Breached its Contract with Petitioners.

### a. Each Petitioner has a valid agreement with Samsung to arbitrate.

Petitioners all used a Samsung Galaxy device and were required to go through the sign-up process which includes an agreement to arbitrate their claims. *See* Verified Petition to Compel Arbitration ("Petition") ¶¶ 1-2. As set forth in the Declaration of Samsung employee Nicole Cantwell, filed in connection with its motion to compel arbitration of these very claims, agreement to the arbitration agreement is mandatory to use a Samsung Galaxy device. *G.T. v. Samsung Elecs. Am., Inc.*, 1:21-cv-04976 (N.D. Ill. Oct. 29, 2021), ECF No. 17 ("[t]o activate and use their Galaxy A20s, users were required to complete an initial set-up process on the device the first time the

phone is turned on. Users could not activate or use their phones until they completed this set-up process, including accepting the [T&C]." […] "[t]here is no doubt that Samsung provided clear and proper notice of the existence of the obligation to arbitrate all disputes, including: (1) on the phone's box; (2) in the printed Terms and Conditions insert included with the phone; and (3) pre-loaded on the phone itself (and available on Samsung's website).") The arbitration clause provides that each Petitioner's arbitration "shall be governed by the [AAA's] Commercial Arbitration Rules applicable to consumer disputes." *Samsung Services T&C, See* Petition, ¶ 2, Exs. B-E. Each Petitioner agreed to those terms. The T&C further states:

> In a Small Claim case, you shall be required to pay no more than half of the total administrative, facility and arbitrator fees, or $50.00 of such fees, whichever is less, and [Samsung] shall pay the remainder of such fees. Administrative, facility, and arbitrator fees for arbitrations in which your total damage claims, exclusive of attorney fees and expert witness fees, exceed $5,000.00 ("Large Claim") shall be determined according to AAA rules.

*See* Petition, ¶ 2, Exs. B-E. Thus, AAA rules are incorporated into Samsung's contract and become binding on the parties. *See* Consumer Rule 1(a) (by designating the Consumer Rules to govern disputes, Samsung and users are "deemed to have made th[o]se rules a part of their arbitration agreement."). The T&C also states that any issues relating to the interpretation or application may be decided only by the arbitrator—which occurs after the parties meet AAA's administrative requirements to appoint an arbitrator. *Samsung Services T&C, See* Petition, ¶ 2, Exs. B-E.

### b. The Incorporated AAA Consumer Rules Require Samsung to Pay its Fees Before Arbitration Commences

AAA is authorized to "require the parties to deposit in advance of any hearings such sums of money as it deems necessary to cover the expense of the arbitration, including the arbitrator's fee." *Id.,* Consumer Rule 6. The Consumer Rules specify the fee schedule for Petitioners' arbitrations where, as here, twenty-five (25) or more similar claims for arbitration are filed against

the same party and counsel for the parties is consistent across all cases. Consumer Rules at 35. Moreover, the Multiple Case Fee Schedule provides that the "company's share of filing fees is due as soon as the employee or individual meets his or her filing requirements." *Id.* at 34. Notably, these rules have not changed, except to *decrease* filing fees for both consumers and businesses, since the day Samsung designated AAA and AAA's rules in its T&C. Further, as indicated by the language in the arbitration provision above, Samsung undisputedly understood its fee obligations.

Pursuant to AAA Rules, Samsung's fees are required to be paid before arbitration can be commenced. If not paid, as in the case here, AAA will suspend or terminate the arbitrations.

> MC-10: (a) […] Administrative fees, as well as arbitrator compensation and expenses, for each Multiple Case Filing will be billed and must be paid prior to the AAA completing the applicable administrative procedures. […] (e) If payments due are not made by the date specified in such notice to the parties, the arbitrator may order the suspension or termination of the proceedings. If no arbitrator has yet been appointed, the AAA may suspend or terminate those proceedings. […].

### c. Petitioners complied with the T&C and AAA's Rules, but Samsung did not.

In accordance with the applicable AAA Rules, Petitioners each attached the applicable arbitration provision to their arbitration Petition and filed it with AAA representing that it covered their claims. AAA accepted that, among other things, and made an administrative determination that Petitioners had met all filing requirements.[2] AAA further determined that Samsung was obligated under AAA's Rules and its T&C to pay its share of the filing fees so Petitioners' arbitrations could commence.[3] Samsung flatly refused. *See* Samsung's November 8th letter to AAA ("Samsung reaffirms its position…. Samsung respectfully declines to pay filing fees in connection with the non-California Claimants' demands for arbitration. These demands are

---

[2] *See* Exhibit A, October 31, 2022 Correspondence from AAA.

[3] *Id.*

frivolous and have been brought in arbitration for an improper purpose.")[4,5] Samsung's decision not to comply with AAA rules "in the manner provided for in [its] agreement," 9 U.S.C. § 4, violates the FAA. *Zurich Am. Ins. Co. v. Trendsetter HR, LLC*, Case No. 15 C 8696, 2015 WL 7180096 at *3 (N.D. Ill. Nov. 16, 2015) (holding that the FAA requires the court to enforce the arbitration agreement in accordance with its terms); *Croasmun v. Adtalem Glob. Educ., Inc.*, 20 C 1411, 2020 WL 7027726, at *3 (N.D. Ill. Nov. 30, 2020) (same).

Samsung argues that it did not refuse to arbitrate because, although it refused to pay its fees, it agreed to arbitrate if Petitioners paid Samsung's share of the filing fees. Samsung Op. at 23. This is nonsensical. Samsung's T&C incorporate AAA Rules which require the business to pay its fees before arbitrators are selected and arbitrations can commence. By refusing to pay its fees, Samsung did not comply with its own terms and is in breach of its contract. As a result, the arbitrations did not commence.

Samsung does not have discretion to refuse to pay. Numerous courts, including courts in this district, have held that a refusal to pay arbitration fees constitutes a refusal to arbitrate. *See Croasmun*, 2020 WL 7027726, at *3 (refusal to pay the filing fees blocks the door to the arbitrator and thus is a breach of the agreement to arbitrate); *Thomas D. Philipsborn Irrevocable Ins. Tr. v. Avon Cap., LLC*, No. 11-cv-3274, 2012 WL 4513903, at *5 (N.D. Ill. Oct. 1, 2012) (denying the

---

[4] *See* Exhibit B, November 8, 2022 Correspondence from Samsung to AAA.

[5] Samsung's stated position that the demands are frivolous and brought for an improper purpose are meritless and untenable as Samsung's Staff Engineer admits that the company collects biometric data and Samsung's T&C require users to bring their claims in individual arbitrations. Even if Samsung's arguments had any merit, which they do not, neither "justification" is a sufficient basis to avoid paying fees; and certainly not where a company, as is here, has a "delegation clause" that delegates questions regarding the enforceability or scope of an arbitration clause to an arbitrator. *See* Samsung Services Terms and Conditions, (Sept. 30, 2021) ("Samsung's T&C") ("The arbitrator shall decide all issues of interpretation and application of this arbitration.").

defendants' motion to compel arbitration and proceeding with litigation when the defendants failed to pay AAA's required arbitration fees); *Nadeau v. Equity Residential Properties Mgmt*. Co., 251 F. Supp. 3d 637, 641 (S.D.N.Y. 2017) (finding that defendant breached the arbitration agreement and could not compel arbitration where AAA administratively closed case due to defendant's non-payment of fees); *Garcia v. Mason Contract Prods., LLC*, No. 08–23103–CIV, 2010 WL 3259922, at *3 (S.D.Fla. Aug. 18, 2010) (holding "[b]y failing to timely pay its share of the arbitration fee, Defendant materially breached its obligations, thereby 'scuttling' [its] opportunity" to insist on arbitration); *Rapaport v. Soffer*, No. 2:10–cv–00935–KJD–RJJ, 2011 WL 1827147, at *2 (D.Nev. May 12, 2011) (finding the defendant was in default under FAA § 3 because the AAA "closed" or "terminated" the case because of his failure to pay fees); *Brown v. Dillard*'s, Inc., 430 F.3d 1004, 1011 (9th Cir. 2005) (explaining the defendant "breached the arbitration agreement by refusing to participate in properly initiated arbitration proceedings"); *Sink v. Aden Enters, Inc.*, 352 F.3d 1197, 1201 (9th Cir. 2003) (the failure to pay required costs of arbitration was a material breach of its obligations in connection with the arbitration). "Contracts to arbitrate are not to be avoided by allowing one party to ignore the contract and resort to the courts. Such a course could lead to prolonged litigation, one of the very risks the parties, by contracting for arbitration, sought to eliminate." *Southland, Corp. v. Keating,* 465 U.S. 1, 7 (1984). Here, Petitioners and Samsung contracted to arbitrate, Samsung is in breach of its contract, and Petitioners chosen remedy for Samsung's breach is to move to compel their compliance.

Samsung is unquestionably refusing to arbitrate by refusing to pay its filing fees. As a result, it is blocking the door to arbitration and thus is a breach of the agreement to arbitrate. Therefore, Petitioners are entitled to the relief prescribed in the FAA: for this Court to enforce the

arbitration agreement in accordance with its terms and issue an "order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4.

### III. Petitioners Did Not Waive Their Right to Arbitrate

Samsung argues that Petitioners waived their right to arbitrate by requesting AAA close the cases while Petitioners proceeded to Court and by declining to pay Samsung's fees to arbitrate. Neither is true.

The FAA creates a presumption *against* a finding of waiver. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Lukis v. Whitepages Inc*., 535 F. Supp. 3d 775, 786 (N.D. Ill. 2021), appeal dismissed, No. 21-1798, 2022 WL 16638000 (7th Cir. May 13, 2022) (collecting citations). A "waiver of arbitration is not lightly to be inferred." *Dickinson v. Heinold Sec., Inc*., 661 F.2d 638, 641 (7th Cir. 1981) (reversing district court's denial of a motion to compel arbitration). "A waiver can be express or implied through action. Either way, the question is whether 'based on all the circumstances, the party against whom the waiver is to be enforced has acted inconsistently with the right to arbitrate.'" *Brickstructures, Inc. v. Coaster Dynamix, Inc.*, 952 F.3d 887, 891 (7th Cir. 2020) (citation omitted) (quoting *Welborn Clinic v. MedQuist, Inc*., 301 F.3d 634, 637 (7th Cir. 2002)). Further, "the diligence, or lack thereof, of the party seeking arbitration is an important consideration in deciding whether there has been a waiver … other important factors include whether the party seeking arbitration substantially delayed its request for arbitration, participated in litigation, or participated in discovery." *Davis v. Fenton*, 26 F. Supp. 3d 727, 744 (N.D. Ill. 2014). In light of the strong federal policy that favors arbitration, "parties

asserting waiver bear a heavy burden and courts should not lightly infer waiver." *Hoenig v. Karl Knauz Motors, Inc*., 983 F. Supp. 2d 952, 965 (N.D. Ill. 2013).

Here, Petitioners have always acted consistently with their right to arbitrate, and their request for AAA to close the cases so they could move to compel Samsung to abide by its arbitration agreement and their declination to pay Samsung's arbitration fees does not change that. Thus, this Court should find no waiver has occurred.

> **a. Petitioners did not act inconsistently with their right to arbitrate, and AAA rules provide that a party does not waive their right to arbitration by seeking relief from a court to compel the opposing party to arbitrate.**

Petitioners have consistently acted on their right to arbitrate and never waived such right. 9 U.S.C. § 4. Whether a party waived their right to arbitration is determined by a totality of the circumstances analysis as to whether the party acted inconsistently with its arbitration right. *Billie v. Coverall N. Am.*, 594 F. Supp. 3d 479, 496 (D. Conn. 2022) (internal citations omitted). "Courts must examine the totality of the circumstances and determine whether based on all the circumstances, the [party against whom the waiver is to be enforced] has acted inconsistently with the right to arbitrate." *Ernst & Young LLP v. Baker O'neal Holdings, Inc*., 304 F.3d 753, 756 (7th Cir. 2002). *Grumhaus v. Comerica Sec., Inc.,* 223 F.3d 648, 650-51 (7th Cir. 2000); *see also Iowa Grain Co. v. Brown,* 171 F.3d 504, 510 (7th Cir. 1999).

It is difficult to think of any actions that are more consistent with a party's right to arbitrate than what Petitioners did here: (i) sending Samsung letters noticing Samsung of their intention to arbitrate, (ii) filing arbitrations before the agreed upon arbitral forum, (iii) paying over $2.5 million, collectively, in arbitration filing fees, and (iv) promptly moving before this Court to compel Samsung back to arbitration once Samsung breached its arbitration clause.

AAA Rules, which are incorporated into the Arbitration Agreement, acknowledge that a party may proceed to court without waiver of the right to arbitrate. AAA Consumer Rule, R-37 (d) states, in relevant part, "[…] a party to an arbitration agreement under these Rules may instead file in state or federal court for interim relief. Applying to the court for this type of relief, including temporary restraining orders, is consistent with the agreement to arbitrate and *will not be considered a waiver of the right to arbitrate*." (emphasis added) s*ee also* AAA Consumer Rule, R-49(a): "No court or judicial proceeding by a party relating to the subject matter of the arbitration shall be deemed a waiver of the party's right to arbitrate."

Here, Petitioners are entitled to seek relief in court after Samsung breached its arbitration clause through its refusal to pay its business filing fees for all but 14 cases for which it would be knowingly violating a California state law. As contemplated by AAA Rules, Petitioners reserved their rights while telling AAA they would seek interim relief from the court and filed this motion. Additionally, Petitioners expressly reserved their rights to avoid arguments such as this. *See* September 28th Correspondence from Jonathan Gardner to AAA ("Claimants decline Samsung's invitation to pay Samsung's fees to arbitrate the cases. Claimants further respectfully request the AAA issue an invoice to Samsung or, if the AAA believes Samsung's statement is sufficient regarding its refusal to pay the business fees, close the cases so Claimants can proceed to court. Claimants expressly reserve all rights.")

Based on Petitioners actions, Petitioners cannot be deemed to have waived their right to arbitration. Moreover, accepting Samsung's argument would mean a consumer seeking arbitration would have no mechanism to compel a company to pay its share of arbitration fees when the company simply refuses to do so. This cannot be the law.

   **b. Samsung's Refusal to Pay its Fees Violates the FAA and Cannot be Used by Samsung to Manipulate its Way Back to Court**

In an attempt to frustrate the FAA and weaponize AAA's Rules, Samsung makes the novel argument that AAA's Rule giving a non-defaulting party the *option* to advance the defaulting party's fees, in addition to other remedies, is actually a "get out of arbitration free" card for Samsung. Samsung contends that Petitioners waived their right to arbitration when they declined to advance over $200 million in arbitration fees for Samsung. To state this argument is to refute it.

AAA Rule 10(d) provides that when the administrative fees have not been paid in full the "AAA may notify the parties in order that one party ***may*** advance the required payment."[6] This Rule gives the non-defaulting party (Petitioners here) the option, ***but not the obligation***, to advance the fees. Nowhere does the rule provide that by declining that option and moving to compel arbitration the non-defaulting party has somehow waived arbitration. In fact, that interpretation would conflict with the express language of AAA Rule 37 and Rule 49(a), violating the basic maxim of contract interpretation that provisions of a contract are read in harmony with each other. *Henderson v. Roadway Exp.*, 720 N.E.2d 1108, 1111 (Ill. Ct. App. 1999) ("when possible, courts should construe a contract so that different provisions are harmonized and not conflicting with one another").

Samsung's position is also contrary to the FAA. The FAA permits any party aggrieved by another party's refusal to arbitrate under the terms of the agreement to move to compel the arbitration to "proceed in the manner provided for in such agreement." It would come as a shock to the parties that most frequently invoke the FAA, corporate defendants like Samsung, that an individual consumer could avoid arbitration simply by claiming they are willing to "participate in

---

[6] *See* Exhibit C, AAA Supplementary Rules for Multiple Case Filings.

arbitration" but refusing to abide by the terms of the existing arbitration agreement, and then claiming waiver once the other party exercises its rights to compel arbitration under the FAA.

Further courts have recognized, "the fact that the AAA arbitration rules allow the arbitrator to ask [Petitioner] whether [Petitioner] would like to pay in order to prevent termination ***does not create an obligation*** for [Petitioner] to do so, nor does it change the fact that [Respondent] owed the unpaid fees." *See Allemeier v. Zyppah, Inc.*, CV 18-7437 PA (AGRX), 2018 WL 6038340, at *3 (C.D. Cal. Sept. 21, 2018) (quoting *Rapaport v. Soffer*, No. 2:10-CV-00935-KJD-RJJ, 2011 WL 1827147, at *3 (D. Nev. May 12, 2011)).

Samsung cites a handful of cases from outside this District where a party's refusal to arbitrate has been excused by its good-faith failure to pay where it is unable to pay. *See Billie v. Coverall N. Am.*, 594 F. Supp. 3d 479, 492–93 (D. Conn. 2022) citing *Tillman v. Tillman*, 825 F.3d 1069 1076 n.1 (9th Cir. 2016). *Cota v. Art Brand Studios, LLC,* No. 21-CV-1519 (LJL), 2021 WL 4864588 (S.D.N.Y. Oct. 15, 2021), and *Dealer Comput. Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 888 (5th Cir. 2009). Notably, in all those cases, ***the filing fees were paid***. The inability to pay did not occur until the parties were further into the arbitral process. Regardless, Samsung did not and cannot in good faith provide a valid reason for why it cannot pay. Samsung is the world's second-largest technology company by revenue, and as of 2019, its market capitalization stood at $520.65 billion, the 12th largest in the world.[7] In 2021, it had a net income of $21 billion. Further, as of September 2022, Samsung reported a net income of $33 billion.[8] Samsung does not, and cannot, show an inability to pay AAA's fees. Collectively, it would cost

---

[7] Samsung Electronics ranks 18th worldwide in market cap, (Jan. 12, 2020) https://en.yna.co.kr/view/AEN20200112000700320 (last viewed on Jan. 2, 2023).

[8] Samsung Electronics Net Income (TTM) (Sept. 30, 2022), https://ycharts.com/companies/SSNGY/net_income_ttm#:~:text=Samsung%20Electronics%20N et%20Income%20(TTM)%3A%2033.73B%20for%20Sept,30%2C%202022

Samsung 0.06% of its net income (as of 2021) to honor its commitment to pay its portion of the arbitration fees to arbitrate Petitioners' claims. Indeed, Samsung did not even try to argue it does not have the ability to pay.

Samsung cannot simply refuse to pay its fees in hopes of ushering Petitioners into the *G.T.* class action. Petitioners are entitled to choose their forum and they have chosen arbitration. "A party may not manipulate its way back into court by withholding payments despite its ability to pay." *Billie,* 594 F. Supp. 3d at 492. "In *Tillman*, the Ninth Circuit determined that both Sections 3 and 4 of the FAA bar the district court from providing relief to a party who chooses not to pay for arbitration. In such a situation, "'**the district court probably could ... compel arbitration under the FAA's provision allowing such an order in the event of a party's 'failure, neglect, or refusal' to arbitrate.**'" *See Tillman*, 825 F.3d at 1075–76 (quoting 9 U.S.C. § 4.). *Billie*, 594 F. Supp. 3d at 472. "Even if such an arbitration has been terminated in accordance with the rules governing the arbitration, as Tillman's arbitration was here, it may be contrary to 'the structure and purpose of the FAA' to allow a party to an arbitration agreement to benefit from their intentional noncompliance with an arbitrator's rules." *Sink v. Aden Enters. Inc.*, 352 F.3d 1197, 1200 (9th Cir. 2003). But because Tillman was unable to pay, gave notice of her inability to pay during arbitration, and "made genuine efforts to make alternate payment arrangements," id. at 1199, we need not decide how to construe 9 U.S.C. §§ 3 and 4 in the event of a party's willful nonpayment of an arbitrator's fees." *Id., see also Allemeier*, 2018 WL 6038340, at *4 ("[t]he Court finds that by repeatedly refusing to pay its portion of the filing fee as determined by the AAA. . . and continuing to oppose arbitration here, Zyppah has failed or refused to arbitrate") and *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-715 SC, 2011 WL 6014438, at *2-4 (N.D. Cal. Dec. 2, 2011) (rejecting argument that defendants were not refusing to arbitrate under the FAA

because they were willing to arbitrate in a location other than the one provided for in the agreement.). Samsung does have the ability to pay and therefore this Court must act in accordance with 9 U.S.C. §§ 3 and 4.

Endorsing Samsung's outright refusal to pay its arbitration fees and request to force Petitioners into the putative class action would set a dangerous precedent that would create an absolute chilling effect on a consumer's right to relief. It would also render all types of arbitration agreements illusory, as it would allow a corporate defendant the ability to enforce its arbitration provision when beneficial but avoid its application when not, simply by refusing to pay its fees.

Samsung does not have the discretion or financial position to refuse to pay its fees and request its fees be covered by Petitioners, and Petitioners declination to do so does not constitute waiver of their right to arbitration.

## IV. Advancing $200 Million in Arbitration Fees or Joining a Putative Class Action is Not a Sufficient Remedy at Law for Samsung's Willful Breach of Its Arbitration Obligations

For months after it was on notice of Petitioners' putative arbitration claims, Samsung continued to represent to a different District Judge in this court that "Plaintiffs agreed to arbitrate all disputes with Samsung, including those at issue in this purported class action as contained in the Terms and Conditions." *G.T.* Mot. at 13-14. This is the very motion that Samsung withdrew months after Petitioners noticed Samsung of their claims and only days before it told AAA it refused to pay its fees. Now, when faced with 50,000 filed arbitrations, Samsung claims that Petitioners cannot compel arbitration because "the claims asserted in Petitioners' demands for arbitration are encompassed by an already pending putative class action that would assert these claims on their behalf." Samsung Op. at 33. Samsung's actions are duplicitous and should not be blessed. Further, whether the claims are encompassed in the pending class action is irrelevant. A

putative class member is always free to pursue their own individual claim which is what Petitioners did here. Per the T&C, Samsung and Petitioners already agreed to resolve their claims in arbitration. "Once a party selects a forum, the courts have an interest in enforcing that choice and not allowing parties to change course midstream." *Grumhaus*, 223 F.3d at 650 (collecting citations). Moreover, taking away the promise of arbitration's speedier resolution of disputes contradicts Congressional intent behind the FAA. *See AT&T Mobility LLC v Concepcion*, 563 US 333 (2011); *Am. Express Co. v Italian Colors Rest.*, 570 US 228 (2013); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.* 473 US 614 (1985); *Preston v. Ferrer,* 551 U.S. 1190 (2007); *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213 (1985); *United Paperworkers Int'l. Union, AFL-CIO v. Misco, Inc.,* 484 U.S. 29 (1987).

Worse, Samsung requests this "remedy" when a class has not even been certified and Samsung will likely oppose class certification.[9] What happens if the class is not ultimately certified? Would Samsung then agree that Petitioners can proceed in arbitration? In any event, Petitioners are entitled to control their own fate in litigation and not be forced to be absent class members. Had Samsung complied with its contract, the parties would already be litigating the substance of its privacy violations in individual arbitrations. A class action that has not even gotten through preliminary briefing is not a fair substitute to the speedy resolution arbitration offers. Indeed, consumers would be making a logical choice to elect arbitration over a class action because, as corporate proponents of arbitration have asserted, the awards in arbitration cases tend to be higher than those in a class action settlement.[10]

---

[9] Indeed, Samsung's strategy is no different than any other class action. Samsung is scheduled to file its Motion to Dismiss in the pending putative class action on January 30, 2023.

[10] Fairer, Faster, Better II: An Empirical Assessment of Consumer Arbitration (November 2020), https://instituteforlegalreform.com/wp-content/uploads/2020/11/FINAL-Consumer-Arbitration-Paper.pdf (last viewed on January 16, 2023).

Fortunately, the law already provides an efficient remedy when a company refuses to comply with AAA's administrative determinations: order the company to arbitrate in accordance with its agreement with consumers, including payment of the applicable filing fees. *See McClenon v. Postmates Inc.*, 473 F. Supp. 3d 803, 806 (N.D. Ill. 2020) (compelling company to arbitrate individual demands before AAA); *Adams v. Postmates, Inc.*, 414 F. Supp. 3d 1246, 1254 (N.D. Cal. 2019), *aff'd*, 823 F. App'x 535 (9th Cir. 2020) (same); *Abernathy*, 438 F. Supp. 3d at 1066 (same). This Court should follow the same precedent and compel Samsung to arbitration.

## V. This Court Has Authority to Order Samsung to Arbitrate

This Court has authority to order Samsung to comply with its contract. Under the FAA, a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration *proceed in the manner provided for in such agreement*." 9 U.S.C. § 4 (emphasis added). When a party moves to compel arbitration pursuant to Section 4 of the FAA, they must show (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration. *Zurich Am. Ins. Co. v. Watts Indus., Inc.,* 466 F.3d 577, 580 (7th Cir.2006). If these requirements are met, the FAA "mandates that district courts shall direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc.*, 470 U.S. at 218; *see also Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83–84 (2002).[11] As shown in the Petition and in Petitioners opening papers, these conditions have been met here. *See* Verified Petition to Compel Arbitration at ¶¶ 12-16; *see also* Petitioners' Motion to Compel Arbitration at 9-12.

---

[11] Petitioners may institute a court action by filing a petition to compel arbitration, as they have done here. *See, e.g., Cequent Performance Prods., Inc. v. Let's Go Aero, Inc.*, No. 14 C 8457, 2016 WL 4036754, at *2 (N.D. Ill. July 28, 2016); *Unite Here Loc. 1 v. The Standard Club*, No. 07-CV-2530, 2007 WL 2962788, at *1 (N.D. Ill. Oct. 5, 2007).

Interestingly, Samsung makes the argument that this Court cannot order it to pay fees because that is a procedural question to be determined by the arbitrator. Samsung Op. at 28. But in order to have that question answered, Samsung needs to pay its fees and refuses to do so. This type of circular argument is exactly Samsung's playbook: continuously making arguments that allow it to avoid ever actually litigating its liability. This is not the first time that a corporate defendant has refused to arbitrate by refusing to pay its fees. In response, Courts around the country have uniformly held that they must arbitrate "in the manner provided for in such agreement." This means paying the required fees before trying to object to administrative decisions or making premature procedural or merits arguments.

For example, in a case before a court in this District, in *McClenon v. Postmates Inc*., 473 F. Supp. 3d 803, 806 (N.D. Ill. 2020), *appeal dismissed*, No. 20-2577 (7th Cir Apr. 8, 2021), individual rideshare couriers filed thousands of individual arbitration demands with AAA pursuant to an arbitration clause in their "Fleet Agreement" with the company. The company refused to pay arbitration fees, claiming that the arbitration demands were improperly filed under the Fleet Agreement and were an impermissible collective arbitration tactic. AAA informed the company that the couriers' demands were properly filed as individual arbitrations under AAA rules and that the company could raise any additional issues with the demands before the arbitrators assigned to the individual arbitrations. *Id. at* 807. The company refused to pay the arbitration fees. On the parties' cross-motions to compel arbitration, the Northern District of Illinois ordered the company to arbitrate because "the Fleet Agreement delegates to the arbitrator the exclusive authority to resolve Postmates' claims that Petitioners' arbitration demands violate the Class Action and Representative Action Waivers by seeking *de facto* class arbitration. As such, the Court declines

to consider the merits of the parties' arguments on that issue and leaves them for an arbitrator to resolve." *Id.* at 811-12.

Similarly, courts in the Ninth Circuit have ordered recalcitrant companies to arbitrate in accordance with their agreements. In *Adams*, 414 F. Supp. 3d at 1254, the Northern District of California reached the same conclusion with respect to a rideshare company's failure to pay arbitration fees for the claims of 5,257 couriers. The company raised arguments regarding whether the couriers had complied with AAA's filing rules and sought an order from the court compelling them to refile their demands. The court disagreed "it is unnecessary to resolve Petitioners' purported motivations with respect to the Class Action Waiver. To the contrary, the salient issue is simply whether Petitioners' demands comport with the requirements of the T&C. That determination is within the arbitrator's exclusive authority." *Id.* at 1254; *see also Abernathy* 438 F. Supp. 3d 1066 (granting motion to compel arbitration as to 5,010 individual couriers over refusal of company to pay arbitration fees). That decision was upheld by the Ninth Circuit. 823 F. App'x 535 (9th Cir. 2020).

In *McLellan v. Fitbit, Inc.*, the court granted the defendant's motion to compel the plaintiff's misrepresentation claims to arbitration under the defendant's Terms of Service. No. 16-cv-00036-JD, 2018 WL 3549042, at *1, *2 (N.D. Cal. July 24, 2018). When the plaintiff then demanded arbitration, the defendant "turned to 'the dark side'" and refused to pay the filing fees it owed under the same Terms of Service upon which it had relied to compel arbitration. *Id.* at *2, *4. While the defendant's eleventh-hour decision to pay the arbitration fees after the Court had expressed concern saved it from losing the motion to compel arbitration, the court-imposed sanctions on counsel for "delay[ing] and imped[ing] the arbitration on frivolous grounds." *Id.* at *4, *6.

19

Samsung and each Petitioner entered into a valid arbitration agreement applicable to Petitioners' underlying privacy claims. There can be no serious dispute that Samsung breached that agreement by refusing to arbitrate. Therefore, this Court's role is clearly defined. It must "rigorously enforce the arbitration agreement in accordance with [its] terms," *Am. Express Co.,* 570 U.S. 228 at 232, and issue an "order directing that such arbitration proceed in the manner provided for in such agreement," 9 U.S.C. § 4.

This Court can and must compel Samsung to arbitrate Petitioners' claims.

## VI. CONCLUSION

Samsung has violated AAA's requirements and breached its contractual obligation to arbitrate Petitioners' claims. Pursuant to the FAA, this Court must grant Petitioners' motion, enforce the Mutual Arbitration Provision as written in the T&C, and order Samsung to arbitrate Petitioners' claims in accordance with the terms and conditions it drafted, which includes the requirement to pay its share of the arbitration filing fees.

January 19, 2023

Respectfully submitted,

LABATON SUCHAROW LLP

/s/ Jonathan Gardner
Jonathan Gardner
Melissa H. Nafash
Jonathan Waisnor
Shannon K. Tully
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jgardner@labaton.com
mnafash@labaton.com
jwaisnor@labaton.com
stully@labaton.com
*Counsel for Petitioners*

WALLACE MILLER

/s/ Mark R. Miller
Mark R. Miller
WALLACE MILLER
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
Tel: (312) 261-6193
Fax: (312) 275-8174
E.mrm@wallacemiller.com