**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

|  |  |  |
|---|---|---|
| **PAULA WALLRICH, DANIELLE JONES,** | : | Civil Action No: 1:22-cv-05506 |
| **GRANT GRINNELL, JEFFREY BURTON,** | : |  |
| **RHONDA MCCALLUM, PROVIDENCIA** | : | Hon. Harry D. Leinenweber |
| **VILLEGAS, and 49,980 other individuals**, | : |  |
|  | : |  |
| *Petitioners*, | : | (Addressing related action docketed as |
|  | : | *Melanie Hoeg, Angela Davis, Melinda* |
| - against - | : | *Garcia, and 1,025 Other Individuals v.* |
|  | : | *Samsung Electronics America, Inc., and* |
| **SAMSUNG ELECTRONICS AMERICA,** | : | *Samsung Electronics Co., Ltd. (d/b/a* |
| **INC. and SAMSUNG ELECTRONICS CO.,** | : | *Samsung Electronics America, Inc.)*, |
| **LTD.**, | : | Civil Action No. 1:23-cv-01951, presently |
|  | : | assigned to the Hon. Jorge L. Alonso) |
| *Respondents.* | : |  |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## RESPONDENTS' MOTION FOR REASSIGNMENT OF RELATED CASE

Pursuant to this Court's Local Rule 40.4(c), Respondents hereby move that the action captioned as *Melanie Hoeg, Angela Davis, Melinda Garcia, and 1,025 Other Individuals v. Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (d/b/a Samsung Electronics America, Inc.)*, which was filed in this Court on March 28, 2023, docketed as Civil Action No. 1:23-cv-01951, and presently assigned to the Hon. Jorge L. Alonso of this District ("*Hoeg*"), be reassigned to the Hon. Harry D. Leinenweber, who presides over the above-captioned action ("*Wallrich*").

As grounds therefor, Respondents respectfully submit that (i) the petitioners in *Hoeg* acknowledge that their action is related to *Wallrich*; (ii) at least 241 (*i.e.*, 23%) of the *Hoeg* petitioners are <u>also</u> petitioners in *Wallrich*; (iii) the respondents in *Hoeg* and *Wallrich* are the same; (iv) there is a substantial overlap between the issues involved in *Hoeg* and *Wallrich;* and (v) reassignment of *Hoeg* will facilitate this Court's efficient resolution of the two actions.

As further grounds for this Motion, Respondents state as follows:

1.      On October 7, 2022, this action—*Wallrich*—was commenced in this Court by the filing of a petition to compel arbitration on behalf of 49,986 claimants against Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (collectively, "Samsung"). (*See Wallrich* ECF No. 1 ("*Wallrich* Pet.").)

2.      The *Wallrich* petitioners, represented by Labaton Sucharow LLP ("Labaton") and the Wallace Miller firm, assert that they wish to pursue claims against Respondents under the Illinois Biometric Information Privacy Act ("BIPA") in arbitration before the American Arbitration Association ("AAA") related to the functionality of the Gallery Photo App on Samsung Galaxy smartphones and tablets.

3.      This Court set a briefing schedule in *Wallrich* (ECF No. 14) for Petitioners' Motion To Compel Arbitration (ECF No. 2) and Respondents' Motion To Dismiss Petition To Compel Arbitration (ECF No. 26).

4.      The issues presented and the relief sought by the pending motions in *Wallrich* include the following:

(i)     whether the Federal Arbitration Act authorizes the *Wallrich* Petitioners to seek the relief that they request when Respondents followed the AAA rules and the AAA closed the *Wallrich* Petitioners' arbitration proceedings at the *Wallrich* Petitioners' request;

(ii)    whether the *Wallrich* Petitioners have waived any right to the relief sought by refusing to advance arbitration fees when offered that opportunity by the AAA and instead requesting that the AAA close the arbitrations;

(iii)   whether the *Wallrich* Petitioners could be entitled to any equitable relief in view of their adequate remedies at law;

(iv)    whether the *Wallrich* Petitioners have each pleaded an adequate basis for venue in this Court;

(v)     whether the *Wallrich* Petitioners are permitted to proceed collectively via their petition under the terms of the arbitration agreement that they

putatively seek to enforce (which includes a class action and collective action waiver); and

(vi) whether the *Wallrich* Petitioners have sufficiently pleaded that each of them has a valid arbitration agreement with Respondents.

5. As of February 9, 2023, those motions were fully briefed in *Wallrich*. This Court has advised that it will rule by mail on those motions. (*See* ECF Nos. 33, 37.)

6. On March 28, 2023, *Hoeg* was commenced by 1,028 petitioners represented by a different set of counsel—Milberg Coleman Bryson Phillips Grossman PLLC ("Milberg") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller"). (*See* Ex. 1, *Hoeg* ("*Hoeg* Pet.") and Ex. 2, *Hoeg* Civil Cover Sheet.)

7. Like the *Wallrich* petitioners, the *Hoeg* petitioners assert that they wish to pursue claims against Respondents under BIPA in AAA arbitration to challenge the functionality of the Gallery Photo App on Samsung Galaxy smartphones and tablets. (*Hoeg* Pet. ¶ 2.) Although the *Hoeg* Petition involves only 1,028 petitioners, Milberg and Robbins Geller also assert in the petition that they represent approximately 60,000 potential claimants with identical claims against Respondents. (*Id.* ¶ 17 n.4.)

8. Not only are the respondents in *Wallrich* and *Hoeg* identical (*i.e.*, Samsung Electronics America and Samsung Electronics Co., Ltd.), but at least 241 of the 1,028 *Hoeg* petitioners—over 23%—are <u>also</u> petitioners in *Wallrich*. (*See* Ex. 3, listing those petitioners.) It is unclear on what basis Milberg and Robbins Geller could now claim to represent those petitioners in *Hoeg* when those same persons have been represented in *Wallrich* by Labaton for five months, seeking substantively identical relief.[1] The *Hoeg* petitioners should not be heard to

---

[1] Respondents noted in their briefing on the pending motions in *Wallrich* that certain *Wallrich* petitioners "also purport to be represented by entirely different counsel on the same

assert that Respondents have engaged in "undeniable gamesmanship and multiplication of proceedings" (*Hoeg* Pet. ¶ 45 n.6), when many of those very petitioners have now filed an entirely duplicative petition against Respondents. *See Weizeorick v. ABN AMRO Mortg. Grp., Inc.*, No. 01 C 713, 2004 WL 528006, at *3 (N.D. Ill. Mar. 16, 2004) ("[C]laim splitting is not favored because it multiplies the costs of litigation on an opponent[']s adversaries and the judicial system.").

9.      The *Hoeg* petition is substantially similar to the *Wallrich* petition and in many instances tracks the language of the *Wallrich* petition verbatim (or nearly so).  For example:

| *Wallrich* Petition (filed October 7, 2022) | *Hoeg* Petition (filed March 28, 2023) |
|---|---|
| 27. Samsung has nearly a 30% market share of the smartphone market in the United States, and a 17.6% market share of the tablet market. Since 2009, Samsung has sold over 2 billion "Samsung Galaxy"(formerly stylized as "Samsung GALAXY") smartphone devices and more than 50 million "Galaxy Tab" devices (collectively "Samsung Devices") within the last two years. The Samsung Galaxy product line includes the popular Galaxy S, Galaxy Note, Galaxy Z, Galaxy A (Alpha), and Galaxy M (Millennial) series. Samsung is the designer, manufacturer, and vendor of Samsung smartphones, tablets, and apps. | 26. Samsung has nearly a 30% market share of the smartphone market in the United States, and a 17.6% market share of the tablet market. Since 2009, Samsung has sold over 2 billion "Samsung Galaxy" (formerly stylized as "Samsung GALAXY") smartphone devices and more than 50 million "Galaxy Tab" devices (collectively "Samsung Devices") within the last two years. The Samsung Galaxy product line includes the popular Galaxy S, Galaxy Note, Galaxy Z, Galaxy A (Alpha), and Galaxy M (Millennial) series. Samsung is the designer, manufacturer, and vendor of Samsung smartphones, tablets, and apps. |
| 28. Petitioners are purchasers of Samsung's Devices who have taken photographs of themselves using their Samsung Device, including photographs of their faces and other physical attributes, while residing in the State of Illinois and, as a result, had their biometric | 27. Petitioners are purchasers of Samsung's Devices who have taken photographs of themselves using their Samsung Devices, including photographs of their faces and other physical attributes, while residing in the State of Illinois and, as a result, had their biometric |

---

threatened claim against [Respondents]." (*Wallrich* ECF No. 27, at 14.)  This overlap heightens Respondents' concerns that the counsel purporting to represent these petitioners have failed to conduct any requisite diligence on their clients, and that the petitioners themselves may not be aware that they have become parties to an action in federal court.

| ***Wallrich* Petition (filed October 7, 2022)** | ***Hoeg* Petition (filed March 28, 2023)** |
|---|---|
| data surreptitiously collected in violation of Illinois law. | data surreptitiously collected in violation of Illinois law. |
| 29. Samsung entered into an agreement with each Petitioner requiring that Samsung and the Petitioner individually arbitrate any claim arising from the performance of the product, including a claim that Samsung's technology surreptitiously generates and collects Petitioners' biometric data in violation of Illinois law. *See, e.g.*, Exs. B-E (Mutual Arbitration Agreement). The agreement further requires that the arbitration be administered by AAA under the Consumer Rules. *Id.* | 28. Samsung entered into a binding agreement with each Petitioner requiring that Samsung and the Petitioner individually arbitrate any claim arising from the performance of the Devices, including a claim that Samsung's technology surreptitiously generates and collects Petitioners' biometric data in violation of Illinois law. *See* Ex. B at 4, 9-12. The agreement further requires the arbitration be administered by AAA under the Consumer Rules. *Id.* at 10-11. |

(*Compare also Wallrich* Pet. ¶¶ 20-24 *with Hoeg* Pet. ¶¶ 18-22; *Wallrich* Pet. ¶¶ 25-26 *with Hoeg* Pet. ¶¶ 24-25; *Wallrich* Pet. ¶¶ 30-33 *with Hoeg* Pet. ¶¶ 29-32; *Wallrich* Pet. ¶ 42 *with Hoeg* Pet. ¶ 42.) Significantly, both Petitions seek substantially identical relief:

| ***Wallrich* Petition (filed October 7, 2022)** | ***Hoeg* Petition (filed March 28, 2023)** |
|---|---|
| **PRAYER FOR RELIEF** | **PRAYER FOR RELIEF** |
| WHEREFORE, Petitioners respectfully request that this Court enter an order granting the following relief: | WHEREFORE, Petitioners respectfully request that this Court enter an order granting the following relief: |
| 43. Requiring that Samsung arbitrate each Petitioner's claims under the Mutual Arbitration Provision, pursuant to 9 U.S.C. § 4, which includes paying the arbitration fees and costs AAA determines are necessary to empanel arbitrators and proceed with arbitrations; | 43. Requiring that Samsung arbitrate each Petitioner's claims in accordance with the terms of the Mutual Arbitration Provisions, pursuant to 9 U.S.C. §4, which includes paying the arbitration fees and costs necessary to empanel arbitrators and proceed with the arbitrations; |
| 44. Petitioners' reasonable attorneys' fees, costs, and expenses; and | 44. Awarding Petitioners' reasonable attorneys' fees, costs, and expenses; and |
| 45. Granting such other relief as the Court deems just and proper. | 45. Granting all such other relief that the Court deems just and proper. |

10.     The *Hoeg* petitioners expressly acknowledged in their Civil Cover Sheet that their action is related to *Wallrich*, although they did not identify Judge Leinenweber by name:

| IX.  **RELATED CASE(S) IF ANY** *(See instructions):* | Judge | | Case Number 1:22-cv-05506 (N.D. Ill) |
|---|---|---|---|

(*See* Ex. 2, *Hoeg* Civil Cover Sheet.)

11.     Respondents respectfully submit that many of the issues raised and briefed in the pending motions in *Wallrich* (as set forth above) are likely to have a bearing on the request for relief sought by the *Hoeg* petitioners.[2]

12.     Accordingly, Respondents respectfully submit that under Local Rule 40.4 of this Court, *Hoeg* should properly be reassigned to the Hon. Harry D. Leinenweber, who presides over *Wallrich*:

- The *Hoeg* petitioners have acknowledged that their action is related to *Wallrich*.

- As demonstrated above, *Hoeg* and *Wallrich* "involve some of the same issues of fact or law" and "grow out of the same transaction or occurrence" (*i.e.*, closed arbitral proceedings before the AAA involving putative BIPA claims asserted against Respondents).  Local Rule 40.4(a)(2)-(3).

- Each of the four criteria of Local Rule 40.4(b) would appear to be met here:

  (1)  both cases are pending in this Court;
  (2)  the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;
  (3)  the earlier case [*Wallrich*] has not progressed to the point where designating a later filed case [*Hoeg*] as related would be likely to delay the proceedings in the earlier case  [*Wallrich*] substantially; and
  (4)  the cases are susceptible of disposition in a single proceeding.

---

[2]     Respondents reserve their rights to raise additional defenses to the *Hoeg* Petition.

*Id.*

13.     As this Court has noted, Local Rule 40.4 "does not require that the cases be completely identical to permit reassignment.  Rather, the issue is whether both actions 'involve fundamentally similar claims and defenses that will likely be amenable to dispositive treatment in unified proceedings.'"  *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2011 WL 686813, at *5 (N.D. Ill. Feb. 15, 2011) (Leinenweber J.) (citation omitted) (granting motion for reassignment); *see also Bakov v. Consol. World Travel, Inc.*, No. 15 C 2980, 2020 WL 10963912, at *3 (N.D. Ill. July 2, 2020) (Leinenweber J.) (granting motion for reassignment where "the Plaintiffs bring similar claims in both cases and Defendants raise very similar defenses.  It not only makes sense to resolve these matters in a single proceeding—it makes little sense not to.").

## CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Respondents respectfully submit that reassignment of *Hoeg* to the Hon. Harry D. Leinenweber is warranted.[3]

Dated: March 30, 2023

Respectfully submitted,

Mark Howard Boyle
DONOHUE BROWN MATHEWSON & SMYTH LLC
131 South Dearborn Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-0900

James L. Kopecky
KOPECKY SCHUMACHER ROSENBURG LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 380-6552

/s/ *Randall W. Edwards*
Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

Michael W. McTigue Jr. (*pro hac vice*)
Meredith C. Slawe (*pro hac vice*)
Kurt Wm. Hemr (*pro hac vice*)
SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000

*Attorneys for Respondents*
*Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.*

---

[3] As of this writing, service has not been effectuated on Respondents in *Hoeg*. Respondents have not waived service and reserve all of their rights in that regard.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 30th day of March, 2023, he caused the foregoing Respondents' Motion For Reassignment Of Related Case to be filed with the Clerk of the District Court via the CM/ECF system, which will send notification of such filing to all counsel of record in *Wallrich* at the email addresses on file with the Court.

The undersigned further certifies that on that same day, he caused a copy of the foregoing Respondents' Motion For Reassignment Of Related Case to be served by electronic mail to all counsel of record in the action captioned *Melanie Hoeg et al. v. Samsung Electronics America, Inc. et al.*, which is docketed as Civil Action No. 1:23-cv-1951 in this Court, as follows:

Gary M. Klinger
MILBERG COLEMAN BRYSON
   PHILLIPS GROSSMAN PLLC
221 West Monroe Street, Suite 2100
Chicago, Illinois 60606
Telephone: (866) 252-0878
gklinger@milberg.com

Jonathan B. Cohen
MILBERG COLEMAN BRYSON
   PHILLIPS GROSSMAN PLLC
3833 Central Avenue
St. Petersburg, Florida 33713
Telephone: (813) 699-4056
jcohen@milberg.com

Stuart A. Davidson
Mark Dearman
Alexander C. Cohen
ROBBINS GELLER RUDMAN & DOWD LLP
225 NE Mizner Boulevard, Suite 720
Boca Raton, Florida 33432
Telephone: (561) 750-3000
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
acohen@rgrdlaw.com

Dated: March 30, 2023

/s/ *Randall W. Edwards*
Randall W. Edwards
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

*Attorney for Respondents*
*Samsung Electronics America, Inc. and*
*Samsung Electronics Co., Ltd.*