UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAULA WALLRICH, DANIELLE JONES, GRANT GRINNELL, JEFFREY BURTON, RHONDA MCCALLUM, PROVIDENCIA VILLEGAS, and 49,980 other individuals,<br><br>    Petitioners,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>    Respondents. | Case No. 1:22-cv-05506<br><br>Hon. Harry D. Leinenweber<br><br>(Addressing related action docketed as *Melanie Hoeg, Angela Davis, Melinda Garcia, and 1,025 Other Individuals v. Samsung Electronics America, Inc., and Samsung Electronics Co., Ltd. (d/b/a Samsung Electronics America, Inc.)*, Civil Action No. 1:23-cv-01951, presently assigned to the Hon. Jorge L. Alonso) |

**HOEG PETITIONERS' RESPONSE TO RESPONDENT'S MOTION
<u>FOR REASSIGNMENT OF RELATED CASE</u>**

Petitioners in the case styled *Hoeg, et al. v. Samsung Elecs. Am., Inc., et al.*, No. 1:23-cv-01951 (N.D. Ill.), presently assigned to the Hon. Jorge L. Alonso ("*Hoeg*"), respectfully file this response to Respondents'[1] Motion for Reassignment of Related Case ("Motion") (ECF 40), and state as follows:

As this Court is now aware, over 60,000 individual consumers – nearly 50,000 are Petitioners in this case and another 1,028 are Petitioners in *Hoeg* – initiated arbitration proceedings against Respondents pursuant to a binding arbitration agreement Respondents forced upon them in contracts of adhesion. Unhappy that Respondents' own contracts required them to defend a slew of individual arbitrations, Respondents intentionally breached those contracts by failing to pay the American Arbitration Association's ("AAA") required fees, forcing Petitioners in this case to file a Petition to Compel Arbitration (ECF 1) and a Motion to Compel Arbitration (ECF 2).

On March 28, 2023, Petitioners in *Hoeg* filed their own Petition to Compel Arbitration (*Hoeg* ECF 1), and they intend to move to compel arbitration as well.

Importantly, Respondents asked Petitioners in *Hoeg* to hold off on filing their Petition to Compel Arbitration so that the parties could try to mediate their dispute. Petitioners in *Hoeg* agreed to do so, and a virtual mediation was scheduled with mediator Jill Sperber, Esq. on March 22, 2023. However, while the *Hoeg* Petitioners attended mediation with reasonable settlement options for Respondents' consideration, Respondents never intended to mediate in good faith and wasted the parties' time and money. And, as Respondents hoped would occur, delayed the *Hoeg* Petitioners' Petition to Compel Arbitration.[2]

---

[1] Respondents are Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd.

[2] Meanwhile, and without informing Counsel for *Hoeg*, Respondents completely overhauled their arbitration clause to impose burdensome obstacles for Petitioners to initiate arbitration moving forward.

- 1 -

- 2 -

Yet, that's not germane to Respondents' Motion. What is germane is that at no time during the months leading up to mediation, at mediation, or anytime thereafter did Respondents mention that some of undersigned counsel's clients may also be represented by Labaton Sucharow LLP ("Labaton"). Why? Because while that fact has absolutely nothing to do with the relief Respondents request in their Motion – *i.e.*, reassignment of a related case, Respondents simply wanted an opportunity to attack opposing counsel. This is nothing new for Respondents' lawyers. They have repeatedly threatened the *Hoeg* Petitioners' counsel with improper and unprofessional attacks from the outset, even threatening suing their law firms without any basis whatsoever.

Petitioners in *Hoeg* want to make two things crystal clear. First, their counsel take their professional and ethical obligations to their clients, this Court, and opposing counsel extraordinarily seriously and would **never** intentionally violate a single ethical canon in any matter. Second, immediately upon reading Respondent's Motion, undersigned counsel reached out to Labaton to schedule a Zoom conference to discuss the dual-representation issue. During that conference, undersigned counsel and Labaton established a protocol to address the dual-representation issue and agreed that no single Petitioner will be represented by different law firms in separate arbitration or litigation. Once it is determined which law firm(s) will be representing which overlapping Petitioner, the Court and Respondents will be promptly advised. The *Hoeg* Petitioners would note that this dual-representation issue is not uncommon in mass-tort cases, where clients may (inadvertently or not) sign representation agreements with more than one law firm.

Finally, as to the specific relief Respondents request in their Motion, Petitioners in *Hoeg* have no objection to reassigning *Hoeg* to this Court. Indeed, Petitioners expected that this Court would be assigned *Hoeg* when they noted this case as "Related" on their Civil Cover Sheet, and

- 3 -

would have agreed to reassignment, had Respondents' counsel simply picked up the phone and asked.  Respondents obviously had other plans.

DATED:  April 6, 2023

/s/ *Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
221 W. Monroe Street, Suite 2100
Chicago, IL 60606
866.252.0878
gklinger@milberg.com

Jonathan B. Cohen
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
3833 Central Ave.
St. Petersburg, FL 33713
(813) 699-4056
jcohen@milberg.com

**ROBBINS GELLER RUDMAN & DOWD LLP**
Stuart A. Davidson (*pro hac vice\**)
Mark Dearman (*pro hac vice\**)
Alexander C. Cohen (*pro hac vice\**)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
acohen@rgrdlaw.com

\**pro hac vice forthcoming*

- 4 -

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of April, 2023, I caused a true and correct copy of the foregoing notice to be filed with the Clerk of the Court for the Northern District of Illinois via the Court's CM/ECF system, which will send notification of such filing to the counsel of record in the above-captioned matters.

                                                                */s/ Gary M. Klinger*
                                                                 Gary M. Klinger