**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **PAULA WALLRICH, DANIELLE JONES,** : <br> **GRANT GRINNELL, JEFFREY BURTON,** : <br> **RHONDA MCCALLUM, PROVIDENCIA** : <br> **VILLEGAS, and 49,980 other individuals**, : <br> : <br> *Petitioners*, : <br> : <br> - against - : <br> : <br> **SAMSUNG ELECTRONICS AMERICA,** : <br> **INC. and SAMSUNG ELECTRONICS CO.,** : <br> **LTD.**, : <br> : <br> *Respondents*. : | Civil Action No: 1:22-cv-05506 <br><br> Hon. Harry D. Leinenweber |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MOTION TO STAY THE COURT'S SEPTEMBER 12, 2023, ORDER AND**
**REQUEST FOR ADMINISTRATIVE STAY IF NECESSARY**

Mark Howard Boyle
DONOHUE BROWN MATHEWSON &
   SMYTH LLC
131 South Dearborn Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-0900

Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

James L. Kopecky
KOPECKY SCHUMACHER
   ROSENBURG LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 380-6552

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000

Dated: October 5, 2023

*Attorneys for Respondents*
*Samsung Electronics America, Inc. and*
*Samsung Electronics Co., Ltd.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CONTENTS ......................................................................................... i

TABLE OF AUTHORITIES ................................................................................. iii

INTRODUCTION .................................................................................................. 1

FACTUAL AND PROCEDURAL BACKGROUND ............................................ 3

    1.    The Arbitration Agreement Provides That AAA Rules Govern The
        Arbitration. ................................................................................................ 3

    2.    The AAA's Rules Give It Complete Discretion Over The Arbitration
        Process, Including Assessment Of Arbitral Fees. ...................................... 4

    3.    Petitioners' Counsel Filed 50,000 Individual Claims With The AAA In An
        Attempt To Leverage Arbitral Fees To Extract A Settlement From
        Samsung. .................................................................................................... 4

    4.    Notwithstanding The AAA's Resolution Of The Fee Issue In Accordance
        With Its Rules, The Court Ordered Samsung To Pay Arbitral Fees For
        35,561 Petitioners. .................................................................................... 5

LEGAL STANDARD ............................................................................................ 6

ARGUMENT ......................................................................................................... 7

I.    SAMSUNG HAS A SUBSTANTIAL CASE ON APPEAL AND THUS HAS A
    SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS ............................... 7

    A.    Petitioners Failed To Meet Their Burden Of Showing That They Had An
        Arbitration Agreement With Samsung In The First Place. ....................... 8

    B.    Whether And When Samsung Must Pay Arbitral Fees Is A Question For
        The AAA, Not The Courts. ....................................................................... 9

        1.    The Arbitration Agreement Delegates Fee Issues To The AAA And
            The Court May Not Rewrite That Contract. ................................... 9

        2.    Even If The Arbitral Agreement Were Silent On Fees, Courts Have
            Recognized That Fees Are A Procedural Issue For The Arbitrator. ........... 10

    C.    Because The Court Ruled That It Cannot Resolve Whether The Petition Is
        Defective, It Lacked Authority To Reach The Underlying Merits—
        Namely, Whether Samsung Breached The Arbitration Agreement. ..................... 13

i

II.    SAMSUNG WILL BE IRREPARABLY HARMED ABSENT A STAY. .......................... 13

III.   A STAY WOULD NOT SUBSTANTIALLY HARM PETITIONERS, AND THE
       PUBLIC INTEREST SUPPORTS A STAY. ...................................................................... 15

CONCLUSION ................................................................................................................................ 15

## TABLE OF AUTHORITIES

**CASES**                                                                                                          **Page(s)**

*In re A & F Enterprises, Inc. II,*
  742 F.3d 763 (7th Cir. 2014) ......................................................................................7, 15

*Adams v. Postmates, Inc.,*
  414 F. Supp. 3d 1246 (N.D. Cal. Oct. 22, 2019),
  *aff'd*, 823 F. App'x 535 (9th Cir. 2020)..........................................................................11

*BG Group, PLC v. Republic of Argentina,*
  572 U.S. 25 (2014)..........................................................................................9, 10, 11, 12

*Chase Bank USA, N.A. v. Swanson,*
  No. 10-cv-06972, 2011 WL 529487 (N.D. Ill. Feb. 4, 2011) .............................................9

*Chesapeake Appalachia, LLC v. Scout Petroleum, LLC,*
  809 F.3d 746 (3d Cir. 2016)....................................................................................11, 12

*Classic Components Supply, Inc. v. Mitsubishi Electronics America, Inc.,*
  841 F.2d 163 (7th Cir. 1988) ...............................................................................15

*Coinbase, Inc. v. Bielski,*
  143 S. Ct. 1915 (2023).......................................................................................1, 7, 15

*Croasmun v. Adtalem Global Education, Inc.,*
  No. 20-cv-1411, 2020 WL 7027726 (N.D. Ill. Nov. 30, 2020) ........................................11

*Dealer Computer Services, Inc. v. Old Colony Motors, Inc.,*
  588 F.3d 884 (5th Cir. 2009) ...............................................................................2, 10, 11

*Duthie v. Matria Healthcare, Inc.,*
  535 F. Supp. 2d 909 (N.D. Ill. Feb. 22, 2008),
  *aff'd*, 540 F.3d 533 (7th Cir. 2008)...............................................................................15

*In re Edgewater Walk Apartments,*
  No. 92 B 22023, 1993 WL 226427 (N.D. Ill. June 24, 1993) ............................................7

*Graphic Communications Union, Chicago Paper Handlers' & Electrotypers'*
  *Local No. 2 v. Chicago Tribune Co.,*
  779 F.2d 13 (7th Cir. 1985) ...............................................................................15

*Green Tree Financial Corp. v. Bazzle,*
  539 U.S. 444 (2003)..........................................................................................10

*Harrington v. Heavey,*
  No. 04 C 5991, 2007 WL 257681 (N.D. Ill. Jan. 23, 2007) ............................................7

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
　　139 S. Ct. 524 (2019) ............................................................................2, 9, 10

*Illinois League of Advocates for the Developmentally Disabled*
　　　*v. Illinois Department of Human Services*,
　　803 F.3d 872 (7th Cir. 2015) ...........................................................................13

*Interactive Brokers, LLC v. Duran*,
　　No. 08-CV-6813, 2009 WL 393827 (N.D. Ill. Feb. 17, 2009) ...........................15

*James v. Hale*,
　　959 F.3d 307 (7th Cir. 2020) ..............................................................................8

*Jordan v. Equifax Information Services, LLC*,
　　No. 3:20-cv-00199-TCB-RGV, 2021 WL 4988315
　　(N.D. Ga. July 21, 2021), *adopted*, 2021 WL 4988316
　　(N.D. Ga. Sept. 30, 2021) ................................................................................13

*Lamps Plus, Inc. v. Varela*,
　　139 S. Ct. 1407 (2019) ........................................................................................9

*Lewis v. City of Chicago*,
　　No. 98-cv-5596, 2007 WL 1686975 (N.D. Ill. June 7, 2007).............................6

*Lifescan, Inc. v. Premier Diabetic Services, Inc.*,
　　363 F.3d 1010 (9th Cir. 2004) ..........................................................................11

*Lumbermens Mutual Casualty Co. v. Broadspire Management Services, Inc.*,
　　623 F.3d 476 (7th Cir. 2010) ...........................................................2, 10, 11, 12

*McClenon v. Postmates Inc.*,
　　473 F. Supp. 3d 803 (N.D. Ill. 2020) ...............................................................11

*Nken v. Holder*,
　　556 U.S. 418 (2009)........................................................................................2, 6

*Orlob-Radford v. Midland Funding LLC*,
　　No. 2:15-CV-00307-JLQ, 2016 WL 5859002 (E.D. Wash. Oct. 5, 2016)........13

*Oxford Health Plans LLC v. Sutter*,
　　569 U.S. 564 (2013)..........................................................................................14

*PaineWebber Inc. v. Farnam*,
　　843 F.2d 1050 (7th Cir. 1988) ..........................................................................15

*Palmer v. City of Chicago*,
　　806 F.2d 1316 (7th Cir. 1986) ..........................................................................13

*Philip Morris USA Inc. v. Scott*,
    561 U.S. 1301 (2010)..................................................................................................14

*R & B Contracting Co. v. Argos Ready Mix LLC*,
    No. 3:15cv534-MCR-HTC, 2020 WL 6749925 (N.D. Fla. Aug. 25, 2020).....................13

*Stolt-Nielsen S.A. v. AnimalFeeds International Corp.*,
    559 U.S. 662 (2010)....................................................................................................12

*Trustmark Insurance Co. v. John Hancock Life Insurance Co. (U.S.A.)*,
    631 F.3d 869 (7th Cir. 2011) .......................................................................................15

*Ty, Inc. v. Jones Group, Inc.*,
    237 F.3d 891 (7th Cir. 2001) .......................................................................................15

**STATUTES**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ........................................................................1, 3, 7

## INTRODUCTION

Respondents Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") move for a stay of this Court's Memorandum Opinion and Order (Doc. No. 51, the "Order") pending Samsung's appeal of that Order. (*See* Doc. No. 52 (Notice of Appeal).) Samsung also requests that the Court enter an administrative stay of its Order until this Court (or the Seventh Circuit, if necessary) can rule on Samsung's request for a stay.

The reasoning of the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski* shows why a stay is warranted here. 143 S. Ct. 1915 (2023). *Coinbase* involved an appeal under Section 16(a) of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 16(a), from an order denying a motion to compel arbitration. Samsung's appeal is also a Section 16(a) appeal. And just as in *Coinbase*, Samsung's right to appeal this Court's final order requiring Samsung to pay millions of dollars in nonrefundable arbitral fees "would largely be nullified" if those arbitrations went forward while the Seventh Circuit was considering Samsung's appeal. 143 S. Ct. at 1920. *Coinbase* particularly noted the "potential for coercion" in class actions that can lead to "blackmail settlements," *id.*, and that same type of concern exists here too: Samsung is seeking to avoid coercion from the threat of over $100 million dollars in nonrefundable arbitration fees across tens of thousands of arbitrations. *See id.* at 1923 ("litigation-related burdens" may be a "substantial and unrecoupable cost").

The substantial questions presented by Samsung's appeal and threat of irreparable harm to Samsung warrant a stay. This Court's Order directing Samsung to pay arbitration fees is contrary to the precedent of several federal courts, including the Fifth Circuit, which have held that fee issues are procedural issues for *arbitrators*, not *courts*, and that courts cannot order payment of fees where the arbitrator has declined to do so. Although this Court disagreed, the split makes clear that Samsung has a substantial merits case warranting a stay. And Samsung will suffer irreparable harm without a stay: (1) it may be asked to pay roughly $4 million very soon, and potentially over

$100 million as the arbitrations proceed, in *nonrefundable* fees to the American Arbitration Association ("AAA"); and (2) it may be forced to arbitrate under *judicially imposed* terms that differ from the express terms of the parties' arbitration agreement. Because "the most critical" factors favor Samsung, *Nken v. Holder*, 556 U.S. 418, 434 (2009), the Court should stay its Order.

**First**, Samsung has a substantial case and correspondingly has a substantial likelihood of success on the merits. Samsung's appeal will raise (at least) the following issues:

(a) This Court found that Petitioners met their burden of showing that each of them had an arbitration agreement with Samsung even though Petitioners offered *no evidence* to support such a finding. The Court suggested that Samsung has a customer list that it could use to verify whether Petitioners are Samsung device purchasers. But that conclusion is not backed by evidence and is not correct: individuals typically purchase Samsung devices from mobile carriers or retail stores, and they are not required to register with Samsung to use their devices.

(b) Here, when Samsung declined to pay filing fees associated with Petitioners' claims, the AAA offered Petitioners the opportunity to advance those fees pursuant to its Rules. When they did not, the AAA closed their cases. The parties expressly agreed that filing fees "shall be determined according to AAA rules" (Doc. No. 1-4, at 2), and it is well-settled that the Court "may not override the contract." *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019). Yet the Court ordered that Samsung pay fees even though the Seventh Circuit has favorably cited Fifth Circuit precedent holding that "payment of fees is [a] question of procedural condition precedent to arbitration that is for [an] arbitrator, not a court, to decide." *Lumbermens Mut. Cas. Co. v. Broadspire Mgmt. Servs., Inc.*, 623 F.3d 476, 482 (7th Cir. 2010) (citing *Dealer Computer Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009)). Only the AAA can decide whether Samsung was obliged to pay fees, and no court can second-guess that decision.

(c) Given the Court's ruling that the arbitrator must decide whether the Petition itself is barred given the arbitration agreement's collective action waiver, the Court lacked authority to grant the Petition and hold that Samsung breached the (alleged) agreements.

**Second**, Samsung will suffer irreparable harm without a stay. Courts agree that having to pay unrecoverable money is irreparable harm. Not only will Samsung have to pay millions in *nonrefundable* fees now, but it also will have to pay further AAA fees—potentially over $100 million—as the arbitration process continues, even while Samsung's appeal is pending. And there is no cure for Samsung's harm of having to abide by judicially created terms of arbitration.

**Third**, any inconvenience to Petitioners from a delay in arbitration does not outweigh the combination of Samsung's substantial case on the merits and the irreparable harm that it will suffer from paying millions of dollars in nonrefundable fees. The public's interest in enforcing the FAA and seeing that arbitration agreements are enforced according to their terms also favors a stay.

## FACTUAL AND PROCEDURAL BACKGROUND

1. **The Arbitration Agreement Provides That AAA Rules Govern The Arbitration.**

Petitioners generally allege they "are purchasers of Samsung's Devices." (Doc. No. 1 ¶ 28.) If that is so, they agreed to arbitrate "all disputes" with "Samsung relating in any way to or arising in any way from the Standard Limited Warranty or the sale, condition or performance of the Product." (Doc. No. 1-4, at 2.) They also would have agreed not to join a "class action" or any other "combined or consolidated" dispute. (*Id.*; *see also* Order at 3.)

Importantly, the arbitration agreement that Petitioners seek to invoke provides for arbitration under the AAA Consumer Arbitration Rules. (Doc. No. 1-4, at 2.) The agreement gives the arbitrator authority to "decide all issues of interpretation and application" of the arbitration agreement. (*Id.*) It also specifies that "administrative … and arbitrator fees" "shall be determined according to AAA rules" when the "total damage claims … exceed $5,000.00." (*Id.*)

2.    **The AAA's Rules Give It Complete Discretion Over The Arbitration Process, Including Assessment Of Arbitral Fees.**

In certain arbitrations, including the arbitrations at issue here (*see* Doc. No. 27-3, at 2), the AAA applies the Consumer Arbitration Rules (*see* Doc. No. 1-7), and the Supplementary Rules for Multiple Case Filings (*see* Doc. No. 27-2) (collectively, the "AAA Rules"). The AAA has made clear that it "has the discretion to apply or not to apply the [AAA Rules]." (Doc. No. 1-7, at 7.) That "discretion" extends to "all administrative fees," which are expressly governed by the AAA Rules. (*Id.* at 35.) For example, the AAA "retains the discretion to interpret and apply [the] fee schedule to a particular case." (*Id.*) And the "AAA, in its sole discretion, may consider an alternative payment process for multiple case filings." (*Id.* at 37.)

Discretion aside, the rules governing filing fees are simple. Each party has certain pre-determined filing-fee obligations. (*Id.* at 34-35, 37.) Those fees are nonrefundable. (*Id.* at 36-37.) Sometimes, parties do not pay the filing fees or other arbitration fees. When the same or coordinated counsel files 25 or more similar demands against the same respondents (Doc. No. 27-2, at 5), the AAA Rules provide the solution for that nonpayment: "the AAA may notify the parties in order that one party may advance the required payment within the time specified by the AAA." (*Id.* at 10.) If a party advances payment, the arbitration will proceed and the advancing party may recover the fees in the final arbitration award. (*See* Doc. No. 1-7, at 29.) But if any of the fees are not paid—by any party—before an arbitrator is appointed, "the AAA may suspend or terminate those proceedings." (Doc. No. 27-2, at 10; *see* Doc. No. 1-7, at 33.) If so, "either party may choose to submit its dispute to the appropriate court for resolution." (Doc. No. 1-7, at 11.)

3.    **Petitioners' Counsel Filed 50,000 Individual Claims With The AAA In An Attempt To Leverage Arbitral Fees To Extract A Settlement From Samsung.**

Petitioners' Counsel filed claims on behalf of 50,000 individuals as part of a scheme to extract a massive settlement. (*See* Order at 5; Doc. No. 27, at 13-20.) Petitioners generally alleged

that they were Samsung device purchasers, but they provided no evidence for that claim. Petitioners' Counsel mass-filed identical claims, including many for individuals who could not assert any claim for relief—*e.g.*, people who had died—as well as for many individuals purportedly represented by other counsel on the same claims. (*See* Doc. No. 27, at 21.) Each demand was identical, alleging violations of state law and seeking "at least $15,000" in "statutory damages." (Doc. No. 1-11, at 34.) Petitioners' Counsel paid the claimants' filing fees for those claims. (Order at 5-6.) Samsung paid the fees for 14 California-resident claimants because California law "provides for sanctions in event of nonpayment." (*Id.* at 6.) But Samsung elected not to pay the nonrefundable filing fees for the other claimants, which totaled more than $4 million, because (i) the AAA Rules contemplate non-payment of filing fees where 25 or more demands are filed by the same counsel, and (ii) the demands were frivolous because they were premised on demonstrably false claims about how Samsung devices operate. (Doc. No. 1-15, at 2-4.)

The AAA noted that Samsung had invoked the AAA Rules that specifically provided for such a situation and said the claimants could advance "Samsung's portion of the filing fees so that the matters may proceed." (Doc. No. 27-16, at 2.) The AAA gave claimants one last opportunity to do so. (*Id.*) The claimants declined and asked that the AAA close the arbitrations. The AAA did so, observing that its Rules provide that "'should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.'" (*Id.*)

**4.    Notwithstanding The AAA's Resolution Of The Fee Issue In Accordance With Its Rules, The Court Ordered Samsung To Pay Arbitral Fees For 35,561 Petitioners.**

Petitioners—the 49,986 non-California residents—filed a Petition and motion to compel arbitration, specifically requesting an order compelling Samsung to pay the filing fees. (Doc. Nos. 1-2.) Samsung opposed that motion and sought dismissal of the Petition. (Doc. Nos. 26-27.) After dismissing 14,335 Petitioners on venue grounds (*see* Order at 13-18), the Court ordered Samsung

5

to arbitrate the remaining 35,651 disputes *and* to pay the associated arbitral fees (*id.* at 1, 35).

The Court ruled that Petitioners met their burden of showing that each of them had an arbitration agreement with Samsung (*id.* at 21-23), but it did not identify any evidence showing that each Petitioner had such an agreement, instead relying on Petitioners' allegations.

The Court then ruled that it could not decide the threshold question of whether the Petition itself was barred by the arbitration agreement. (*See id.* at 24-25.) The Court held that because the agreement delegates "all issues of interpretation and application" to the AAA, including the scope of the class-action waiver provision, "the question of whether Petitioners' mass filings violate the Arbitration Agreement remains for an arbitrator, not this Court." (*Id.* (citation omitted).)

Even though it reserved that threshold question for the arbitrator, the Court interpreted and applied that agreement against Samsung, holding that Samsung breached the agreement by declining to pay filing fees. (*See* Order at 21-23, 25-29.) The Court also ruled that it could order Samsung to pay those fees, reasoning that fee disputes are "issues of substantive arbitrability … for a court to decide," not "issues of procedural arbitrability" for an arbitrator to decide. (*Id.* at 30.)

On September 26, 2023, Petitioners' Counsel filed arbitration demands with the AAA on behalf of 35,610 Petitioners (omitting without explanation the other 41). Samsung expects to be invoiced shortly by the AAA for filing fees on those demands.

## **LEGAL STANDARD**

Whether a stay pending appeal is warranted turns on four factors: (1) the movant's likelihood of success on appeal, (2) whether the movant will suffer irreparable harm without a stay, (3) whether a stay will substantially harm other parties, and (4) whether a stay would serve the public interest. *Nken*, 556 U.S. at 434. "The first two factors … are the most critical." *Id.*

On the first factor, the movant need only establish "a substantial case on the merits"—not that the order "was incorrect" or "that it will probably win on appeal." *Lewis v. City of Chicago*,

6

No. 98-cv-5596, 2007 WL 1686975, at *1-2 (N.D. Ill. June 7, 2007). Even "less than a 50% chance of success" can satisfy this standard. *Harrington v. Heavey*, No. 04 C 5991, 2007 WL 257681, at *1 (N.D. Ill. Jan. 23, 2007); *cf. In re Edgewater Walk Apartments*, No. 92 B 22023, 1993 WL 226427, at *3 (N.D. Ill. June 24, 1993) (Leinenweber, J.) (granting stay pending appeal because movant made "sufficient preliminary showing that its arguments [were] legitimate and … could prevail"). And when courts are divided on an issue, a party has a legitimate argument that could prevail on appeal. Courts review stay motions on a "sliding scale": "the greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, and vice versa." *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) (citation omitted).

## ARGUMENT

Samsung has appealed the Court's "final order" requiring Samsung to pay arbitral fees pursuant to Section 16(a) of the FAA. The recent Supreme Court *Coinbase* decision also involved a Section 16(a) appeal, there from an order denying a motion to compel arbitration. The Supreme Court reasoned that requiring the appellant to proceed with litigation would subject the appellant to irreparable harm, and possibly to a "blackmail settlement[]," if the appellant were later found to have a right to arbitrate. *Coinbase*, 143 S. Ct. at 1921. Here, Samsung would likewise be irreparably harmed by being made to pay ultimately over one hundred million dollars in nonrefundable arbitral fees if the Seventh Circuit later determines that such an order was beyond this Court's authority. Under the reasoning of *Coinbase* and the traditional factors considered on a motion to stay, a stay of the Order until Samsung's appeal can be resolved is amply warranted.

I.   **SAMSUNG HAS A SUBSTANTIAL CASE ON APPEAL AND THUS HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS.**

Samsung's appeal will present substantial grounds for reversal, including the following.

***First***, the Seventh Circuit will likely reverse the Court's finding that Petitioners met their

evidentiary burden to show that each of them had an arbitration agreement with Samsung, because that finding was based on *no record evidence*.

**Second**, the Seventh Circuit will likely hold that whether (and if so, when) Samsung is required to pay arbitration fees is a question for the AAA, not the courts. The Court cannot second-guess the AAA's application of its own rules in not ordering Samsung to pay the filing fees. For one thing, the arbitration agreement expressly delegated fee questions to the AAA; for another, even if it had not done so, that question would still be for the AAA, as other courts have held. The Court called that question "difficult" (Order at 33), confirming that it is a substantial issue.

**Third**, the Court's ruling that an arbitrator must resolve whether the Petition is improper and a breach of the arbitration agreement in view of the collective action waiver means that the Court lacked authority to adjudicate the Petition and to order payment of fees.

### A. Petitioners Failed To Meet Their Burden Of Showing That They Had An Arbitration Agreement With Samsung In The First Place.

There is a substantial question as to whether the Court correctly found that Petitioners met their burden to show that each of them had a valid arbitration agreement with Samsung. (*See* Order at 21-23.) Petitioners failed to present *any* evidence—affidavits, declarations, or other proof—to support their allegations that they were each a purchaser of a Samsung device. Petitioners labeled their Petition as "verified" (Doc. No. 1), but that filing and its attachments (like the "discrete list of named Petitioners" (Order at 22)) are not evidence, because Petitioners did not swear "under penalty of perjury" to the truthfulness of their contents. *James v. Hale*, 959 F.3d 307, 314 (7th Cir. 2020). There is thus *nothing* in "the record"—other than "the word of over 30,000 individuals" in the form of unverified allegations—that Petitioners are Samsung device purchasers. (Order at 22.)

The Court did not cite record evidence supporting its finding that "Samsung has a customer list, against which [it] could compare the list of Petitioners." (Order at 22.) There was no such

evidence, because Samsung has no such list: individuals typically purchase Samsung devices from mobile carriers or retail stores, not from Samsung. Nor are individuals with Samsung devices required to create Samsung accounts to use those devices. The Court also relied on the AAA's determination that Petitioners met its initial filing requirements. (*Id.*) To make that determination, however, all that the AAA requires is that an arbitration agreement be attached to the filing. The AAA does not decide whether the claimant is actually a party to the agreement. *See, e.g.*, *Chase Bank USA, N.A. v. Swanson*, No. 10-cv-06972, 2011 WL 529487, at *2 n.2 (N.D. Ill. Feb. 4, 2011).

**B.     Whether And When Samsung Must Pay Arbitral Fees Is A Question For The AAA, Not The Courts.**

**1.     The Arbitration Agreement Delegates Fee Issues To The AAA And The Court May Not Rewrite That Contract.**

Samsung also is likely to succeed on the merits because the arbitration agreement expressly delegates the issue of arbitral fees to the AAA, and under binding precedent no court may rewrite that contract. "Where ordinary contracts are at issue, it is up to the parties to determine whether a particular matter is primarily for arbitrators or for courts to decide." *BG Grp., PLC v. Republic of Argentina*, 572 U.S. 25, 33 (2014). Thus, as with all other contracts, courts must enforce arbitration agreements according to their terms. *See, e.g.*, *Lamps Plus, Inc. v. Varela*, 139 S. Ct. 1407, 1415 (2019). Put simply, courts "may not override the contract." *Henry Schein*, 139 S. Ct. at 529. Here, the contract provides: "Administrative, facility and arbitrator fees for arbitrations in which your total damage claims…exceed $5,000.00 ('Large Claim') *shall be determined according to AAA rules*." (Doc. No. 1-4, at 2 (emphasis added).) Because each Petitioner sought "at least $15,000" in "statutory damages" (Doc. No. 1-11, at 34), the plain terms of the contract mandate that the AAA Rules "shall" govern all arbitral fee issues (Doc. No. 1-4, at 2), including *whether* Samsung must pay such fees, *how much* it must pay, and *when*. The parties specified "the rules" governing those fees, *Lamps Plus*, 139 S. Ct. at 1416, and "a court possesses no power" to "override" that

decision, *Henry Schein*, 139 S. Ct. at 529; *see also Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 451-52 (2003) (plurality op.). By ordering Samsung to pay arbitral fees, the Court effectively rewrote the contract. That it cannot do.

The AAA (i) acknowledged that Samsung invoked the AAA Rules and opted not to pay the outstanding filing fees; (ii) gave Petitioners the option to advance the fees; and (iii) closed the cases given the nonpayment *by either party*, and quoted its Rules providing that "either party may choose to submit its dispute to the appropriate court for resolution." (*See* p. 4 *supra*.) Petitioners dislike how the AAA applied its own rules, but their "remedy lies with the [AAA]," not the courts. *Dealer Computer Servs.*, 588 F.3d at 888. The parties got what they bargained for—an avenue to arbitrate pursuant to the AAA Rules, which give the AAA complete discretion over filing fees— and no court may second-guess whether the AAA appropriately exercised its discretion.

> ### 2. Even If The Arbitral Agreement Were Silent On Fees, Courts Have Recognized That Fees Are A Procedural Issue For The Arbitrator.

Even if the agreement had been "silent" on the question of arbitral fees, case law makes clear that fees are "procedural" matters "for arbitrators, not courts." *BG Grp.*, 572 U.S. at 34, 36. Because the Court departed from that caselaw (Order at 31-32), and because the Court itself recognized that the question is "difficult" (*id.* at 33), Samsung has a substantial case on the merits. When a contract is silent, courts presume that "procedural" arbitrability questions are for arbitrators and "substantive" arbitrability questions are for courts. *Lumbermens Mut.*, 623 F.3d at 480-81. Procedural arbitrability questions include "the satisfaction of 'prerequisites such as time limits, notice, laches, estoppel, and other conditions precedent to an obligation to arbitrate.'" *BG Grp.*, 572 U.S. at 35 (citations omitted). Substantive arbitrability questions, by contrast, tend to concern "*whether* there is a contractual duty to arbitrate at all." *Id.* at 34-35. Courts in and outside this Circuit hold that filing fees are a procedural condition precedent to be decided by arbitrators,

not courts. *See Dealer Computer Servs.*, 588 F.3d at 887-88; *Chesapeake Appalachia, LLC v. Scout Petroleum, LLC*, 809 F.3d 746, 762 (3d Cir. 2016) (rules governing "the administrative filing fee" are "basic procedural issues" that "'the parties would likely expect the arbitrator to decide'"); *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1013 (9th Cir. 2004) ("[T]he AAA rules allow the arbitrators to adjust the payment of costs in light of circumstances.").[1] While the Seventh Circuit has not squarely decided the issue, it has favorably cited Fifth Circuit precedent holding that "payment of fees is [a] question of procedural condition precedent to arbitration that is for [an] arbitrator, not a court, to decide." *Lumbermens Mut.*, 623 F.3d at 482 (7th Cir.) (citing *Dealer Computer Servs.*, 588 F.3d at 887 (5th Cir.)).

*Dealer Computer Servs.* also involved an arbitration under AAA rules. 588 F.3d at 886, 888. There, the Fifth Circuit held that the trial court erred when it ordered a party "to pay its share of the deposit" in the arbitration, stating that "[p]ayment of fees is a procedural condition precedent that the trial court should not review." *Id.* at 885, 887. It further noted the AAA has full "discretion" over arbitration fees, including whether to suspend arbitration absent payment. *Id.* at 887-88.

Arbitral fees are inherently procedural matters. Thus, only an arbitrator or the AAA may decide whether (and if so, when) Samsung must pay those fees. *See BG Grp.*, 572 U.S. at 34-36. The AAA Rules confirm that fees are procedural, stating that the "AAA, in its sole discretion, may consider an alternative payment *process* for multiple case filings." (Doc. No. 1-7, at 37 (emphasis added).) Accordingly, Samsung is likely to succeed in arguing that the Court erred in ruling that filing fees are substantive, not procedural. (*See* Order at 29-35.)

---

[1]   *See also McClenon v. Postmates Inc.*, 473 F. Supp. 3d 803, 812 (N.D. Ill. July 20, 2020); *Croasmun v. Adtalem Glob. Educ., Inc.*, No. 20-cv-1411, 2020 WL 7027726, at *4 (N.D. Ill. Nov. 30, 2020); *Adams v. Postmates, Inc.*, 414 F. Supp. 3d 1246, 1255 (N.D. Cal. Oct. 22, 2019), *aff'd*, 823 F. App'x 535 (9th Cir. 2020).

The Court's analysis does not suggest otherwise. The Court reasoned that fees must be substantive given their role in arbitration: "Money is the means of dispute resolution, and the way to start this process." (Order at 34.) But the Court's recognition that fees *start* the process confirms that they are "a procedural condition precedent to arbitration." *BG Grp.*, 572 U.S. at 35. They determine "when the arbitration may begin, … not whether it may occur or what its substantive outcome will be on the issues in dispute." *Id.* at 35-36. Courts presume that "parties [to] an arbitration agreement implicitly authorize the arbitrator to adopt such *procedures* as are *necessary* to give effect to the … agreement." *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 684-85 (2010) (emphasis added). Fees may be necessary, but that does not transform them from "basic procedural issues," *Chesapeake Appalachia*, 809 F.3d at 762, to substantive issues.

Further, while the Court said that it cannot "jigger" filing fees (Order at 34), the AAA surely can. The AAA "has the discretion to apply or not to apply" its Rules, and that discretion extends to "filing fees." (Doc. No. 1-7, at 7, 35.) Here, the AAA applied its Rules governing mass arbitration to address Samsung's election not to pay filing fees. The Court's holding that this fee issue must be decided by a court, and not by the AAA, effectively splits authority over fee issues between the AAA and the courts. As the Seventh Circuit has said, "[i]t would be strange to divide these largely overlapping [issues] between the court and the arbitrator." *Lumbermens Mut.*, 623 F.3d at 481. There is no basis to treat the timing of fee payment as a substantive issue for this Court and the amount of fees due as a procedural issue for the AAA.

As this Court recognized, several courts "have compelled arbitration yet declined to extend the ruling to payment of arbitration fees." (Order at 31.) The Court found those cases "distinguishable" (*id.*), but a split exists, and the Seventh Circuit will address the issue for the first time on appeal. In view of that case law, the fee issue is certainly substantial and warrants a stay.

12

C. **Because The Court Ruled That It Cannot Resolve Whether The Petition Is Defective, It Lacked Authority To Reach The Underlying Merits—Namely, Whether Samsung Breached The Arbitration Agreement.**

Samsung also argued that the Petition is defective because it is a collective action, which Petitioners agreed *not* to bring. (*See* p. 3 *supra*.) The Court ruled that only an arbitrator could decide whether the arbitration agreement prohibits this collective Petition because the parties had delegated "all issues of interpretation and application" of that agreement to the AAA, including the scope of the collective action waiver. (Order at 24-25.) Setting the workability of that holding aside—how would an AAA arbitrator possibly rule on whether Petitioners may proceed with a Petition filed in a federal court?—that conclusion, if applied rigorously, should have ended the Court's inquiry. After all, courts may not address an issue when arbitrators must first resolve a threshold question.[2] Here, however, the Court proceeded to the merits, ruling on the Petition without deciding whether the collective action waiver barred it.

## II. SAMSUNG WILL BE IRREPARABLY HARMED ABSENT A STAY.

*First*, unless a stay issues, Samsung may be compelled to pay over $100 million in *nonrefundable* fees. Paying unrecoverable money is irreparable harm. In *Illinois League of Advocates for the Developmentally Disabled v. Illinois Department of Human Servs.*, 803 F.3d 872 (7th Cir. 2015), for instance, the Seventh Circuit held that a party would suffer "irreparable harm" from an injunction that would impose costs that "could not be recouped." *Id.* at 877. Similarly, *Palmer v. City of Chicago* held that an "irreparable harm" existed when a party was ordered "to pay immediately, in circumstances where if the payment order was later held invalid the [party]

---

[2]    *E.g.*, *Jordan v. Equifax Info. Servs., LLC*, No. 3:20-cv-00199-TCB-RGV , 2021 WL 4988315, at *9 (N.D. Ga. July 21, 2021), *report and recommendation adopted*, 2021 WL 4988316 (N.D. Ga. Sept. 30, 2021); *R & B Contracting Co. v. Argos Ready Mix LLC*, No. 3:15-cv-534-MCR-HTC, 2020 WL 6749925, at *2 (N.D. Fla. Aug. 25, 2020); *Orlob-Radford v. Midland Funding LLC*, No. 2:15-cv-00307-JLQ, 2016 WL 5859002, at *9 (E.D. Wash. Oct. 5, 2016).

might very well not be able to get all its money back." 806 F.2d 1316, 1319-20 (7th Cir. 1986). *See also, e.g.*, *Philip Morris USA Inc. v. Scott*, 561 U.S. 1301, 1304 (2010) (Scalia, J., in chambers).

Petitioners' Counsel have now filed arbitration demands with the AAA for 35,610 petitioners. Without a stay, Samsung may be compelled in short order to pay $3,936,000 in initial filing fees. That's not all. Case management fees to the AAA for these 35,610 arbitrations will total as much as $49,854,000 ($1,400 per case) and the arbitrator fees may add on a further $53,415,000 to $89,025,000, depending on the type of arbitration. In total, Samsung faces the specter of between $107,205,000 and $143,815,000 in *nonrefundable* fees. That's irreparable harm.

The AAA is not a party here, so reversal by the Seventh Circuit would not require the AAA to refund any fees. The only way Samsung could get *all* its money back is if the arbitrator in each of the 35,610 arbitrations found that the claim was "filed for purposes of harassment" or "patently frivolous," *and* the arbitrator in each arbitration exercised discretion to reallocate the fees (Doc. No. 1-7, at 29), *and* each of the 35,610 claimants had funds that were collectable. Those issues will not be resolved by Samsung's appeal. Further, even if the arbitrators did reallocate fees, Samsung still may not be able to recover those amounts given the Court's suggestion that Petitioners are unable to advance even the initial, far smaller, fees. (*See* Order at 31.)

*Second*, without a stay, Samsung will be required to arbitrate under *judicially imposed* terms differing from the arbitration agreement. By ordering Samsung to pay arbitral fees now, the Court reached whether arbitration must occur and overrode the AAA's rules and determination of whether, how much, and when the parties must pay administrative fees. But "courts have no business" deciding issues that parties delegated to arbitral bodies, because "[i]t is the arbitrator's construction [of the contract] which was bargained for." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 573 (2013) (citation omitted). The ongoing harm is irreparable. Indeed, presumably, the

Court will need to superintend any further fee disputes that may arise during the 35,610 arbitrations. It also may be asked to resolve many other issues the parties delegated to the AAA.[3]

## III.  A STAY WOULD NOT SUBSTANTIALLY HARM PETITIONERS, AND THE PUBLIC INTEREST SUPPORTS A STAY.

A stay will not substantially harm Petitioners. The *only* impact that a stay will have on Petitioners is a delay in the arbitration proceedings. That does not outweigh the combination of (i) Samsung's substantial case on the merits and (ii) the irreparable harm to Samsung of having to pay millions in nonrefundable fees that it likely cannot recover. *See Interactive Brokers, LLC v. Duran*, No. 08-cv-6813, 2009 WL 393827, at *6 (N.D. Ill. Feb. 17, 2009). That is especially true given the sliding scale governing stay motions. *See A & F Enters.*, 742 F.3d at 766.

A stay also serves the public interest, which favors "ensuring that commercial arbitration agreements…are enforced according to their terms." *Duthie v. Matria Healthcare, Inc.*, 535 F. Supp. 2d 909, 925 (N.D. Ill. Feb. 22, 2008), *aff'd*, 540 F.3d 533 (7th Cir. 2008). That consideration, coupled with the principle that courts "should try to 'minimize the costs of being mistaken,'" supports entry of a stay. *Ty, Inc. v. Jones Group, Inc.*, 237 F.3d 891, 902 (7th Cir. 2001).

## CONCLUSION

The Court should stay the Order pending Samsung's appeal of the Order, and issue an administrative stay if necessary for this Court or the Seventh Circuit to resolve the stay request.

---

[3]  The irreparable harms to Samsung absent a stay are factually distinguishable and categorically different from those the Seventh Circuit considered (before *Coinbase*) in *Graphic Commc'ns Union, Chicago Paper Handlers' & Electrotypers' Loc. No. 2 v. Chicago Trib. Co.*, 779 F.2d 13, 15 (7th Cir. 1985) (expense of a single arbitration not irreparable harm); *PaineWebber Inc. v. Farnam*, 843 F.2d 1050, 1053 (7th Cir. 1988) (single arbitration; "motions papers do not discuss" irreparable harm); *Classic Components Supply, Inc. v. Mitsubishi Elecs. Am., Inc.*, 841 F.2d 163, 164 (7th Cir. 1988) (single arbitration; motion papers "do not address" irreparable harm); and *Trustmark Ins. Co. v. John Hancock Life Ins. Co. (U.S.A.)*, 631 F.3d 869, 872 (7th Cir. 2011) (expense of a single arbitration not irreparable harm). Samsung must pay unrecoverable fees in tens of thousands of arbitrations, while being forced to arbitrate under judicially imposed terms usurping the AAA's bargained-for authority to decide how all those arbitrations will proceed.

Dated: October 5, 2023

Respectfully submitted,

/s/ Randall W. Edwards

Mark Howard Boyle
DONOHUE BROWN MATHEWSON &
   SMYTH LLC
131 South Dearborn Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-0900

James L. Kopecky
KOPECKY SCHUMACHER
   ROSENBURG LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 380-6552

Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000

*Attorneys for Respondents*
*Samsung Electronics America, Inc. and*
*Samsung Electronics Co., Ltd.*