UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAULA WALLRICH, DANIELLE JONES, GRANT GRINNELL, JEFFREY BURTON, RHONDA MCCALLUM, PROVIDENCIA VILLEGAS, AND 49,980 OTHER INDIVIDUALS,<br><br>*Petitioners,*<br><br>v.<br><br>**SAMSUNG ELECTRONICS AMERICA, INC.**; and **SAMSUNG ELECTRONICS CO., LTD.** (d/b/a Samsung Electronics America, Inc.),<br><br>*Respondent.* | Civil Action No. 1:22-CV-05506<br><br>Hon. Harry D. Leinenweber |

**PETITIONERS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY THE COURT'S SEPTEMBER 12, 2023 ORDER AND REQUEST FOR ADMINISTRATIVE STAY**

**1. PRELIMINARY STATEMENT**

Petitioners, by and through their attorneys, respectfully submit this memorandum in opposition to the motion of Defendants Samsung Electronics America, Inc. and Samsung Electronics Company, Ltd. (collectively, "Samsung" or "Defendants") for a stay of this action ("Motion") pending resolution of Defendants' purported appeal of this Court's September 12, 2023 Order and related minute entry (the "Order"). This Court should deny Defendants' motion because there is no likelihood Samsung will succeed on its appeal as the Seventh Circuit is without jurisdiction to hear it, Samsung's additional arguments on the substance of its supposed appeal are meritless, and the requirement that Samsung pay its contracted-for share of arbitration fees in accordance with the arbitration forum's rules does not constitute irreparable harm.

1

Accepting Samsung's position here would require this Court to embrace a host of irreconcilable contradictions. First, according to Samsung, this Court's Order was a "final order" leaving nothing for the Court to do but enter judgment on the final arbitral award, and thus appealable as of right under 9 U.S.C. § 16(a)(3) — but it also left open "many issues," and this "Court will need to superintend" further disputes between the parties. Motion at 1, 7, 15. Second, Samsung suggests that its appeal here mirrors that at issue in the Supreme Court's recent decision in *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023), but apparently expects this Court to overlook the Supreme Court's express holding therein that "Congress provided for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration." *Id.* at 1919 (emphasis in original).[1] Third, Samsung asserts that this Court erred by deciding an issue delegated to the arbitrator – its obligation to pay arbitral fees – but asks this Court to overlook *both* the undisputed evidence that AAA already decided this issue against it *and* the self-evident truth that no arbitrator will be appointed unless Samsung pays its share of the fees. Fourth, Samsung asserts that requiring Samsung – a multinational corporation with annual profits of billions of dollars – to pay its share of arbitral fees here would constitute irreparable harm, when its position before this Court has been that these costs instead should have been borne by the individual petitioners. Fifth, though Samsung relies heavily (albeit incorrectly) on a AAA rule providing a contingency for a party's nonpayment of its share of arbitral fees, it ignores other rules which provide for recovery of arbitral fees for frivolous filings, insisting instead that it will be irreparably harmed because the fees are "nonrefundable." Finally, as it has from the beginning of this dispute, Samsung insists that its position promotes arbitration, and that it stands ready to arbitrate, while it

---

[1] Unless otherwise noted all emphasis is added.

does everything in its power to avoid arbitrating a single one of Petitioners' claims for as long as it can. Samsung's argument collapses under the weight of these unresolved contradictions.

Samsung's Motion cannot be reconciled with applicable law, with the undisputed facts, or with Samsung's own prior and contemporaneous statements and positions before AAA, this Court, and the Seventh Circuit. Petitioners have waited long enough. The Motion should be denied in its entirety so that these claims can proceed to arbitration.

2. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court is familiar with the relevant facts, and they will not be repeated here, except as necessary to correct certain inaccuracies present in Samsung's motion papers, and to provide context regarding the shaky foundations of Samsung's purported appeal omitted from Samsung's telling.

Samsung's Motion asserts that "the arbitration agreement expressly delegates the issue of arbitral fees to AAA." (Motion at 9). In the first place, this ignores the commonsense point recognized by the Court in its Order – "the filing fee rule affects *whether the parties can exercise their right to arbitrate at all.*" Order at 34. More critically, however, AAA has already explicitly stated that "*Samsung* is now responsible for payment of the initial administrative filing fee." (Dkt. No. 35-1 ("Oct. 31 AAA Letter") at 1). To the extent Samsung wishes a merits arbitrator, rather than a AAA administrator, to decide any issues relating to fees, it is free to do so under AAA rules, which provide for fee-shifting in appropriate circumstances, after it pays its fees. *See* AAA Consumer Arbitration Rules, R-44(c).

Samsung also claims that Petitioners have not provided sufficient evidence that they are Samsung device owners (and hence have an agreement to arbitrate), but once again, this position ignores both their own failure to submit any evidence calling any individual Claimant's ownership

3

into doubt *and* the fact that AAA has already "made the administrative determination that [C]laimants have now met the AAA's administrative filing requirements." Oct. 31 AAA Letter at 1. As this Court correctly observed, where Samsung did raise specific issues as to particular individual Claimants before AAA, AAA was receptive, and Claimants corrected the information at issue. (Order at 6-7.) Since then, however, "Samsung has not identified a genuine issue of fact as to any individual Petitioner." *Id.* at 22.

Finally, Samsung's Motion completely omits a critical procedural point – the Order was not appealable as of right, and the Seventh Circuit has already instructed Samsung to show cause why its appeal should not be dismissed for lack of jurisdiction. In its September 15, 2023 Notice of Appeal, Samsung did not identify any purported basis for appellate jurisdiction. On September 28, 2023, the Seventh Circuit *sua sponte* issued an order in which it noted that "[a] preliminary review of the short record indicates that the [O]rder appealed from may not be a final appealable judgment." (Circuit Court Doc. 5 at 1.) The Seventh Circuit further noted and that in cases like this one, where a pro-arbitration decision is "'coupled with a stay (rather than a dismissal) of the suit . . . 9 U.S.C. § 16(b) positively *forbids* appeal.'" *Id.* at 1-2 (quoting *Moglia v. Pacific Employers Ins. Co. of North America*, 547 F.3d 835, 837 (7th Cir. 2008) (emphasis in original)). Accordingly, the Seventh Circuit ordered Samsung to file "a brief memorandum stating why this appeal should not be dismissed for lack of jurisdiction." *Id.*

On October 10, 2023, Samsung filed the required jurisdictional memorandum, in which it asserted, contrary to black-letter law (and to its own statements in support of its motion before this Court), that this Court's Order was a "'final decision' reviewable under 9 U.S.C. § 16(a)(3)." (Circuit Court Doc. 17 at 1.) As of the date of this filing, the Seventh Circuit has not yet addressed Samsung's asserted basis for appellate jurisdiction. Nevertheless, as set forth in detail below, there

4

is no support whatsoever for the proposition that appellate jurisdiction exists here. An appellant whose appeal is in imminent danger of dismissal on jurisdictional grounds does not have a likelihood of success on the merits.

3. ARGUMENT

   I. Applicable Standard

"A party seeking a stay must show a likelihood of success on the merits and a threat of irreparable harm absent a stay. If those criteria are satisfied, [the court] must consider the balance of harms, primarily in terms of the balance of risks of irreparable harm in case of a judicial error, and … must consider the public interest, which refers primarily to the interests of those who are not parties to the suit." *Camelot Banquet Rooms, Inc. v. United States SBA*, 14 F. 4th 624, 628 (7th Cir. 2021). Here, because Samsung can show neither a likelihood of success nor a threat of irreparable harm, this Court need not consider the balance of harms nor the public interest. That said, were the Court to reach these factors, it is clear that each of them weighs *against* granting a stay.

   II. Samsung Has No Likelihood of Success On The Merits Of Its Appeal

   a. Samsung Cannot Succeed on Its Purported Appeal Because This Court's Order Is Not Appealable

Section 16 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16, governs appellate review of trial court orders deciding motions to compel arbitration. Therein, "Congress provided for immediate interlocutory appeals of orders *denying* – but not of orders *granting* – motions to compel arbitration." *Coinbase,* 143 S.Ct. at 1919 (June 23, 2023). As such, "[a] pro-arbitration decision, coupled with a stay (rather than a dismissal) of the suit, is not appealable." *Moglia v. Pac. Employers Ins. Co. of N. Am.*, 547 F.3d 835, 837 (7th Cir. 2008) (citing *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 87 (2000)). This result is mandated by 9 U.S.C. § 16(b), which

"'positively *forbids* appeal'" of "an order staying litigation in favor of arbitration." *INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 500 (7th Cir. 2020) (quoting *Moglia*, 547 F.3d at 837). Indeed, this express mandate of § 16(b) "supersedes [28 U.S.C.] §1292(a)(1) for orders to arbitrate," such that where, as here, "defendants lack a § 1292(b) certificate from the district court," no interlocutory appeal is permitted. *INTL FCStone*, 950 F.3d at 501.

This is true even where a party argues, as Samsung does in its jurisdictional memorandum in the Seventh Circuit, that the Order, though not couched as an injunction, should nevertheless be construed as such due to its affirmative mandate that Samsung pay its contracted arbitration fees. Such arguments must be rejected in this case, because the contrary result would both contradict the plain language of the Federal Arbitration Act ("FAA") and render § 16(b) meaningless by allowing "even the most clumsy litigants [to] delay an arbitration and drive up costs with procedural fencing." *INTL FCStone,* 950 F.3d. at 500-01 (quotations omitted). In any event, this argument is meritless. "An injunction is a form of relief on the merits; orders that increase the expense of litigation are not injunctions. What's more, the expense of litigation is not 'irreparable injury.'" *Sherwood v. Marquette Transp. Co., LLC*, 587 F.3d 841, 844 (7th Cir. 2009).

Further, for the purposes of the FAA, a decision on a motion to compel arbitration is an appealable final order *only* when it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree*, 531 U.S. at 86. By contrast, where, as here, this Court entered a stay instead of a dismissal," the order is "not . . . appealable." *Id.* at 87 n.2. Here, this Court has "kept the lawsuit open to address arbitration-related issues," and "the record contains no judgment separate from the . . . [O]rder," rendering it unappealable until the conclusion of arbitration. *INTL FCStone*, 950 F.3d at 501-02; *see also Green Tree*, 537 U.S. at 87 n.2; *Coinbase,* 143 S.Ct. at 1919; *Vivek Shah v. Citibank, N.A.*, No. 23-1499, 2023 U.S. App.

LEXIS 22412, (7th Cir. Aug. 24, 2023) ("[T]he order that plaintiff-appellant . . . wants to review granted [a] motion to compel arbitration and stayed the action pending arbitration. As such, the district court's order is not reviewable."); *Ball v. Tesla Motors, Inc.*, No. 22-1782, 2022 U.S. App. LEXIS 30580 (7th Cir. Oct. 17, 2022) (same); *Dr. Robert L. Meinders, D.C., Ltd. V. United Healthcare Servs.*, 7 F.4th 555, 559 (7th Cir. 2021) (noting that the Circuit Court "lacked jurisdiction to hear" a prior appeal "because it concerned a pro-arbitration decision in a stayed lawsuit" without a §1292(b) certification"); *Moglia*, 547 F.3d at 837 (same).

Indeed, Samsung's own Motion admits as much, noting that "presumably, the Court will need to superintend any further fee disputes that may arise during the 35,610 arbitrations. It also may be asked to resolve many other issues . . . ." Motion at 14-15. This admission belies Samsung's jurisdictional argument in the Seventh Circuit under *Am. Int'l Specialty Lines Ins. Co. v. Elec. Data Sys. Corp.*, 347 F.3d 665 (7th Cir. 2003). In that decision, which predates *INTL FCStone*, *Sherwood*, *Moglia*, and *Coinbase*, the Seventh Circuit held that a district court's decision to compel arbitration and stay proceedings might be considered final, and therefore appealable, if "*all* the judge is retaining jurisdiction for is to allow the arbitrator's award to be confirmed without the need for the filing of a separate lawsuit." 347 F.3d at 668. Here, by Samsung's own admission, this Court has retained jurisdiction over, and may be asked to decide "any further fee disputes that may arise," as well as "many other issues." [2] Motion at 14-15. Under both *Am. Int'l* and a raft of subsequent precedent drawing no such distinction, the Order "is nonfinal, and is expressly made nonappealable by 9 U.S.C. § 16(b)(2)." *Id.* at 667.

---

[2] Notably, Samsung's admission of the Court's continuing oversight before this Court directly contradicts its statement to the Seventh Circuit in its jurisdictional memorandum, in which it claims that this "[C]ourt thus resolved the only claim for relief, leaving nothing else for it to do." Samsung Jurisdictional Mem. at 3-4. It is difficult to reconcile these contradictory representations with one another or with the requirements of F.R.C.P. 11 and F.R.A.P. 38.

This rule is so straightforward and so consistently applied that undersigned counsel is unaware of *any* post-*Green Tree* Circuit Court decision, from the Seventh Circuit or any other Circuit Court of Appeals, deviating from it. *See, e.g., Braintree Labs., Inc. v. Citigroup Global Mkts. Inc.*, 622 F.3d 36, 43 (1st Cir. 2010) ("Section 16 limits the immediate appealability of most pro-arbitration interlocutory orders . . . . If the district court stays litigation, parties . . . must normally wait [to appeal] until the arbitrator resolves the matter on the merits and the district court enters a final judgment."); *Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 812-13 (2d Cir. 2022) (order to compel arbitration and stay proceedings "is an interlocutory order under 9 U.S.C. § 16(b) and we have no appellate jurisdiction to review it."); *In re Huertas*, 779 Fed. Appx. 77, 79 (3d Cir. 2019) (same); *Gibson v. Giles Chem. Corp*, 857 Fed. Appx. 152, 152 (4th Cir. 2021) (order staying proceedings pending arbitration "is neither a final order nor an appealable interlocutory order."); *Doe v. Tonti Mgmt. Co., L.L.C.*, 24 F. 4th 1005, 1009 (5th Cir. 2022) ("Our precedent interpreting § 16 of the FAA is clear: orders compelling arbitration that stay and administratively close a civil action pending arbitration are interlocutory and unappealable."); *Preferred Care of Del., Inc. v. Estate of Hopkins*, 845 F.3d 765, 768 (6th Cir. 2017) ("Congress has foreclosed [appellate] jurisdiction" over an order compelling arbitration and staying federal action pending arbitration); *Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966 (8th Cir. 2019) ("When a district court [compelling arbitration] enters a stay instead of a dismissal, that order is not appealable."); *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1118 (9th Cir. 2020) ("[I]t is well established that § 16(b) bars appeals of interlocutory orders compelling arbitration and staying judicial proceedings") (quotations omitted); *Comanche Indian Tribe v. 49, L.L.C.*, 391 F.3d 1129, 1132 (10th Cir. 2004) ("[R]ather than dismissing the case, the district court entered a stay pending arbitration. We therefore have no difficulty in holding that the district court's order is not appealable at this time.");

*Harding v. Google LLC*, No. 23-11974, 2023 U.S. App. LEXIS 23483 (11th Cir. Sept. 5, 2023) ("An appeal may not be taken from an interlocutory order that compels arbitration and stays, rather than dismisses, the action.").

Samsung's purported appeal presents the same simple fact pattern considered in each of the above-referenced decisions. The application of the same straightforward rule here is uncontroversial. Samsung has no likelihood of success on the merits of its appeal, because the Seventh Circuit has no jurisdiction to hear it.

### b. Even If Appellate Jurisdiction Existed, Samsung's Appeal Would Be Unlikely To Succeed

Samsung offers three substantive arguments for its position that its appeal is likely to succeed, none of which has any merit.

First, Samsung argues that the Court's finding that Petitioners met their burden to show the existence of an arbitration agreement lacked sufficient evidentiary support. Contrary to Samsung's contention that Petitioners submitted no evidence of their device ownership, Petitioners provided specific information as to each individual Petitioner's identity, undisputed evidence that AAA had accepted administration of Petitioners' claims, and statements by Samsung itself showing that the arbitration agreement at issue need not be signed and that every Samsung device holder must accept Samsung's terms. *See* Dkt. Nos. 1, 1-2 – 1-6, 36; Order at 22. Samsung did not make any specific challenge as to any particular Petitioner. Simply "denying facts" is not enough to defeat a petition to compel arbitration. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002). Similarly, Samsung now protests that it has no list of its own customers, because "individuals typically purchase Samsung devices from mobile carriers or retail stores, not from Samsung," and "individuals with Samsung devices [are not] required to create Samsung accounts to use those devices." Motion at 8-9. However, in opposing Petitioners' Motion to Compel Arbitration,

9

Samsung cited, as an example of "preliminary deficiencies with the claimant information," "Claimants who Samsung has no record of ever being a customer or owning any of the devices at issue." Dkt. No. 27 at 14.

Thus, Samsung previously asserted to AAA and this court that, if it had no records regarding any given Claimant, this lack of records was a meaningful indicator that such a Claimant did not own a Samsung device. Now, after the Court has relied on these assertions, it appears that Samsung instead claims that such a lack of records would not be unusual, and indeed *might be entirely expected* for the "typical" Samsung device owner who purchased their phone from a third party. Motion at 8-9. Regardless of what is true of Samsung's records, this discrepancy weighs strongly against any likelihood of success on the merits of Samsung's appeal, because "[a] party cannot complain of [purported] errors which it committed, invited, induced the court to make, or to which it consented;" "[w]hen error is invited, not even plain error permits reversal." *Wharton v. Furrer*, 620 Fed. Appx. 546, 548 (7th Cir. 2015).

Second, Samsung claims that it will succeed on its appeal because this Court supposedly overstepped its bounds in deciding the issue of its fee obligations, an issue "expressly delegate[d] . . . to the AAA." Motion at 9. Samsung seems unbothered by the obvious irony of making such an argument as the party seeking to *stay,* rather than *enforce,* an order compelling arbitration. Indeed, Samsung has resisted arbitrating at every turn – if it wanted delegated issues decided by merits arbitrators, it could have paid its contracted-for fees at any time. Regardless, Samsung's position is factually and legally incorrect. As discussed in detail above, AAA *actually did* make an administrative decision as to Samsung's fee obligations – and concluded, like this Court, that Samsung owed administrative fees for Claimants' arbitrations. Further, as this Court correctly found, the question of whether Samsung must pay its fees is inherently substantive,

because it goes to the question of "whether the parties can exercise their right to arbitrate at all." Order at 34. Samsung's own conduct has prevented the result Samsung asserts should have occurred, and it is unlikely to convince the Seventh Circuit that this is a basis for reversal.

Third, Samsung asserts that this Court's finding that issues regarding whether the Petition in this action violated the operative arbitration agreement's collective action waiver were delegated was inconsistent with its other holdings, because the Court should have ended its analysis there and allowed an arbitrator to decide this "threshold" question. Samsung does not explain how an arbitrator would ever be appointed to decide this issue were it to continue refusing to pay any arbitration fees. Moreover, in its Motion to Dismiss the Petition, Samsung did not ask for the relief it now says the Court should have granted (i.e., to have the issue decided by an arbitrator). Instead, it expressly invited this Court to consider the merits of the collective action waiver and dismiss the Petition due to alleged violation thereof. (Dkt. No. 26 at 16-17.) Regardless, once again, if Samsung *actually* wanted any issue decided by an arbitrator, it had ample opportunity. It should not now be allowed to simultaneously argue that these issues are exclusively for an arbitrator to decide and that this Court should stay its order compelling it to arbitrate them.

### III. Samsung Cannot Show Any Risk of Irreparable Injury

The entire basis of Samsung's claim for irreparable injury is the fact that AAA's administrative and neutral fees are "*nonrefundable*." Motion at 2, 3, 14, 15 (emphasis in original in each instance). This is incorrect as a matter of black-letter law. "[T]he expense of litigation is not 'irreparable injury.'" *Sherwood*, 587 F.3d at 844. Indeed, the Seventh Circuit has *expressly* held that this common-sense rule applies to arbitration fees, and that asserting the contrary position may warrant sanctions:

> Where's the irreparable injury? If [Respondent] loses in the arbitration, the [Petitioner] will seek to enforce its victory;

11

> [Respondent] can defend on the theory that it had not agreed to arbitrate this kind of dispute. Delay would not cause irreparable injury, so there is no justification for an injunction. All [Respondent] could lose from the delay ***is the cost of presenting the arguments to the arbitrator, and it has long been established that the expense of adjudication is not irreparable injury. . . . So fundamental is this principle that we have held it sanctionably frivolous to seek an anti-arbitration injunction.***

*AT&T Broadband, LLC v. IBEW*, 317 F. 3d 758, 762 (7th Cir. 2003) (collecting cases); *see also, e.g., Proimos v. Fair Automotive Repair, Inc.*, 808 F.2d 1273, 1277 (7th Cir. 1987) ("The principle that monetary loss is not 'irreparable injury' is in play here.")

None of the authority relied upon by Samsung requires a different result. In *Illinois League of Advocates for the Developmentally Disabled v. Illinois Department of Human Servs.*, 803 F.3d 872 (7th Cir. 2015), the Seventh Circuit affirmed the *denial* of a preliminary injunction that, if granted, would have required the Illinois Department of Human Services to continue to operate a large developmental center for the benefit of a handful of residents – "like trying to maintain a 100-room hotel only one room of which is occupied." *Id.* at 876-77. The costs there that "could not be recouped" were the costs of continuing to operate the facility under those circumstances, which were not at issue in the underlying litigation that sought permanent injunctive relief on behalf of the developmentally disabled residence of the facility. *Id.*

*Palmer v. City of Chicago*, 806 F. 2d 1316 (7th Cir. 1986), dealt not with "irreparable harm" as that requirement is analyzed as part of a motion for a stay, but as it is analyzed in evaluating an interlocutory appeal under the collateral order doctrine. *Id.* at 1318-19. Moreover, it dealt with an appeal of an interim fee award payable to "a 'revolving fund' of prisoners and defendants, and a class member who received attorney's fees in 1983 might very well no longer be a party in 1986, might be insolvent, might have disappeared – all three things might be true. *Id.* at 1320. Thus, *Palmer* is irrelevant to this motion as its holding deals only with the collateral order doctrine.

12

Regardless, even within that domain, the Seventh Circuit has constrained the application of *Palmer* to situations where "the prospects for recoupment . . . [a]re very slight, or even nil." *In re Devlieg, Inc.*, 56 F.3d 32, 34 (7th Cir. 1995). Where concerns that fees cannot be recouped are "entirely conjectural," there is no irreparable harm. *Id.*

Regardless, even under the incorrect standard Samsung advocates, Samsung's argument fails. That Samsung may not be able to obtain a refund directly from AAA does not mean its arbitration fees are totally unrecoverable. As the Court recognized in its Order, the AAA rules explicitly allow for the awarding of filing fees in Samsung's favor if Samsung can prove to the arbitrator that Petitioners' claims are as frivolous as it asserts. *See* AAA Consumer Arbitration Rules, R-44(c). Samsung thus has not, and cannot, show irreparable injury absent a stay.

## IV. The Remaining Equitable Factors Weigh Against a Stay

As set forth above, because Samsung cannot show a likelihood of success or irreparable injury, this Court need not consider a balancing of the harms or the public interest. *Camelot Banquet* Rooms 14 F. 4th at 628. To the extent it does so, however, such a balance must overwhelmingly favor Samsung to move the needle – "[t]his assessment is made on a sliding scale: The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor; the less likely he is to win, the more need it weigh in his favor." *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018) (quotations omitted). Here, because Samsung is extremely unlikely to prevail on the merits of its appeal, Samsung's burden is extremely high.

Samsung cannot meet this burden because the balance of harms favors Petitioners. If a stay is granted, Petitioners will be faced with substantial further delay before they can even *begin* arbitrations of the merits of their claims while Samsung pursues its frivolous appeal. By contrast, the only "harm" Samsung will suffer is fulfilling its own obligations in a contract it wrote and

13

imposed upon its customers. "[T]he cost of presenting the arguments to the arbitrator . . . is not irreparable injury," *AT&T Broadband,* 808 F.2d at 1277, but "justice delayed is justice denied." *Hinkle by Hinkle v. Henderson*, 135 F.3d 521, 523 (7th Cir. 1998) (disapproving "unnecessarily protracted court proceedings").

The public interest similarly favors Petitioners, and Samsung's contrary assertion is baffling. In arguing for a *stay* of this Court's order compelling it to arbitrate according to the terms of its own agreement, it notes that "the public interest . . . favors 'ensuring that commercial arbitration agreements are enforced according to their terms." Motion at 15 (quotations and alterations omitted). Although Petitioners agree that public policy favors enforcement of arbitration agreements, Petitioners are at a loss as to how Samsung believes a stay of an order enforcing such an agreement furthers that interest. Regardless, the general public has an interest in discouraging defendants like Samsung from utilizing superior resources and dilatory tactics to avoid adjudicating the merits of claims they willingly forced into arbitration through contracts of adhesion by failing to pay contracted-for fees the moment it becomes inconvenient or unpleasant to do so. *See, e.g., Abernathy v. Doordash, Inc.*, 438 F. Supp. 3d 1062, 1068 (N.D. Cal. 2020) (noting "hypocrisy" Doordash refusing to pay the fees associated with an arbitration clause it drafted); *Uber Tech., Inc. v. American Arbitration Assn.,* 204 A.D.3d 506, 510 (N.Y. App. Div. 2022) (refusing to relieve Uber from the consequences of the "business decision" to require individualized arbitration of claims, and noting that "AAA's fees are directly attributable to that decision."); *cf.* Cal. Code Civ. P. §§ 1281.97-99 (reflecting California public policy that a company's failure to timely comply with its fee obligations in a consumer arbitration agreement is a material breach of that agreement justifying the imposition of mandatory sanctions). Thus, the public interest weighs heavily against imposition of a stay.

4. CONCLUSION

For the foregoing reasons, Petitioners respectfully request that this Court deny Samsung's motion in its entirety.

Dated: October 13, 2023

Respectfully submitted,

LABATON SUCHAROW LLP

/s/ Jonathan Gardner
Jonathan Gardner
Melissa H. Nafash
Jonathan Waisnor
Shannon K. Tully
Alexander Schlow (*pro hac vice* pending)
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
jgardner@labaton.com
mnafash@labaton.com
jwaisnor@labaton.com
stully@labaton.com
aschlow@labaton.com
*Counsel for Petitioners*

WALLACE MILLER

_____
Mark R. Miller
WALLACE MILLER
150 N. Wacker Drive, Suite 1100
Chicago, IL 60606
Tel: (312) 261-6193
Fax: (312) 275-8174
E.mrm@wallacemiller.com