**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**PAULA WALLRICH, DANIELLE JONES,**  :
**GRANT GRINNELL, JEFFREY BURTON,**  :
**RHONDA MCCALLUM, PROVIDENCIA**  :
**VILLEGAS, and 49,980 other individuals**,  :
                                   :
                 *Petitioners*,  :
                                    :
          - against -  :
                                      :
**SAMSUNG ELECTRONICS AMERICA,**  :
**INC. and SAMSUNG ELECTRONICS CO.,**  :
**LTD.**,  :
                                      :
                 *Respondents*.  :
                                      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Civil Action No: 1:22-cv-05506

Hon. Harry D. Leinenweber

**RESPONDENTS' REPLY IN FURTHER SUPPORT OF MOTION
TO STAY THE COURT'S SEPTEMBER 12, 2023, ORDER AND
REQUEST FOR AN ADMINISTRATIVE STAY IF NECESSARY**

Mark Howard Boyle
DONOHUE BROWN MATHEWSON &
   SMYTH LLC
131 South Dearborn Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-0900

Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

James L. Kopecky
KOPECKY SCHUMACHER
   ROSENBURG LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 380-6552

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney (*pro hac vice*)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000

Dated: October 17, 2023

*Attorneys for Respondents
Samsung Electronics America, Inc. and
Samsung Electronics Co., Ltd.*

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF CONTENTS ........................................................................................i

TABLE OF AUTHORITIES ................................................................................ ii

INTRODUCTION ...............................................................................................1

ARGUMENT........................................................................................................2

I.     EVEN IF THIS COURT WERE TO OPINE ON APPELLATE
JURISDICTION—AN ISSUE THE SEVENTH CIRCUIT IS ALREADY
ADDRESSING—IT IS CLEAR THAT THE SEVENTH CIRCUIT MAY HEAR
SAMSUNG'S APPEAL. .............................................................................2

     A.     A Decision Compelling Arbitration Is Final And Appealable Under 9
U.S.C. § 16(a)(3) In A Case Where—As Here—Arbitration Is The Only
Relief Sought. ..................................................................................2

     B.     There Is No Demand For Relief Remaining For This Court To Resolve...............6

II.     SAMSUNG HAS DEMONSTRATED THAT IT HAS A SUBSTANTIAL CASE
ON THE MERITS OF ITS APPEAL. .................................................................7

     A.     There Was No Evidence Supporting The Court's Finding That Each
Petitioner Was A Samsung Device Owner Who Had An Arbitration
Agreement With Samsung. .........................................................................7

     B.     Samsung's Appeal Presents A Substantial Question As To Whether This
Court Or The AAA Must Address Payment Of Arbitral Fees Under AAA
Rules..........................................................................................................9

     C.     The Court Could Not Simultaneously Rule That It Did Not Have
Authority To Resolve Whether The Petition Was Defective And Yet
Proceed To Rule On The Underlying Merits. .......................................... 11

III.     IF—ABSENT A STAY—SAMSUNG IS MADE TO PAY MILLIONS OF
DOLLARS IN NONREFUNDABLE ARBITRAL FEES THAT IT IS
ULTIMATELY NOT REQUIRED TO PAY, SAMSUNG WILL HAVE BEEN
IRREPARABLY HARMED................................................................... 11

IV.     A STAY WOULD NOT SUBSTANTIALLY HARM PETITIONERS, AND THE
PUBLIC INTEREST SUPPORTS A STAY. ................................................. 14

CONCLUSION.................................................................................................15

i

## **TABLE OF AUTHORITIES**

**CASES**                                                                                            **Page(s)**

*In re A & F Enterprises, Inc. II,*
    742 F.3d 763 (7th Cir. 2014) .......................................................................................15

*Abernathy v. DoorDash, Inc.,*
    438 F. Supp. 3d 1062 (N.D. Cal. 2020) ......................................................................15

*American International Specialty Lines Insurance Co.,*
    347 F.3d 665 (7th Cir. 2003) ................................................................................. 3, 4, 7

*AT&T Broadband, LLC v. IBEW,*
    317 F.3d 758 (7th Cir. 2003) .......................................................................................12

*Ball v. Tesla Motors, Inc.,*
    No. 22-1782, 2022 WL 16627493 (7th Cir. Oct. 17, 2022) ...........................................5

*Braintree Laboratories, Inc. v. Citigroup Global Markets Inc.,*
    622 F.3d 36 (1st Cir. 2010) ...........................................................................................5

*Brown v. Pacific Life Insurance Co.,*
    462 F.3d 384 (5th Cir. 2006) .............................................................................. 3, 4, 5, 7

*Coinbase, Inc v. Bielski,*
    143 S. Ct. 1915 (2023) .......................................................................................... 13, 14

*Comanche Indian Tribe of Oklahoma v. 49, L.L.C.,*
    391 F.3d 1129 (10th Cir. 2004) .....................................................................................6

*Dealer Computer Services, Inc. v. Old Colony Motors, Inc.,*
    588 F.3d 884 (5th Cir. 2009) .........................................................................................9

*In re Devlieg, Inc.,*
    56 F.3d 32 (7th Cir. 1995) ...........................................................................................12

*Doe v. Tonti Management Company, L.L.C.,*
    24 F.4th 1005 (5th Cir. 2022) ........................................................................................6

*Doctor Robert L. Meinders, D.C., Ltd. v. United Healthcare Services, Inc.,*
    7 F.4th 555 (7th Cir. 2021) ............................................................................................5

*In re Edgewater Walk Apartments,*
    No. 92 B 22023, 1993 WL 226427 (N.D. Ill. June 24, 1993).....................................10

*Gibson v. Giles Chemical Corp.,*
    857 F. App'x 152 (4th Cir. 2021) ..................................................................................6

*Green Tree Financial Corp.-Alabama v. Randolph*,
    531 U.S. 79 (2000) ................................................................................. 3, 4, 5

*Harding v. Google LLC*,
    No. 23-11974, 2023 WL 5691004 (11th Cir. Sept. 5, 2023) ............................. 6

*Hinkle v. Henderson*,
    135 F.3d 521 (7th Cir. 1998) ......................................................................... 15

*Hoeg v. Samsung Electronics America., Inc.*,
    No. 1:23-cv-01951 (N.D. Ill., filed Mar. 28, 2023) ....................................... 14

*In re Huertas*,
    779 F. App'x 77 (3d Cir. 2019) ....................................................................... 6

*Illinois League of Advocates for the Developmentally Disabled v. Illinois Department of
    Human Services*,
    803 F.3d 872 (7th Cir. 2015) ......................................................................... 13

*International Alliance of Theatrical Stage Employee & Moving Picture Technicians,
    Artists, & Allied Crafts of the United States v. InSync Show Productions, Inc.*,
    801 F.3d 1033 (9th Cir. 2015) (cited herein as "*IATSE*") ........................ 3, 4, 5

*INTL FCStone Fin., Inc. v. Jacobson*,
    No. 19 C 1438, 2019 WL 2356989 (N.D. Ill. June 4, 2019) ............................ 6

*Langere v. Verizon Wireless Services, LLC*,
    983 F.3d 1115 (9th Cir. 2020) ........................................................................ 6

*Lewis v. City of Chicago*,
    No. 98-cv-5596, 2007 WL 1686975 (N.D. Ill. June 7, 2007) .......................... 7

*Lumbermens Mutual Casualty Co. v. Broadspire Management Services, Inc.*,
    623 F.3d 476 (7th Cir. 2010) ........................................................................... 9

*Moglia v. Pacific Employers Insurance Co. of North America*,
    547 F.3d 835 (7th Cir. 2008) ........................................................................... 5

*Mulay Plastics, Inc. v Grand Trunk W. R. R. Co.*,
    742 F.2d 369 (7th Cir 1984) .......................................................................... 13

*Nken v. Holder*,
    556 U.S. 418 (2009) ...................................................................................... 14

*Palmer v. City of Chicago*,
    806 F.2d 1316 (7th Cir. 1986) ................................................................. 12, 13

*Perera v. Siegel Trading Co.*,
    951 F.2d 780 (7th Cir. 1992)................................................................2

*Preferred Care of Delaware, Inc. v. Estate of Hopkins*,
    845 F.3d 765 (6th Cir. 2017)................................................................6

*Proimos v. Fair Automotive Repair, Inc.*,
    808 F.2d 1273 (7th Cir. 1987)..............................................................12

*S+L+H S.p.A v. Miller-Street Nazianz, Inc.*,
    988 F.2d 1518 (7th Cir. 1993)............................................................2, 7

*Samake v. Thunder Lube, Inc.*,
    24 F.4th 804 (2d Cir. 2022)..................................................................5

*Shah v. Citibank*,
    No. 23-1499, Doc. 20 (7th Cir. 2023)....................................................5

*Sherwood v. Marquette Transp. Co*,
    587 F.3d 841 (7th Cir. 2009)..........................................................11, 12

*Tinder v. Pinkerton Sec.*,
    305 F.3d 728 (7th Cir. 2002)................................................................9

*United Steel, Paper & Forestry, Rubber, Manufacturing, Energy, Allied Industrial &*
    *Service Workers International Union AFL-CIO-CLC v. Wise Alloys, LLC*,
    807 F.3d 1258 (11th Cir. 2015)......................................................3, 5, 7

*Wallrich v. Samsung*,
    Case No. 23-2842 (7th Cir.)..........................................................2, 5, 14

*Webb v. Farmers of North America, Inc.*,
    925 F.3d 966 (8th Cir. 2019)................................................................6

*Wharton v. Furrer*,
    620 F. App'x 546 (7th Cir. 2015)..........................................................8

**STATUTES**

Federal Arbitration Act, 9 U.S.C. § 1 *et seq*....................................................*passim*

Fed. R. App. P. 4 ........................................................................................2

# INTRODUCTION[1]

Samsung's Motion (Doc. No. 61, "Motion" or "Mot.") showed why the Court should stay its September 12 Order pending appeal. Petitioners' Opposition (Doc. No. 63, "Opposition" or "Opp.") does not refute those points:

***First***, although this Court need not take up on this Motion the question of whether the Seventh Circuit has jurisdiction over Samsung's appeal—the Seventh Circuit has already expressed its intention to address that question—Supreme Court and Seventh Circuit precedent, as well as decisions from the Fifth, Ninth, and Eleventh Circuits, make clear that the Seventh Circuit has appellate jurisdiction. The Order is "a final decision with respect to an arbitration" that is appealable under Section 16(a)(3) of the FAA, 9 U.S.C. § 16(a)(3). The fact that the Court stayed rather than dismissed the action does not change that analysis: where the only relief requested is an order compelling arbitration, an order granting that relief is appealable under Section 16(a)(3).

***Second***, Samsung has a substantial case on appeal. The Court's determination that each Petitioner is a Samsung device owner who entered into an arbitration agreement with Samsung was not based on any record evidence, even though Petitioners bore the burden on that issue. Further, the Court's determination that whether Samsung has to pay arbitration fees is a substantive issue of arbitrability is at odds with numerous other decisions, including a Fifth Circuit decision quoted favorably by the Seventh Circuit. This Court's Order itself acknowledged that the underlying question was "difficult." (Order at 33.) The Court's conclusion also contravenes the fundamental principle that arbitration agreements must be enforced according to their terms, because the agreement here unmistakably left fee issues to the arbitral body, not the courts.

***Third***, Samsung will be irreparably harmed by being forced to pay tens of millions of

---

[1]    Unless otherwise stated, defined terms have the meanings set forth in Samsung's Motion.

dollars in nonrefundable and unrecoverable arbitration fees under judicially imposed terms the parties never bargained for and on issues the arbitration agreement committed to the arbitral body.

**Fourth**, Petitioners fail to show that they will be substantially harmed by a stay, and the public interest favors ensuring that arbitration agreements are enforced according to their terms.

## ARGUMENT

**I.     EVEN IF THIS COURT WERE TO OPINE ON APPELLATE JURISDICTION— AN ISSUE THE SEVENTH CIRCUIT IS ALREADY ADDRESSING—IT IS CLEAR THAT THE SEVENTH CIRCUIT MAY HEAR SAMSUNG'S APPEAL.**

Even if this Court were inclined to address a question of appellate jurisdiction that the Seventh Circuit has already taken up, that factor would favor granting a stay. The Seventh Circuit clearly has jurisdiction over Samsung's appeal.[2]

**A.     A Decision Compelling Arbitration Is Final And Appealable Under 9 U.S.C. § 16(a)(3) In A Case Where—As Here—Arbitration Is The Only Relief Sought.**

**1.**     The FAA provides that "[a]n appeal may be taken from . . . a final decision with respect to an arbitration that is subject to" the statute. 9 U.S.C. § 16(a)(3). Seventh Circuit precedent makes clear that "decisions granting arbitration are final when they are made in 'cases in which arbitration is the only claim for relief.'" *S+L+H S.p.A v. Miller-St. Nazianz, Inc.*, 988 F.2d 1518, 1522 (7th Cir. 1993) (quoting *Perera v. Siegel Trading Co.*, 951 F.2d 780, 783 (7th Cir. 1992)). Thus, "if arbitration is the sole issue before the [district] court" and "arbitration is granted," the district court "has resolved the only issue before it," rendering its order "final and therefore appealable." *Id.* (citation omitted). As explained below, that is this case.

---

[2]     Petitioners argue that Samsung's Notice of Appeal "did not identify any purported basis for appellate jurisdiction" (Opp. at 4), but that document need not do so. *See generally* Fed. R. App. P. 4 (no such requirement). Samsung's Docketing Statement explained that the Order is a "final decision" appealable under § 16(a)(3). (*See Wallrich v. Samsung*, Case No. 23-2842 (7th Cir.), Doc. No. 8.) The Seventh Circuit issued an Order directing Samsung to file a brief on appellate jurisdiction (*id.*, Doc. No. 5), and Samsung has now done so, explaining that the Seventh Circuit has appellate jurisdiction under § 16(a)(3) (*id.*, Doc. No. 17).

That the Court's accompanying Minute Entry stayed rather than dismissed the action does not change that result. "[A] district court presented with a petition to compel arbitration and no other claims cannot prevent appellate review of an order compelling arbitration by issuing a stay." *IATSE v. InSync Show Prods., Inc.*, 801 F.3d 1033, 1041 (9th Cir. 2015). As the Seventh Circuit put it in *American International Specialty Lines Ins. Co. v. Electric. Data Systems. Corp.*, 347 F. 3d 665, 667-68 (7th Cir. 2003), an order compelling arbitration where arbitration is "the only issue" is final and appealable under § 16(a)(3), even if the district court enters a "stay[] to await the outcome of the arbitration." The Fifth, Ninth, and Eleventh Circuits agree. *See Brown v. Pacific Life Insurance Co.*, 462 F. 3d 384, 390 (5th Cir. 2006); *IATSE*, 801 F.3d at 1040; *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1267 (11th Cir. 2015).

**2.** Petitioners' counterarguments fail. Petitioners first say this Court's Order is "an interlocutory order" unappealable under Section 16(b) (*see* Opp. at 5-6). But this appeal falls under § 16(a)(3), not § 16(b). As Petitioners concede (*see* Opp. at 6), the Supreme Court has held that a decision on a motion to compel arbitration *is* an appealable final order under § 16(a)(3) when it "ends the litigation on the merits and leaves nothing more for the court to do but execute the judgment." *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 86 (2000) (citation omitted). As the Seventh Circuit has explained, although § 16(b) makes orders compelling arbitration non-appealable, that section is subject to an "important qualification" for orders compelling arbitration "in a case brought to obtain that relief and nothing else." *Am. Int'l Specialty Lines*, 347 F. 3d 667-68. Here, the only issue before the Court was Petitioners' request, in their § 4 petition and motion, to compel Samsung to arbitrate and pay the arbitration fees; they raised no underlying claims. The Order resolved that request, "end[ing] the litigation on the merits." *Green Tree*, 531 U.S. at 86.

Petitioners next wrongly suggest that there is a distinction between cases decided before and after the Supreme Court's 2000 decision in *Green Tree*. (*See* Opp. at 8.) But *Green Tree* did *not* call into question longstanding precedent—from the Seventh Circuit and other circuit courts—establishing that an order compelling arbitration is final in a case "in which a request to order arbitration is the sole issue before the court." 531 U.S. at 87. As the Seventh Circuit recognized in *American Int'l Specialty Lines*, *Green Tree* rejected the notion that an order compelling arbitration "is never final and appealable in a case in which other relief is sought." 347 F.3d at 668. In other words, *Green Tree expanded* the scope of "final decisions" appealable under § 16(a)(3) to hold that even orders compelling arbitration "embedded" in other proceedings may be appealable under § 16(a)(3) in certain circumstances. 531 U.S. at 88-89.

As the Ninth Circuit clearly explained, *Green Tree* "does not disturb" the rule that "[w]hen the only matter before a district court is a petition to compel arbitration and the district court grants the petition, appellate jurisdiction may attach regardless of whether the district court issues a stay." *IATSE*, 801 F.3d at 1040; *see id.* at 1040 n.4 (favorably quoting *American Int'l Specialty Lines*, 347 F.3d at 668). The Fifth Circuit has also so held. In *Brown*, after the district court "addressed the sole issue to be decided . . . arbitrability of the [] claims" and stayed the action, plaintiffs appealed. 462 F.3d at 390. The Fifth Circuit rejected defendants' jurisdictional objection:

> Although the district court did not dismiss the case, there was nothing left for the court to do but execute the judgment. . . . [T]he arbitration order is a final decision under *Green Tree* and 9 U.S.C. § 16(a)(3). Accordingly, the order is appealable.

*Id*. at 391, 393. The Eleventh Circuit has also so held:

> Applying the lessons of *Green Tree* here, we conclude that the order compelling arbitration was unquestionably a final order. . . . [T]he Union's complaint sought only to compel arbitration. Once the court granted the relief that the Union sought in the single count of its complaint and compelled arbitration, nothing remained for the court to do but execute that judgment. Nor are we convinced by the parties' contentions that the district court's stay of the case effectively made the final order an interlocutory one.

4

*United Steel*, 807 F.3d at 1267.

Petitioners claim to be "unaware of *any* post-*Green Tree* Circuit Court decision" deviating from the rule that where the "Court entered a stay instead of a dismissal, the order is not appealable." (Opp. at 6, 8 (internal quotations omitted) (emphasis in original).) Yet Petitioners themselves cite *American Int'l*, a "post-*Green Tree* Circuit Court decision" that expressly rejected that putative rule. (*See id.* at 7.) Petitioners also ignore *IATSE*, which (as discussed *supra*) is another post-*Green Tree* decision rejecting that so-called rule. Samsung cited that case in its Seventh Circuit jurisdictional memorandum and Petitioners also cited it in their response. (*See Wallrich v. Samsung*, Case No. 23-2842 (7th Cir.), Doc. No. 17 at 4, Doc No. 18 at 10.) Petitioners also failed to find *Brown* and *United Steel*.

Petitioners do not even attempt to grapple with the distinction between cases brought solely for the purposes of compelling arbitration in a particular forum (as here), and cases where other relief was sought but not yet adjudicated. In the former, including this case, an order compelling arbitration is appealable under § 16(a)(3), as *Green Tree* and circuit court precedent (including from the Seventh Circuit) make clear. Petitioners do not engage with, much less rebut, this precedent. Instead, they cite exclusively cases involving *additional claims or issues* that the district court's order compelling arbitration did not resolve, meaning that it was not appealable. (*See* Opp. at 5-9.) For example, in all but one of the cases, a plaintiff filed suit for relief on the merits of their claims and the defendant moved to compel arbitration of those claims.[3] As explained *supra*, such

---

[3]    *See Dr. Robert L. Meinders, D.C., Ltd. v. United Healthcare Servs., Inc.*, 7 F.4th 555 (7th Cir. 2021) (Fair Labor Standards Act); *Moglia v. Pacific Emps. Ins. Co. of N. Am.*, 547 F.3d 835 (7th Cir. 2008) (bankruptcy relief); *Ball v. Tesla Motors, Inc.*, No. 22-1782, 2022 WL 16627493, at *1 (7th Cir. Oct. 17, 2022) (consumer protection statutes); *Shah v. Citibank*, No. 23-1499, Doc. 20 (7th Cir. Aug. 24, 2023) (Fair Credit Reporting Act); *Braintree Lab'ys, Inc. v. Citigroup Glob. Mkts. Inc.*, 622 F.3d 36 (1st Cir. 2010) (securities law); *Samake v. Thunder Lube, Inc.*, 24

cases are treated differently from cases like this one, where arbitration was the only requested relief, under the precedent of this Circuit (and others).

The other case, *INTL FCStone Financial Inc. v. Jacobson*, 950 F.3d 491 (7th Cir. 2020), also involved other issues that the district court's order compelling arbitration before the National Futures Association did not resolve. The Seventh Circuit held that the district court's order was not a "final decision" under § 16(a)(3) because the "court kept the lawsuit open to address arbitration-related issues," including whether "to grant a permanent injunction" against parallel arbitration before the Financial Industry Regulatory Authority. That unresolved request for injunctive relief as to another forum meant that the order compelling arbitration, as both the district court and Seventh Circuit recognized, was not a final decision. Indeed, the district court noted that it would "pick up the case again" after the appeal. Tr. 3, No. 19-cv-01483, Doc. 121 (N.D. Ill. Feb. 13, 2020); *see also* 950 F.3d at 497-98. Unlike this case, *FCStone* involved unresolved issues before the district court.

In short, *none* of the cases cited by Petitioners calls into question the rule that a district court's order compelling arbitration in response to a petition that demands only that relief is a final decision appealable under Section 16(a)(3), even if the district court stays the action.

## B.    There Is No Demand For Relief Remaining For This Court To Resolve.

Petitioners claim Samsung told the Court that its Order is not final because the Court will

---

F.4th 804 (2d Cir. 2022) (FLSA); *In re Huertas*, 779 F. App'x 77, 77-79 (3d Cir. 2019) (per curiam) (consumer protection law); *Gibson v. Giles Chem. Corp.*, 857 F. App'x 152 (4th Cir. 2021) (per curiam) (civil rights act); *Doe v. Tonti Mgmt. Co.*, 24 F.4th 1005 (5th Cir. 2022) (Fair Housing Act); *Preferred Care of Del., Inc. v. Est. of Hopkins*, 845 F.3d 765 (6th Cir. 2017) ("several claims under Kentucky law"); *Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966 (8th Cir. 2019) (breach of employment contract); *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115 (9th Cir. 2020) (consumer protection law); *Comanche Indian Tribe of Okla. v. 49, L.L.C.*, 391 F.3d 1129 (10th Cir. 2004) (declaratory and injunctive relief); *Harding v. Google LLC*, No. 23-11974, 2023 WL 5691004, at *1 (11th Cir. Sept. 5, 2023) (per curiam) (anti-censorship law).

need to superintend future fee disputes or resolve other issues. (Opp. at 7.) Although Samsung warned of the possible consequences of the Court's reasoning, including that Petitioners might call upon the Court to rewrite the terms of the parties' arbitration agreement as to myriad other issues, Samsung underscores that this Court should *not* be superintending the AAA's application of its rules governing payment of fees or anything else. The dispositive point is that "arbitration [was] the sole issue before the [district] court," and the Court's Order "has resolved the only issue before it," making it "final and appealable." *S+L+H S.p.A*, 988 F. 2d at 1522. A stay does not deprive an order compelling arbitration of its finality where the order "resolve[s] the merits of the only claim for relief," and "speculative post-arbitration proceedings" cannot change that. *United Steel*, 907 F.3d at 1270; *accord Brown*, 462 F.3d at 392; *see American Int'l Specialty Lines*, 347 F.3d at 668.

## II. SAMSUNG HAS DEMONSTRATED THAT IT HAS A SUBSTANTIAL CASE ON THE MERITS OF ITS APPEAL.

Petitioners do not dispute that Samsung need only establish "a substantial case on the merits." (Mot. at 6, quoting *Lewis v. City of Chicago*, No. 98-cv-5596, 2007 WL 1686975, at *1-2 (N.D. Ill. June 7, 2007).) Samsung has made that showing here:

### A. There Was No Evidence Supporting The Court's Finding That Each Petitioner Was A Samsung Device Owner Who Had An Arbitration Agreement With Samsung.

Petitioners alleged that they "are purchasers of Samsung's Devices who have taken photographs of themselves using their Samsung Device." (Doc. No. 1 ¶ 28.) But they failed to present any admissible evidence supporting that allegation. The Court's bases for finding that Petitioners had done so were not sound: Samsung did not have "a customer list, against which [it] could compare the list of Petitioners," and the AAA's administrative determination that Petitioners met its initial filing requirements was not evidence that any (let alone each) of them had an arbitration agreement with Samsung. (*See* Mot. at 7-9.) Nor are the materials that Petitioners identify in their Opposition (Opp. at 9) "evidence of their device ownership":

7

(i)    The fact that "Petitioners provided specific information as to each individual Petitioner's identity" (*id.*) is not evidence that any of them owned or used a Samsung device.

(ii)    Petitioners state that the "AAA had accepted administration of Petitioners' claims" (*id.*), but do not explain why that should be salient where the AAA's action did not involve any evaluation of whether any Petitioner had an arbitration agreement with Samsung.

(iii)    Petitioners' contention that "every Samsung device holder must accept Samsung's terms" (*id.*) cannot show that there is a valid arbitration agreement without evidence that each Petitioner is actually a Samsung device owner.[4]

(iv)    Petitioners cannot show that any record evidence supports the Court's finding that "Samsung has a customer list, against which [it] could compare the list of Petitioners." (Order at 22.) The Court appears to have based its finding on an allegation in Petitioners' Opposition to the Motion to Dismiss that "[t]o register a Samsung device, users must provide the company with personally identifiable information such as the user's name and zip code." (Order at 2-3, citing to Doc. No. 36, p. 9.) But Samsung device owners are *not* required to register their devices; in fact, only a fraction do so.[5] And even if Samsung could identify all these Petitioners in its records (it

---

[4]    The Court's reliance on the fact that "elsewhere, Samsung acknowledged that each Samsung device holder accepted Samsung's terms and conditions containing the arbitration clause when using their Samsung device" (Order at 22) was misplaced. That reliance *assumed* the truthfulness of each Petitioner's allegations that they owned a Samsung device (*see* Doc. No. 1 ¶ 28). But pursuant to the summary judgment standard applicable here, the Court was not permitted to make such an assumption *without evidence.*

[5]    There is no discrepancy in Samsung's statements. The fact that Samsung checked the names of the Petitioners against its records for those individuals who *had* registered their devices, to see how many Petitioners were located in those records (*see* Opp. at 9-10), is not evidence that Samsung has "a customer list" of all Samsung device owners.

*Wharton v. Furrer*, 620 F. App'x 546 (7th Cir. 2015) (*see* Opp. at 10) is inapposite. There, in a wage lawsuit, the defendants did not contest throughout the trial that the individual defendant was an "employer" under state law and thus should be held jointly liable with the defendant company, and indeed submitted proposed findings based on that premise. *Id.* at 546-47. When the magistrate

cannot), it was not Samsung's burden to "identify each claimant during arbitration" (Order at 15).

Petitioners' attempt to shift their evidentiary burden to Samsung—stating that "Samsung did not make any specific challenge as to any particular Petitioner" (Opp. at 9)—fails. In *Tinder v. Pinkerton Security*, 305 F.3d 728 (7th Cir. 2002), a defendant employer seeking to compel arbitration submitted actual evidence—in the form of "two affidavits"—to show that the plaintiff, its former employee, had an arbitration agreement with the employer. *See id.* at 732. No comparable evidence was provided here.

**B.      Samsung's Appeal Presents A Substantial Question As To Whether This Court Or The AAA Must Address Payment Of Arbitral Fees Under AAA Rules.**

Samsung argued that it is likely to succeed on the merits because the arbitration agreement expressly delegates the issue of arbitral fees to the AAA, and under binding precedent no court may rewrite that contract. (*See* Mot. at 9-10.) Petitioners' only (incorrect) response, addressed below, is that the AAA decided that issue in Petitioners' favor. *Infra* pp. 10-11.

In addition, whether the AAA's handling of the parties' payment of arbitration fees under its own Rules is a procedural question for the AAA, not a substantive question of arbitrability for the court, is another substantial question on which Samsung is likely to prevail. (Mot. at 8, 9-10.) Petitioners devote a single line to this issue. (Opp. at 10.) They do not engage with Samsung's analysis or the legal authorities cited in its Motion, including the Fifth Circuit's finding in *Dealer Computer Servs., Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009) that "payment of fees is [a] question of procedural condition precedent to arbitration that is for [an] arbitrator, not a court, to decide"—which the Seventh Circuit cited approvingly in *Lumbermens Mut. Cas. Co. v.*

---

judge held the defendants jointly liable, the individual defendant appealed, arguing that he was not an employer and therefore could not be personally liable. The Seventh Circuit affirmed, reasoning that the individual "cannot complain of a finding that he proposed." *Id.* at 547, 549. That unusual set of facts bears no resemblance to the situation presented on this Motion.

*Broadspire Mgmt. Servs., Inc.*, 623 F.3d 476, 482 (7th Cir. 2010). (Mot. at 2, 10-11.) Petitioners thus fail to refute Samsung's "sufficient preliminary showing that its arguments [were] legitimate and . . . could prevail." *In re Edgewater Walk Apartments*, No. 92 B 22023, 1993 WL 226427, at *3 (N.D. Ill. June 24, 1993) (Leinenweber, J.) (cited in Mot. at 7).

Instead, Petitioners argue that the "AAA *actually did* make an administrative decision as to Samsung's fee obligation" and allegedly "concluded, like this Court, that Samsung owed administrative fees for Claimants' arbitrations." (Opp. at 10 (emphasis in original).) That misstates the record: the AAA stated that if either side failed to pay the filing fees, then under the AAA rules it would decline to administer the arbitration and "'either party may choose to submit its dispute to the appropriate court for resolution.'" (Doc. No. 27-16 at 2.) The AAA then *rejected* Petitioners' request to stay the arbitrations pending the outcome of their petition and motion to compel arbitration. (*See* Doc. No. 27-17 at 2 (November 17, 2022 letter from Petitioners' Counsel to the AAA, informing the AAA that Petitioners had "filed a Motion to Compel Arbitration in Illinois' Federal Court to compel Samsung to arbitrate consistent with its contract, which includes paying its fees for all the cases," and requesting that the AAA "stay these matters until Claimants' Motion to Compel has been decided"); Doc. No. 27-19 at 2 (November 30, 2022 letter from the AAA, notifying the parties that it had closed the arbitrations—except for the 14 arbitrations brought by California claimants, which it held in abeyance—and further stating that it was refunding to Petitioners' Counsel the filing fees they had paid).)

If, as Petitioners assert, the AAA "concluded" that "Samsung owed administrative fees for Claimants' arbitrations" (Opp. at 10) and Samsung could not decline to pay the fees, presumably the AAA would have stayed the arbitrations or otherwise compelled payment. But the AAA instead closed the arbitrations, and stated that pursuant to its rules either party could proceed on the merits

in court. The AAA thus made "an administrative decision as to Samsung's fee obligation" (*id.*), just not the one that Petitioners wanted. Whether a district court can override the AAA's determination—which the parties bargained for—is a substantial question for the Seventh Circuit.

**C.     The Court Could Not Simultaneously Rule That It Did Not Have Authority To Resolve Whether The Petition Was Defective And Yet Proceed To Rule On The Underlying Merits.**

Samsung contended that this Court should hold that a single Petition purportedly brought on behalf of 49,986 Petitioners violated the collective action waiver set forth in the arbitration agreement on which Petitioners sought to rely. (Doc. No. 26 at 24-25; Doc. No. 38 at 32.) The Court held that the issue of whether the Petition in this Court was proper was an issue for an arbitrator to decide. Samsung's Motion pointed out that applying this conclusion rigorously required the Court to end its inquiry there rather than proceed to rule on the underlying Petition. (Mot. at 13.) Petitioners do not engage directly with this argument, but instead misstate Samsung's point, claiming that it contended "that these issues are exclusively for an arbitrator." (Opp. at 11.)

**III.    IF—ABSENT A STAY—SAMSUNG IS MADE TO PAY MILLIONS OF DOLLARS IN NONREFUNDABLE ARBITRAL FEES THAT IT IS ULTIMATELY NOT REQUIRED TO PAY, SAMSUNG WILL HAVE BEEN IRREPARABLY HARMED.**

Absent a stay, Samsung may be compelled to pay over $100 million in nonrefundable and unrecoverable fees under this Court's decision on an issue committed by the arbitration agreement to the AAA. That is irreparable harm. (Mot. at 13-14.) Petitioners respond that "'[t]he expense of litigation is not 'irreparable injury.'" (Opp. at 11, quoting *Sherwood v. Marquette Transp. Co.*, 587 F.3d 841, 844 (7th Cir. 2009).) But Petitioners cannot identify any decision holding that having to pay potentially $100 million in nonrefundable and potentially unrecoverable fees falls short of irreparable harm. This Court must resolve that novel question.

Petitioners also misrepresent the narrow circumstances in which Samsung could hypothetically recover fees. Samsung's ability to obtain ***full*** recovery turns on issues the Seventh

Circuit will not address: (i) each arbitrator in each of the 35,610 individual arbitrations must find that the arbitration was "filed for purposes of harassment" or was "patently frivolous," **and** (ii) each arbitrator must exercise their discretion to reallocate the fees, **and** (iii) Samsung must be able to collect those funds from each Petitioner. (Mot. at 14.) It is highly unlikely that Samsung could recover the arbitral fees paid from all 35,610 Petitioners given these stringent requirements.[6]

Petitioners' authorities (*see* Opp. at 11-12) do not involve harm of the kind presented here:

(i)       Both *AT&T Broadband, LLC v. IBEW*, 317 F.3d 758, 762 (7th Cir. 2003) and *Sherwood*, *supra*, involved an expense that the movant would incur in a single arbitration.

(ii)       *In re Devlieg, Inc.*, 56 F.3d 32, 34 (7th Cir. 1995), involved a creditor's contention that a law firm hired by a debtor was "small" and therefore "might not be able to repay all the fees it had been paid." In finding those circumstances "far less extreme" than those in *Palmer v. City of Chicago*, 806 F.2d 1316 (7th Cir. 1986)—where "the prospects for recoupment . . . were very slight, or even nil"—the court reasonably held that "the foundation of the creditor's concern for the law firm's future solvency [wa]s entirely conjectural." *Id.*

(iii)       Likewise, Petitioners' cherry-picked quotation from *Proimos v. Fair Automotive Repair, Inc.*, 808 F.2d 1273 (7th Cir. 1987) that "'[t]he principle that monetary loss is not 'irreparable injury' is in play here'" (Opp. at 12, quoting *Proimos*, 808 F.2d at 1277) omits the key next sentence: "Fair does not argue to us . . . *that the plaintiffs will not be good for any damages awarded at the end of the case*. Fair therefore has not demonstrated that the district court abused

---

[6]       It seems highly improbable that Petitioners' Counsel informed prospective claimants that they could be personally liable for arbitral fees if their claims are deemed frivolous. Petitioners' Counsel represented that "you will never owe **us** any money" and "[y]ou will never pay **us** out-of-pocket," without addressing this issue. (*See* Doc. No. 27 at 8 (emphasis added).) There is thus reason to doubt that Petitioners are so eager to take on that risk that they would be harmed if a stay were granted.

its discretion." *Proimos*, 808 F.2d at 1277 (emphasis added). Here, the AAA fees are nonrefundable and, as explained, it is highly unlikely that Samsung will be able to recoup them from Petitioners.

Petitioners' attempts to distinguish Samsung's authorities (*see* Opp. at 12-13) miss the mark. Petitioners do not, and cannot, explain why the Seventh Circuit's conclusion in *Illinois League of Advocates for the Developmentally Disabled v. Illinois Dep't of Human Servs.*, 803 F.3d 872, 877 (7th Cir. 2015), that "costs [that] could not be recouped . . . would impose irreparable harm" does not translate to the instant case. The court's straightforward reasoning applies here, particularly given that granting stay would not "impose costs on anyone," while denying one would impose potential unrecoverable costs on a party. *Id.* A mere delay in commencing arbitration proceedings likewise cannot compare to the over $100 million in unrecoverable costs Samsung faces. The court expressed the same concerns in *Palmer*, which apply equally here: Samsung "might not . . . be[] able to get the money back." 806 F.2d at 1319.[7]

The discussion in *Coinbase, Inc v. Bielski*, 143 S. Ct. 1915, 1919 (2023) about using litigation costs to coerce "blackmail settlements" provides further support for granting a stay pending appeal here. (Mot. at 1, 7, 15.) Petitioners' Counsel, who are using the threat of over $100 million in arbitration fees to coerce a settlement, offer no response. (*See, e.g.*, Doc. No. 27-11 at 2 ("Following a mediation, Labaton Sucharow immediately threatened, including by telephone, to file 50,000 demands for arbitration with the AAA *absent an offer from Samsung to pay Labaton Sucharow at least $50 million*. Samsung refused to acquiesce.") (emphasis added).

Petitioners incorrectly assert that "Samsung suggests that its appeal here mirrors that at

---

[7]     The fact that *Palmer* addressed irreparable harm in the context of the collateral order doctrine (*see* Opp. at 12) has no bearing on the applicability of its reasoning here. *See, e.g.*, *Mulay Plastics, Inc. v. Grand Trunk W. R.R. Co.*, 742 F.2d 369, 370 (7th Cir 1984) ("[The collateral order] doctrine allows the immediate appeal of some orders which, while not injunctions . . . , have the same effect as injunctions: they inflict irreparable harm.").

issue" in *Coinbase*, and note the Supreme Court's statement in *Coinbase* that "'Congress provided for immediate interlocutory appeals of orders *denying*—but not of orders *granting*—motions to compel arbitration.'" (Opp. at 2, quoting *Coinbase*, 143 S. Ct. at 1921 (emphasis in original).) But Samsung has not claimed that its appeal "mirrors" *Coinbase*. Rather, it has argued that *the reasoning* of the Supreme Court in *Coinbase* demonstrates why a stay is warranted here, particularly when the Court's comments regarding "blackmail settlements" are considered. (Mot. at 1.) Furthermore, Samsung has correctly stated that its appeal, like the appeal in *Coinbase*, falls under Section 16(a) of the FAA. As explained *supra*, the present Order is "a final decision with respect to an arbitration" that is subject to appeal under that subsection.

## IV. A STAY WOULD NOT SUBSTANTIALLY HARM PETITIONERS, AND THE PUBLIC INTEREST SUPPORTS A STAY.

The two remaining stay factors are "whether a stay will *substantially* harm other parties" and "whether a stay would serve the public interest." (Mot. at 6, quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009) (emphasis added).) Indeed, considering that Petitioners' Counsel seek to compel arbitration on behalf of, *inter alia*, deceased Petitioners, Petitioners with fictitious personal information, and Petitioners for whom other law firms are attempting to pursue the same claims in arbitration against Samsung (*see* Doc. No. 27 at 14),[8] it is unclear how those Petitioners will be

---

[8]     Petitioners' Counsel continue to disregard the representations that they have made to this Court about resolving dually represented clients. More than six months ago, Samsung pointed out that at least 241 of the 1,028 petitioners (*i.e.*, 23%) in *Hoeg v. Samsung Electronics America, Inc.*, No. 1:23-cv-01951 (N.D. Ill., filed Mar. 28, 2023), were also petitioners in this action, where they sought identical relief. (Doc. No. 40.) In response, petitioners' counsel in both this action and the *Hoeg* action assured the Court that they were establishing a "protocol" to ensure that "no single Petitioner will be represented by different law firms in separate arbitration or litigation." (Doc. No. 41 at 2; Doc. No. 42 at 2). Four months later, counsel in *Hoeg* submitted a "list setting forth [24] names of the Petitioners . . . who will continue to be represented by counsel of record in the instant matter. I understand that Labaton Sucharow will no longer represent those individuals in *Wallrich*." (*Hoeg*, Doc. No. 43 at 2; *see also* Doc. No. 48-3.) These representations notwithstanding, on September 26, 2023, Petitioners' Counsel in this action filed demands for arbitration with the AAA on behalf of 13 of those 24 petitioners. (*See* Ex. 1.)

substantially harmed if the arbitrations ostensibly being brought in their names are delayed while Samsung's appeal is resolved. Furthermore, as Samsung has demonstrated a substantial case on the merits and irreparable harm absent a stay, then under the "sliding scale" applied by courts, "the less heavily the balance of harms must weigh in its favor." (Mot. at 7, quoting *In re A & F Enters., Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) (citation omitted).) Petitioners cite *Hinkle v. Henderson*, 135 F.3d 521, 523 (7th Cir. 1998) for its disapproval of "unnecessarily protracted court proceedings," but that case involved nearly a decade's worth of delays in service of process. Samsung only requests a routine stay pending resolution of its appeal by the Seventh Circuit.

The public interest also favors a stay because arbitration agreements should be enforced according to their terms and courts should minimize the costs of being mistaken. (Mot. at 15.) Petitioners' authorities (*see* Opp. at 15) only confirm that Samsung has substantial questions on appeal, including that the Court was required to determine based on sufficient evidence whether *each* Petitioner had an arbitration agreement with Samsung. *See, e.g.*, *Abernathy v. DoorDash, Inc.*, 438 F. Supp. 3d 1062, 1065-66 (N.D. Cal. 2020) (declining to compel arbitration for petitioners who offered "mere witness statements" failing to provide, among other things, "the identifying information he or she used to register with DoorDash").

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in Samsung's Motion, the Court should stay its Order pending Samsung's appeal of that Order, and issue an administrative stay if necessary for this Court or the Seventh Circuit to resolve the stay request.

Dated: October 17, 2023

Respectfully submitted,

/s/ Randall W. Edwards

Mark Howard Boyle
DONOHUE BROWN MATHEWSON &
   SMYTH LLC
131 South Dearborn Street, Suite 1600
Chicago, Illinois 60603
Telephone: (312) 422-0900

Randall W. Edwards
Matthew D. Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, California 94111-3823
Telephone: (415) 984-8700

James L. Kopecky
KOPECKY SCHUMACHER
   ROSENBURG LLC
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60601
Telephone: (312) 380-6552

Michael W. McTigue Jr.
Meredith C. Slawe
Kurt Wm. Hemr
Colm P. McInerney (*pro hac vice*)
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, New York 10001-8602
Telephone: (212) 735-3000

*Attorneys for Respondents*
*Samsung Electronics America, Inc. and*
*Samsung Electronics Co., Ltd.*

16